# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION, Plaintiff, | * * * * * |
| vs. | * * |
| MOBILE CRANE SERVICE, INC.*, JESUS FRANCISCO AVALOS, RS INFORMATION SYSTEMS, INC. and DAVE BRUGGEMAN, Individually and d/b/a CASCADE SUMMIT ELECTRIC Defendants/Third Party Plaintiff*, | * * * * * * * * |
| vs. | * * |
| RS INFORMATION SYSTEMS, INC. and CASCADE SUMMIT ELECTRIC, Third Party Defendant, | * * * * |
| vs. | * * |
| UNITED STATES OF AMERICA and THE DEPARTMENT OF COMMERCE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, Interested Parties. | * * * * * * |

CIVIL ACTION NO. _____

B-04-091

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through Michael T. Shelby, United States Attorney

for the Southern District of Texas, for and on behalf of itself and the United States Department

of Commerce, National Oceanic and Atmospheric Administration (NOAA), one of the named

interested parties and cross-defendants in third party plaintiff's (Mobile Crane Service, Inc.)

Original Third Party Petition herein, represents:

1. The United States of America and NOAA have been named cross-defendants/interested parties[1] in a civil action now pending in the 103rd District Court of Cameron County, Brownsville, State of Texas. The cause is styled: *ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION, VS. MOBILE CRANE SERVICE, INC., VS. RS INFORMATION SYSTEMS, INC., JESUS FRANCISCO AVALOS, and DAVE BRUGGEMAN D/B/A/CASCADE SUMMIT ELECTRIC, VS. UNITED STATES OF AMERICA and THE DEPARTMENT OF COMMERCE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION*, Cause No. 2003-10-5085-D. No trial has yet been had therein. Copies of pleadings on file in the State Court are attached hereto as Exhibit "A".

2. The third party plaintiff asserts that "[t]he United States is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it." See Original Third Party Petition at Para. "E".

3. Service of the Third Party Petition was completed upon the United States Attorney for the Southern District of Texas and on the Attorney General of the United States. Service upon NOAA was attempted to be made upon or through the Attorney General of the United States rather than upon the Secretary of the Department of Commerce. Consequently, there may exist a service of process issue.

4. This third party petition arises from a complaint filed by Zurich American Insurance Company (Zurich) as Subrogee of Lowe-North Construction. In that complaint, Zurich alleges that Lowe Construction, a general contractor performing work under a contract for NOAA,

---

[1]The caption of the Third Party Petition shows the federal parties to be "interested parties"–at paragraph "E" third party plaintiff states "[t]he United States is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it."

contracted with defendant and third party plaintiff Mobile Crane Service, Inc. (Mobile), to "unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system... in Brownsville, Texas. On or about March 27, 2002, Mobile negligently dropped the Transition Power Maintenance Shelter System building containing the UPS system. The shelter landed on a conduit damaging the shelter and UPS system, causing substantial damage." See Plaintiff's Original Petition, p.2. As a result, Zurich paid over to NOAA a sum of money to cover the costs of the damaged property.

5. This notice of removal is brought pursuant to the provisions of Title 28, United States Code, Sections 1441 and 1442(a)(1).

6. Pursuant to Local Rule 81, copies of the Citation and Petition as well as the docket sheet, pleadings, and orders filed with the State court are attached herewith as Government's Exhibit "A" along with an index of the matters filed and a list of all attorneys of record.

WHEREFORE, PREMISES CONSIDERED, Cross-Defendant prays that this matter be removed from the 103rd Judicial District Court of Cameron County, Texas, in accordance with 28 U.S.C. 1441 and 1442(a)(1).

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, Texas 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## VERIFICATION OF PLEADINGS

I, Nancy L. Masso, Assistant United States Attorney, under penalty of perjury pursuant to *28 U.S.C. §1746*, verily believe that the foregoing facts stated in the Notice of Removal to be true based on information and belief.

NANCY L. MASSO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing copy of the Notice of Removal was mailed via certified mail-return receipt requested on this the 3rd day of June, 2004 to the following:

Melissa Nance Murrah
KELLY, SMITH & MURRAH
Attorney at Law
4305 Yoakum Blvd.
Houston, Texas 77006
(Counsel for Zurich American Company)

John Skaggs
Lynse S. Larance
SKAGGS and GONZALES, L.L.P.
Attorneys at Law
710 Laurel
McAllen, Texas 78502-2285
(Counsel for Defendant/Third Party Plaintiff Mobile Crane Service, Inc.)

Jody Ray Mask
THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504
(Counsel for RS Information Systems)

Will W. Pierson
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(Counsel for Dave Bruggeman, Individually and d/b/a Cascade Summit Electric)

NANCY L. MASSO
Assistant United States Attorney

## GOVERNMENT'S EXHIBIT "A"

<u>COUNSEL OF RECORD:</u>

Melissa Nance Murrah, State Bar No. 00788104
Don K. McGilbra, State Bar No. 13626400
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006
(Counsel for Plaintiff, Zurich American Insurance Co.)

Lynse S. Larance, State Bar No. 24032533
John Skaggs, State Bar No. 18452500
SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(Counsel for Defendant/Third Party Plaintiff,
Mobile Crane Service)

Will W. Pierson, State Bar No. 16003100
ROYSTON, BAYZOR, VICKERY &
WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 North Caranchahua
Corpus Christi, Texas 78576
(Counsel for Defendant, Dave Bruggeman, Individually,
and d/b/a Cascade Summit Electric)

Jody Ray Mask, State Bar No. 24010214
THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504
(Counsel for Defendant/Third-Party Defendant RS
Information Systems, Inc.)

Nancy L. Masso
Assistant United States Attorney
State Bar No. 00800490
Federal I.D. No. 10263
600 E. Harrison St., Suite 201
Brownsville, Texas 78520
(Counsel for the Government)

**GOVERNMENT'S EXHIBIT "A" TABLE OF CONTENTS**

<u>Tab</u>          <u>Document/Pleading</u>

1            Civil Docket

2            Plaintiff's Original Petition

3            Defendant Mobile Crane Service, Inc.'s Original Answer

4            Certificate of Written Discovery

5            Motion to Produce the Equipment for Inspection (Exhibits A & B)

6            Plaintiff's Motion to Overrule Objections and Compel Defendant to Respond to
             Plaintiff's Requests for Disclosure and First Interrogatories

7            Defendant Mobile Crane Service, Inc.'s Responses to Plaintiffs' Request for
             Disclosures

8            Defendant Mobile Crane Service, Inc.'s Responses to Plaintiffs' First Set of
             Interrogatories

9            Plaintiff's First Amended Petition

10           State of Texas Citation for Personal Service:
             (Jesus Francisco Avalos)

11           Plaintiff's Response to Defendant's Motion to Produce Equipment for Inspection

12           Original Third Party Petition

13           Motion to Quash Notice of Deposition for Bill Hunter

14           Plaintiff's Notice of Intention to Take the Oral Deposition of Bill Hunter

15           Order Setting Hearing Date on Motion for Leave to File Third Party Petition

16           FIAT

17           Motion for Leave to File Third Party Petition

18          Original Third Party Petition

19          State of Texas Citation for Personal Service:
            (Ruben G. Garcia)

20          Plaintiff's First Amended Petition

21          Motion to Quash Notice of Deposition for Sergio Zamora (Exhibits A & B)

22          Plaintiff's Second Amended Petition

23          State of Texas Citation for Personal Service:
            (RS Information Systems, Inc.)

24          State of Texas Citation for Personal Service:
            (Dave Bruggemann)

25          Defendant Mobile Crane Service, Inc.'s Supplemental Responses to Plaintiffs' Request
            for Disclosures

26          Defendant Mobile Crane Service, Inc.'s Second Supplemental Responses to Plaintiffs'
            Request for Disclosures

27          Defendant Mobile Crane Service, Inc.'s Supplemental Responses to Plaintiffs' First Set
            of Interrogatories

28          Defendant's Response to Plaintiff's Motion to Compel

29          Plaintiff's Supplemental Response to Defendant's Motion to Produce Equipment for
            Inspection (Exhibits A-F)

30          Defendant RS Information Systems, Inc.'s Original Answer

31          Certificate of Written Discovery

32          Defendant, Dave Bruggeman, (Incorrectly Named as Dave Bruggemann), Individually,
            and d/b/a/ Cascade Summit Electric's, Special Appearance

33          Defendant, Dave Bruggeman, (Incorrectly Named as Dave Bruggemann) Individually,
            and d/b/a/ Cascade Summit Electric's, Original Answer to Plaintiff's Second Amended
            Petition, Subject to Defendant's Special Appearance

34               Signed Order – Lone Star Attorney Service to execute all processes and writs in case

35               State of Texas Citation for Personal Service:
                        (Cascade Summit Electric)

36               State of Texas Citation for Personal Service:
                        (RS Information Systems, Inc.)

37               State of Texas Citation for Personal Service:
                        (United States Attorney Michael T. Shelby, DOJ)

38               Defendant/Third-Party Defendant RS Information Systems, Inc.'s Original Answer to
                        Defendant/Third-Party Plaintiff Mobile Crane Service, Inc.'s Original Third-Party
                        Petition

39               State of Texas Citation for Personal Service:
                        (Attorney General John Ashcroft, DOJ)

40               State of Texas Citation for Personal Service:
                        (United States of America and Department of Commerce, NOAA)

RUN DATE 05/25/04
RUN TIME 2:22 PM

PAGE: 01

* * *   C L E R K ' S   E N T R I E S   * * *

2003-10-005085-D

```
                                                    10      15      03
                                                                    30.00
ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
                                                            THORNTON,
              VS                                      SUMMERS, ET AL (MCA

MOBILE CRANE SERVICE, INC.                  (10)        DAMAGES

00683001
MELISSA NANCE MURRAH
4305 YOAKUM BLVD.
HOUSTON, TEXAS          77006 0000

00485601
JOHN SKAGGS
710 LAUREL
MCALLEN, TEXAS          78502 2285
```

10/15/03  ORIGINAL PETITION FILED
10/16/03  CITATION: MOBILE CRANE SERVICE, INC.
          SERVED:
10/16/03
11/19/03  ORIGINAL ANSWER: MOBILE CRANE SERVICE, INC.
11/24/03  CERTIFICATE OF WRITTEN DISCOVERY /CRAWFORD
02/10/04  NOTICE OF CHANGE OF ATTORNEY IN CHARGE /CW
03/03/04  MTN TO PRODUCE THE EQUIPMENT FOR INSPECTION /CW
03/05/04  PLTF'S MTN TO OVERRULE OBJECTIONS & COMPEL DEFT TO REPOND TO
03/05/04  PLTF'S REQUESTS FOR DISCLORE & FIRST INTERR. /CW
03/10/04  PLTF'S RESPONSE TO DEFT'S MTN TO PRODUCE EQUIPMENT FOR INSPECTION /CW
03/10/04
03/11/04  PLTF'S FIRST AMENDED PETITION /CW
03/11/04  CITATION (CM): JESUS FRANCISCO AVALOS
          SERVED: UNSERVED      FILED: 03/30/04
03/12/04  (DEFT, MOBILE CRANE SERVICE, INC.)
03/22/04  MOTION TO QUASH NOTICE OF
          DEPOSITION FOR BILL HUNTER/GMedrano
03/22/04  MOTION FOR LEAVE TO FILE THIRD PARTY
          PETITION/GMedrano
03/22/04  MTN TO QUASH NOTICE OF DEPO FOR SERGIO
          ZAMORA /CW
03/22/04  PLTF'S NOTICE OF INTENTION TO TAKE THE

03/03/04  DEFTS' MTN TO PRODUCE THE EQUIPMENT FOR INSPECTION SET FOR
03/03/04  03/11/04 AT 9:00 AM...MMURRAYJR/CW
03/16/04  PLTF'S RESPONSE TO DEFT'S MOTION TO PRODUCE EQUIPMENT FOR INS-
03/16/04  PECTION SET FOR HEARING ON APRIL 1, 2004 AT 9 A.M. MMJR/GM
03/23/04  (DEFT, MOBILE CRANE SERVICE, INC.) MOTION FOR LEAVE TO FILE,
03/23/04  THIRD PARTY PETITION GRANTED AS PER ORDER SIGNED. KNISE/GM
03/23/04  PLTF'S FIRST AMENDED EMERGENCY MTN TO OVERRULE & COMPEL DEFT TO
03/23/04  RESPOND TO PLTF'S REQUEST FOR DISCLOSURES & FIRST SET OF
03/23/04  INTERR. & MTN TO COMPEL DEPO RE-SET FOR IMMEDIATE HEARING
03/23/04  ON 03/26/04 AT 9:00 AM...MMURRAYJR/CW
04/20/04  ORDER TO SERVE CITATIONS,WRITS & OTHER PROCESS SIGNED FOR
04/20/04  ENTRY...MMURRAYJR/CW
04/29/04  ANY EMPLOYEE OR AGENT OF LONE STAR ATTORNEY SERVICE OVER THE
04/29/04  AGE OF EIGHTEEN TO EXECUTE ALL PROCESSES & WRITS AS PER
04/29/04  ORDER SIGNED FOR ENTRY...MMURRAYJR/CW

```
RUN DATE 05/25/04                                                        PAGE: 02
RUN TIME 2:22 PM                                          2003-10-005085-D


        *  *  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *  *

                                                         10      15      03

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF    (10)                30.00

                    VS                              DAMAGES

        MOBILE CRANE SERVICE, INC.


    00683001                      77006 0000
    MELISSA NANCE MURRAH
    4305 YOAKUM BLVD.                              THORNTON,
    HOUSTON, TEXAS                             SUMMERS, ET AL (MCA


    00485601                      78502 2285
    JOHN SKAGGS
    710 LAUREL
    MCALLEN, TEXAS
```

```
                        ORAL DEPO OF SERGIO
                        ZARMORA /CW
            03/22/04
            03/23/04    THIRD PARTY PETITION: MOBILE CRANE
                        SERVICE, INC.
            03/24/04    CITATION: RS INFORMATION SYSTEMS, INC.
            03/24/04      SERVED: 04/28/04    FILED: 05/06/04
            03/24/04    CITATION SEC. OF STATE: CASCADE SUMMIT
                        ELECTRIC
            03/24/04      SERVED: 04/28/04    FILED: 05/06/04
            03/24/04    CITATION: UNITED STATES OF AMERICA
            03/24/04      SERVED: 05/03/04    FILED: 05/19/04
            03/24/04    CITATION: UNITED STATES ATTORNEY
                        MICHAEL T. SHELBY
            03/24/04      SERVED: 05/04/04    FILED: 05/14/04
            03/24/04    CITATION: ATTORNEY GENERAL JOHN
                        ASHCROFT.
            03/24/04      SERVED: 05/03/04    FILED: 05/19/04
            03/24/04    CERTIFICATE OF WRITTEN DISCOVERY /CW
            03/26/04    PLTF'S SECOND AMENDED PETITION /CW
            03/29/04    CITATION SEC. OF STATE (CM): DAVE
                        BRUGGEMANN
            03/29/04      SERVED: 03/31/04    FILED: 04/05/04
            03/29/04    CITATION (CM): RS INFORMATION SYSTEMS,
                        INC.
            03/29/04      SERVED: 03/31/04    FILED: 04/06/0
            04/01/04    DEFT'S RESPONSE TO PLTF'S MTN TO
                        COMPEL /CW
            04/12/04    RULE 11 AGREEMENT /CW
            04/15/04    AFFIDAVIT /CW
```

CAUSE NO. _2003-10-5085-D_

FILED 05:100 O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK
OCT 15 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Reynaldo Lopez_ DEPUTY

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | CAMERON COUNTY, TEXAS |
| MOBILE CRANE SERVICE, INC. | §<br>§ | _103rd_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of LOWE-NORTH CONSTRUCTION ("Plaintiff"), and files this, their Original Petition complaining of MOBILE CRANE SERVICE, INC. ("Defendant"), and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY PLAN – LEVEL THREE

Plaintiffs plead that discovery be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### 2. PARTIES

Plaintiffs are insurance corporations duly authorized to conduct business in the State of Texas. Plaintiffs file this lawsuit as subrogee of and in the name of LOWE-NORTH CONSTRUCTION ("Lowe"). However, the undersigned counsel for Plaintiffs do not represent Lowe, and is not authorized to accept service, pleadings, or discovery on their behalf.

Defendant MOBILE CRANE SERVICE, INC. ("Mobile") is a corporation established by the laws of the State of Texas, and which may be served with citation and process on its registered agent for service of process: James R. Shawn, 930 East Highway 83, Pharr, Texas

SCANNED
OCT 2 0 2003

78577.

### 3. JURISDICTION

The Court has jurisdiction over the Defendant because this Defendant has established minimum contacts with the State of Texas and is amenable to service by a Texas Court. The Court has jurisdiction over the Defendant in the controversy because the damages are within the jurisdictional limits of the Court.

### 4. VENUE

Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), as the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### 5. FACTS

Plaintiff's, Lowe-North Construction, is engaged in the business of general construction contracting. Plaintiffs would show that they contracted with Mobile Crane Service, Inc. to unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system for the National Oceanic and Atmospheric Association (NOAA), Brownsville, Texas. On or about March 27, 2002, Mobile negligently dropped the Transition Power Maintenance Shelter System building containing the UPS system while trying to lower the shelter into final installation position. The shelter landed on a conduit damaging the shelter and UPS system, causing substantial property damage.

### 6. NEGLIGENCE

Plaintiff would show that the incident, with the resulting property damage, was proximately caused by Defendant's negligent, careless and reckless disregard of duty, which consisted of, but is not limited to the following acts and omissions:

SCANNED

OCT 2 0 2003

a. Defendant failed to exercise ordinary and reasonable care in the unloading Transition Power Maintenance Shelter System in question;

b. Defendant failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position.

c. Defendant failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

Each of the above and foregoing acts of negligence on the part of Defendant was a proximate cause of the damages suffered by Plaintiff. Nothing Lowe did or failed to do, in any way, caused or contributed to the occurrence in question.

## 8. DAMAGES

Plaintiff would show that as a result of the accident proximately caused by the Defendant, Plaintiff has paid to replace the Transition Power Maintenance Shelter System and Uninterruptible Power Supply system. Plaintiff is subrogated to the rights of Lowe, and may enforce in the name of Lowe any claim for recovery against any responsible parties.

## 9. CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this cause.

## 10. FOR THE COURT ONLY

Plaintiff, Zurich, would show that it was the builders risk insurance carrier for Lowe, providing coverage for property loss, which forms the basis of this lawsuit. As a result of the incident, Plaintiff has paid insurance benefits to and/or on behalf of Lowe. Plaintiff is herein subrogated to the rights which Lowe may have against any third-party as the result of the third-party's legal liability. As such, pursuant to the provision of the policy of insurance and/or Plaintiff's equitable subrogation rights, Plaintiff is the real party at interest and has become subrogated to the claim of Lowe against the Defendant in this case, and is entitled to recover from Defendant the full amount of actual damages caused by Defendant and paid by Plaintiff.

**SCANNED**

OCT 2 0 2003

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be required to appear and answer herein and that upon final trial, Plaintiffs recover judgment against Defendant, in a sum in excess of the minimal jurisdictional limits of the Court, together with pre-judgment interest thereon at the maximum legal rate and post-judgment interest at the maximum legal rate, plus costs of court and attorney's fees, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs shall show themselves justly entitled.

Respectfully submitted,

*KELLY, SMITH & MURRAH, P.C.*

Melissa Nance Murrah
State Bar No. 00788104
Don K. McGilbra
State Bar No. 13626400
4305 Yoakum Blvd.
Houston, Texas   77006
Phone: (713) 861-9900
Fax:   (713) 861-7100
**Attorneys for Plaintiff**

**SCANNED**

OCT 2 0 2003

NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT |
| COMPANY, AS SUBROGEE OF | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT MOBILE CRANE SERVICE, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mobile Crane Service, Inc., Defendant in the above captioned and numbered cause, and makes and files this its Answer to the pleadings on file and would respectfully show the Court as follows:

### I.

Defendant denies each and every, all and singular the material allegations contained in the pleadings on file in this action and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant, Mobile Crane Service, Inc., prays that Plaintiffs take nothing by reason of this suit, for cost of Court, and for such other and further relief, both general and special, at law and in equity as it may be entitled to receive.

Respectfully Submitted,

SKAGGS & GONZALES, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax (956) 630-6570

J. Skaggs by permission _____

JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR DEFENDANT

FILED
AURORA DE LA GARZA
DISTRICT CLERK

2003 NOV 19 A 10: 07

CAMERON COUNTY, TEXAS
Rosie Sheldon Sotelo
Rosie Sheldon Sotelo
DEPUTY

SCANNED
DEC 0 1 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been either delivered or mailed to the following attorneys of record, or parties on this the _17th_ day of _November_, 2003:

Melissa Nance Murrah
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas  77006

John Skaggs
24032533

SCANNED
DEC 0 1 2003

2003-10-5085-D

CAUSE NO. ~~2003-5085-D~~

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, AS SUBROGEE OF | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |

## <u>CERTIFICATE OF WRITTEN DISCOVERY</u>

In accordance with Tex. R. Civ. P. 191.4, Plaintiff, Zurich American Insurance Company,

as Subrogee of Lowe-North Construction files this Certificate of Written Discovery, whereby it

is certified that the following written discovery has been duly served upon all known opposing

counsel on the 20th day of November, 2003, pursuant to Tex. R. Civ. P. 21 and 21a.

1.    <u>Identification of Discovery and Related Material</u>:

    a.    Plaintiff's Request for Disclosure to Defendant, Mobile Crane Service, Inc.; and

    b.    Plaintiff's First Set of Interrogatories to Defendant, Mobile Crane Service, Inc.

2.    <u>Counsel or Party to Whom Sent</u>:

The foregoing discovery was served on all counsel of record as set forth below:

*<u>Via fax: (956) 630-6570</u>*
John Skaggs
Skaggs & Gonzalez, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

NOV 2 4 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

SCANNED
DEC 0 1 2003

Respectfully submitted,

KELLY, SMITH & MURRAH, P.C.

_____
Melissa Nance Murrah
State Bar No. 00788104
Don K. McGilbra
State Bar No. 13626400
4305 Yoakum Blvd.
Houston, Texas 77006
713/861-9900
713/861-7100 – Facsimile

**ATTORNEY FOR PLAINTIFF,
ZURICH AMERICAN INSURANCE
COMPANY, AS SUBROGEE OF LOWE-
NORTH CONSTRUCTION**

SCANNED

DEC 0 1 2003

- 10 -

CAUSE NO. 2003-5085-D

FILED
AURORA DE LA GARZA DIST. CLERK
MAR 0 3 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Reynaldo          DEPUTY

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

## MOTION TO PRODUCE THE EQUIPMENT FOR INSPECTION

Comes now, Defendant, Mobile Crane Services, Inc., and files its MOTION TO

PRODUCE THE EQUIPMENT FOR INSPECTION and would respectfully show unto the court

as follows:

### I.

In the pending litigation, Plaintiff claims that a Fiberbond Shelther and the Powerware

UPS equipment inside ("the equipment") was damaged by Defendant when it attempted to move

the equipment in March of 2002.   In order to address this claim, Defendant needs to examine

the equipment to determine the extent of the damage.  Defendant, through its agent, went to

inspect the equipment in question in Minden, Louisiana on or about August 15, 2003.  At that

time, Defendant had the equipment inspected by Thomas C. Clark, P.E.[1]  Plaintiff claims that the

equipment is a total loss; however, Defendant was not allowed to test the electrical systems

involved with the equipment to determine whether or not they still functioned.[2]  Plaintiff's

lawyer would not allow electrical testing to take place.[3]

---

[1] *See* the report of Thomas Clark, P.E. which is attached as Exhibit A and incorporated by
reference as if wholly set forth at length.

[2] *See* page 3 of the report.

[3] *Id.*

SCANNED
MAR 0 3 2004

SCANNED
MAR

SCANNED
MAR 0 3 2004

## II.

Because Defendant was denied an opportunity to adequately examine the equipment, Defendant moves that the equipment be brought down to Cameron County, Texas, so that electrical testing may take place. Alternatively, Defendant moves that this court order Plaintiff to pay for all expenses of Defendant to return to Minden, Louisiana to inspect the equipment.

## III.

Defendant, through its attorney Lynse Larance, received notice from Plaintiff's attorney, Melissa Nance Murrah, that the Plaintiff plans to destroy the equipment.[4] Defendant moves that this Court immediately instruct Plaintiff's counsel not to destroy the only material evidence in this case. Such destruction of evidence would put the Defendant at a severe disadvantage, even if Defendant was given an opportunity to inspect the unit prior to its destruction.

## IV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant prays that its motion is in all things granted, that Plaintiff be required to produce the equipment for inspection in Cameron County and that Plaintiff's counsel be instructed not to destroy evidence. Defendant seeks all specific and general relief as allowed by law.

---

[4] *See* the March 1, 2004 letter of Ms. Murrah, which is attached as Exhibit B and incorporated by reference.

SCANNED

MAR 0 3 2004

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(956)687-8203 Telephone
(956)630-6570 Facsimile

Lynse S. Larance
State Bar No. 24032533
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been duly

served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile

transmittal and/or hand delivery on this 3rd day of March , 2004.

Melissa Nance Murrah
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006
VIA: CM RRR

Lynse S. Larance

**SCANNED**
MAR 0 3 2004

THOMAS C. CLARK, P.E.
8704 BALTUSROL DRIVE
FLOWER MOUND, TX 75022
817-567-0067
FAX 817-567-0068

8-15-03

American Equity Insurance Company
2401 W. Peoria
Suite 120
Phoenix, AZ 85029

Attn: Mr. Tom McIlheran

Ref:  Insured: Mobile Crane Service
           Claim # 56386
           Fiberbond Bldg./Powerware Equipment

Subject:  Condition of Building and Equipment


Dear Mr. McIlheran:

On 8-15-03, per your request, I went to Fiberbond Corporation, Minden, LA. to examine the condition of the Fiberbond shelter and the Powerware UPS equipment inside.  The unit has been stored in Fiberbond's construction yard since being returned there approximately June of 2002, after having been rejected by Lowe-North Construction and others.

The Fiberbond shelter is a pre-fab building measuring 12' X 24', weighing approximately 55,000 lbs. and constructed of concrete, insulation board, plywood and fiberglass.  The Powerware equipment is a 50-kva UPS system complete with a battery pack and batteries, an uninterruptible power switching system, and a bypass maintenance module.  The Powerware equipment was shipped direct to Fiberbond for installation in the shelter prior to final shipment.  The shelter also contains a main power panel of 120/208, 3phase, 4 wire, 100 amp; a hydrogen detector; a unit heater-air conditioner, thermostats; an alarm terminal cabinet for remote monitoring; a copper ground bus module; a Vidmar work bench; and a Vidmar metal storage cabinet with shelves.

**SCANNED**

**MAR 0 3 2004**


EXHIBIT
A

Page 2

I.    Condition of Shelter:
    (Refer to pictures labeled:  I-A, I-B, I-C, I-D, I-E, I-F)

The shelter is damaged only in the flooring area and in the very middle of the floor.  (See picture I-C)  Apparently the shelter was suddenly set down approximately 3' onto a 3" rigid conduit that was sticking up out of the concrete slab.  The construction method of the floor absorbed much of the shock from being lowered improperly.  The flooring is constructed of concrete beams that are placed 12-18" apart for structural support.  The floor topping consists of a layer of lightweight concrete 1 ½ - 2" thick, plywood, fiberglass, and floor tile.

The conduit poked upward into the flooring between the concrete beams therefore easily punching through the thin flooring at that point.  The ease at which the damage was done caused very little shock to the shelter construction and the equipment within.  No shifting of the shelter components were noted at the seams of the unit.  (See picture I-B)  The mounting of the outside air-conditioned unit shows no signs of shock or shifting.  (See picture I-D)  The door of the unit works properly and would normally be the first sign of a problem with structural degradation.

II.  Condition of Equipment within Unit:

Beginning with the main electrical panel and all of the conduits running around the shelter; none show signs of shifting position due to shock.  The conduits were installed by Fiberbond and are mounted simply with one-hole straps.  None of them have moved and are still electrically intact.  (See pictures II-A, II-B)

The equipment was never hooked up, powered up, or tested at the site.  The battery packs have never been hooked together electrically and their connectors remain strapped in their shipping position.  (See picture II-E)  They show no signs of wear or usage.  We found one battery out of 20 total that showed signs of oxidation near the terminal.  (See picture II-F)  That could easily be due to the fact that the unit has sat with no conditioned air for a year.

We looked very hard for signs that the electronic components in the UPS unit and the bypass module unit had taken a severe blow.  First, none of the bolted wiring connections were loose or had shifted.  (See pictures II-G, II-H, II-I)  The larger bolted connections could be returned to factory specs without much effort.  The circuit breakers had not tripped, which generally happens when they sustain a mechanical blow.  (See pictures II-J, II-K)  When operated and tripped with the test button, they performed properly.

SCANNED

MAR 0 3 2004

Page 3

We examined the main circuit boards in each of the units to determine if either had apparent physical damage. (See pictures II-L, II-M) They had none. Admittedly, a circuit board can get a crack in the printed circuit portion of the board and go undetected until completely tested. However these boards could be completely replaced for $1,500 - $2,000 each if necessary. There are several large capacitors in the inverter portion of the electronics that show no apparent physical damage but would need to be tested prior to energization simply because they have sat unused in hot and humid conditions for so long. However, we see no leaking of the electrolyte coming from these units indicating a problem. (See pictures II-O, II-P)

The only damage we found was on the UPS unit control panel. Someone has broken the handle on an "on-off" selector switch and that would need replacing prior to operation. None of the interior components, in general, show any signs of coming loose or being disconnected due to the setting of the equipment. (See pictures II-Q, II-R)

## Repair/Usability of Shelter and Equipment:

Mr. Mike Perdoza, the project manager for Fiber bond, showed us the unit. Mike stated that other units have come back in from the field in similar condition and are patched back up and re-shipped. This unit is still in excellent condition and has been kept in good care and custody by Fiberbond. Fiberbond had connected power to the unit per my request for checking misc. Circuitry, lamps, etc. However, the representative from Zurich Insurance, Mr. Cody Cowan, the present "owner" of the equipment had arrived before we did and instructed Fiberbond to remove power so that no electrical testing could be done.

Repair of the unit to original condition could be accomplished with the following items being repaired/replaced:

1. Remove floor mounted equipment and replace floor – reset equipment    $10-$12,000.
2. Clean and recharge batteries    $-0-
3. Replace main printed circuit boards (2) – if necessary    $4,000.
4. Test power supply capacitors & replace if necessary    $2,400.
5. Replace selector switch    $200.
6. Check and commission unit by Powerware Tech    $500.

If I can offer further explanation or assessment, please call or fax.

Sincerely,

Thomas C. Clark, P.E.
Texas Registration #43525

**SCANNED**

MAR 0 3 2004

# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

March 1, 2004

*VIA TELECOPIER NO. 956-630-6570*
Ms. Lynse Larance
Skaggs & Gonzales L.L.P.
710 Laurel
P.O. drawer 2285
McAllen, TX 78502-2285

    Re:    Cause No. 2003-10-5085-D; *Zurich American Insurance Company as Subrogee of Lowe-North Construction v. Mobile Crane Services, Inc.*; In the 103rd Judicial District Court of Cameron County, Texas

Dear Ms. Larance:

    As you may know, we are holding equipment relative to this lawsuit. If you would like to inspect the equipment prior to disposal, please contact my office. The equipment will be disposed of in thirty (30) days unless we hear otherwise from you.

    Thank you for time and attention to this matter.

        Very truly yours,

        Melissa Nance Murrah

MNM:mw

Zuru-Lowe-Larance.ltr.030104



EXHIBIT
B

SCANNED
MAR 0 3 2004

AURORA DE LA GARZA DIST. CLERK

MAR 0 5 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S REQUESTS FOR DISCLOSURE AND FIRST INTERROGATORIES

TO:  Defendant, Mobile Crane Service, Inc., by and through its attorney of record, John Skaggs, Skaggs & Gonzalez, L.L.P., 710 Laurel, P.O. Drawer 2285, McAllen, Texas 78502-2285.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION,** (hereinafter "Zurich") and files its Motion to Overrule and Compel Defendant's Responses to Plaintiff's Interrogatories and Requests for Disclosure to Defendant, and asks the Court to order Defendant, **MOBILE CRANE SERVICE, INC.,** to respond to Plaintiff's Interrogatories, Nos. 2 through 15, and to fully answer Plaintiff's Requests for Disclosure, and in support thereof would show unto the Court as follows:

### Introduction

1.      Plaintiff has brought suit against Defendant to recover monetary damages paid to and/or on behalf of the LOWE-NORTH CONSTRUCTION as a result of an accident which caused damage to a piece of meteorological equipment on or about March 27, 2002. Plaintiff Insurance Company insured the contractor for the construction and worksite, and has become subrogated to its rights against Defendant Mobile Crane Service, Inc.

SCANNED
MAR 1 2 2004

2.      On November 21, 2003, Zurich served its First Set of Interrogatories and Requests for Disclosure on Defendant in accordance with Tex. R. Civ. P. 193, 21 and 21a. Defendant filed its Objections and Responses to these Interrogatories on December 18, 2003. A copy of Defendant's Objections and Responses to Plaintiff's Interrogatories are attached hereto as Exhibit "A."

Defendant did not adequately respond to the Interrogatories as required by Tex. R. Civ. P. 192.3(a). **Defendant did not adequately answer Plaintiff's Requests for Disclosure even as to the proper names and identities of the parties, to which no Objections can be allowed under the Rules.** Therefore, the Court should overrule Defendant's objections and compel Defendant Mobile Crane Service, Inc. to comply with Rule 192.3(a), and to answer Plaintiff's Interrogatories and Requests for Disclosure, copies of which are attached to this Motion.

## IMMEDIATE NATURE OF THIS MOTION

**The Court's attention is necessary to this matter immediately because the statute of limitations runs on Plaintiff's action on March 27, 2004, and the parties have to date been unable to reach agreement on Defendant's answers to discovery, and even as to Defendant's Responses to Requests for Disclosure of the proper names and identification of the proper parties to this action, despite several telephone conferences and attempts to resolve this discovery matter between Counsel short of this Motion and Hearing. Plaintiff is thus in the position of having only a few days left before the running of the statute of limitations, while Defendant fails for months to respond even to proper Requests for Disclosure identifying the proper parties to this action.**

SCANNED

MAR 1 2 2004

### Argument and Authorities

3.      The purpose of discovery is to "seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3(a). Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

4.      Zurich served its First Set of Interrogatories and Requests for Disclosure on Defendant on November 21, 2003. **The Requests for Disclosure have not been answered fully to date,** and Plaintiff's Interrogatories were reasonably calculated to lead to the discovery of admissible evidence. Plaintiff would show that its discovery sought asks for information with particularity and seeks information that is relevant to the subject matter of this suit and is likely to lead to admissible evidence. The goal of modern discovery has been to develop a system in which the parties, without objections and hearings, obtain the fullest knowledge of the issues and facts prior to trial. *West v. Solito*, 563 S.W.2d 240 (Tex. 1978). The rules of discovery have been expanded and changed to prevent trials by ambush and to ensure that fairness prevails. All of Plaintiff's requested discovery is consistent with this goal.

5.      Defendant clearly stated in all its responses that it would supplement as necessary. It has been approximately two and one-half months since that time and no supplementation has occurred. **The Statute of Limitations applicable to this action is about to expire.** Plaintiff has communicated several times with the Defendant regarding supplying adequate responses to the discovery requests but no attempts to supplement Defendant's Responses to any of Plaintiff's Interrogatories and Requests for Disclosure have been made. The Requests for Disclosure were

SCANNED

MAR 1 2 2004

made in standard form according Rule 194 of the Texas Rules of Civil Procedure. Plaintiff's

specific Interrogatories are set out below:

a)    **Interrogatory No. 2** requests the name, address; employer, job title and position of each individual who participated in the transportation and installation of the Transition Power Maintenance Shelter System which contained an Uninterruptible Power supply system (the "Property") on March 27, 2002, and provide a brief description of the services performed by each individual.

**Interrrogatory No. 3**. requests to identify all entities or individuals responsible safe transportation and installation of the "Property" in a safe condition on March 27, 2002.

**Interrogatory No. 4** requests Defendant provide the following information for the worker or workers' who operated the crane which was lifting and moving the "Property" which was dropped forming the basis of this lawsuit:

a.    The name, address and phone number for each individual who operated the crane;

b.    The name, address and phone number for each supervisor overseeing this move;

c.    The name, address and phone number for each individual that ordered the work to be performed;

d.    The name, address and phone number for each entity that employed the people identified in sections a, b, and c; and

e.    The time and date on which this work was performed.

**Interrogatory No. 5** requests Defendant to identify the correct legal name of the owner of the "Property" in question on March 27, 2002 and the correct legal name of the current property owner.

**Interrogatory No. 6** requests Defendant to describe each step taken by Mobile Crane Service, Inc. to ensure that proper safety precautions were taken to ensure that the "Property" in question was adequately secured and that the lifting crane was in a safe and operable condition.

**Interrogatory No. 7** requests Defendant to identify (by name, current address, telephone, and social security number) all employees of Mobile Crane Service, Inc.'s that would have been on the work site where the Property was dropped on March 27, 2002. Include in Mobile Crane Service, Inc.'s response whether said employees are still employed with Mobile crane Service, Inc. at this time.

**SCANNED**

**MAR 1 2 2004**

**Interrogatory No. 8** requests how did Mobile Crane Service, Inc. first receive notice of the "Property" owner's claim for damages? Please identify how Mobile Crane Service, Inc. received notice, when said notice was received, and the contents of said notice.

**Interrogatory No. 9** requests Defendant to identify all steps that were taken after the accident in question which Mobile Crane Service, Inc. took to prevent the dropping of other items that were being transported by Mobile Crane Services at other work sites.

**Interrogatory No. 10** requests Defendant to identify all citations, fines or warnings which Mobile Crane Service, Inc. received pertaining to safety or conditions at the work site where the "Property" was dropped from any governmental entity, and describe the outcome and disposition of the citations.

**Interrogatory No. 11** requests Defendant to identify the following information with regard to Mobile Crane Service, Inc.'s contacting OSHA after the accident in question:

a.  The date Mobile crane Service, Inc. contacted OSHA;
b.  The name, address and phone number of the OSHA investigator that investigated this incident;
c.  The date(s) of any OSHA investigations;
d.  Whether OSHA issued any fines, citations, or warnings;
e.  The disposition of those fines, citations or warnings;
f.  Steps which OSHA required Mobile crane Service, Inc. to take to remedy the problem on the site; and
g.  Who performed the work required by OSHA.

**Interrogatory No. 12** requests to state the name, address, job title or position of each current or former employee of Defendant who was responsible for formulating and/or implementing and/or maintaining safety measures, procedures, guidelines, rules and/or policies regarding safety and/or maintenance crane, for the period of one year prior to an including March 27, 2002.

**Interrogatory No. 13** requests if Mobile Crane Service, Inc. contends the incident made the basis of this lawsuit was caused, in whole or in part, by some person(s) or company other than Mobile Crane Service, Inc.'s, agent or employee, please state the name and address of such other person(s) or company and the manner in which such other person(s) or company caused the incident in question.

**Interrogatory No. 14** requests Defendant to identify all entities that had workers present on the site in question performing construction, work, repair, or otherwise building, renovating, repairing, improving or altering the work site in question, and identifying

SCANNED

MAR 1 2 2004

weeks prior to the accident made basis of this suit. Include within Mobile Crane Service, Inc.'s answer the dates each was present on the site and the work which they were performing.

**Interrogatory No. 15** requests Defendant to provide the following information with respect to each lawsuit to which Mobile Crane Service, Inc. has been a party in the past five (5) years:

a. The style of the suit;
b. Court in which it was filed;
c. Allegations made within the lawsuit;
d. Name, address and phone number for counsel for each party to the suit; and the final disposition of the lawsuit

Defendant objected that the Interrogatories were overly broad and unduly burdensome, and that the information would more properly be the subject of deposition testimony. Defendant did not provide the Plaintiff with any information responsive to these Interrogatories. Plaintiff would show that the responses requested are discoverable because it is relevant to the subject matter of the pending action. Tex. R. Civ. P. 192.3(a). Plaintiff requests the Court to compel by court order that the Defendant responds to these Interrogatories immediately.

## Conclusion

6.     Defendant's noncompliance with Plaintiff's discovery requests thwarts legitimate discovery efforts, prevents effective trial preparation, and conceals relevant facts.

7.     Because Plaintiff's Interrogatories and Requests for Disclosure to Defendant are within the permissible scope of the Texas Rules of Civil Procedure, and because Defendant has refused to comply with the Rules and file adequate responses to either one for over 2 and one-half months, **and the statute of limitations on this case runs on March 27, 2004,** the Court should overrule Defendant's objections and compel Defendant to respond fully and immediately.

**SCANNED**

MAR 1 2 2004

## PRAYER

For these reasons, Plaintiff asks the Court to set this Motion for hearing at the same time as Defendant's current hearing setting in this case on March 11, 2004, and after hearing, overrule Defendant's objections to Plaintiff's Interrogatories to Defendant and compel Defendant to file adequate responses to Plaintiff's Interrogatories and Requests for Disclosure INSTANTER.

Respectfully submitted,

**KELLY, SMITH & MURRAH, P.C.**

By: _____

Melissa Nance Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum
Houston, Texas 77006
(713) 861-9900
Fax: (713) 861-7100
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded by facsimile before 5:00 PM at the recipient's local time to all known counsel of record and Counsel for Defendant John Skaggs, on this the _4th_ day of March, 2004.

_and sent by Federal Express to the Court - JSR_

J. Stephen Ryan

**SCANNED**
**MAR 1 2 2004**

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT MOBILE CRANE SERVICE, INC.'S RESPONSES TO PLAINTIFFS' REQUEST FOR DISCLOSURES

COMES NOW, Defendant, Mobile Crane Service, Inc., and submits these its responses to Plaintiffs' Request for Disclosure. However, Defendant believes that additional information may be discovered as this case progresses. Therefore, Defendant reserves their right to supplement these responses.

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(956) 687-8203 Telephone
(956) 630-6570 Facsimile

Lynse S. Larance
State Bar No. 24032533
ATTORNEY FOR DEFENDANT

SCANNED
MAR 1 2 2004

A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Responses to Plaintiffs' Request for Disclosure has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery on this _18th_ day of ____December____, 2003.

Melissa Nance Murrah
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006
VIA: CM RRR

Lynse S. Larance

**SCANNED**
MAR 1 2 2004

## DEFENDANT MOBILE CRANE SERVICE, INC.'S RESPONSES
## TO PLAINTIFFS' REQUEST FOR DISCLOSURES

A.    The correct name of the parties to the lawsuit.

   **ANSWER:**

   **Plaintiffs:**

   **Zurich American Insurance Company, as subrogee of Lowe-North Construction**

   **Defendant**

   **Mobile Crane Service, Inc.**

B.    The name, address, and telephone number of any potential parties.

   **ANSWER:**

   **None at this time.**

C.    The legal theories and, in general, the factual basis of your claims or defenses.

   **ANSWER:**

   **Defendant asserts a general denial and reserves the right to supplement.**

D.    The amount and any method of calculating economic damages.

   **ANSWER:**

   **Defendant reserves the right to supplement.**

SCANNED

MAR 1 2 2004

E.    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**ANSWER:**

**Jesus Francisco Avalos**
**813 Thorn**
**Alamo, Texas 78516**
**Crane operator.**

**Corporate Representative**
**Fibrebond Corporation**
**1300 Davenport Dr.**
**Minden, LA 71055**

**Maxine R. Hodge**
**U.S. Department of Commerce**
**National Oceanic & Atmospheric Administration**
**Office of Finance & Administration**
**NWS Business Management Division**
**1325 East West Highway, SSMC2, Rm. 15254**
**Silver Spring, Maryland**

**Jerry F. Pugh**
**Powerware Corporation**
**8609 Six Forks Rd.**
**Raleigh, NC 27615-2966**
**Phone No. (919) 872-3020**

**Lisa K. Armour**
**Powerware Corporation**
**8609 Six Forks Rd.**
**Raleigh, NC 27615-2966**
**Phone No. (919) 872-3020**

**David Lowe, Vice President**
**Lowe-North Construction, Inc.**
**800 A-Line Dr.**
**Spring Hill, KS 66083**
**Phone No. (913) 686-3080**

**James C. Shawn, President**
**Mobile Crane Services, Inc.**
**807 E. Hwy. 83**
**Pharr, Texas 78577**
**Phone No. (956) 787-7777**

SCANNED

MAR 1 2 2004

F.   For any testifying expert:

   (1) the expert's name, address and telephone number;
   (2) the subject matter on which the expert will testify;
   (3) the general substance of the expert's mental impressions
and opinions and a brief summary of the basis for them, or
if the expert is not retained by, employed by, or
otherwise subject to the control of the responding party,
documents reflecting such information.
   (4) If the expert is retained by, employed by, or otherwise
subject to the control of the responding party;
      a.   all documents tangible things, reports, models, or
          data communications that have been provided to,
          reviewed by, or prepared by or for the expert in
          anticipation of the expert's testimony; and
      b.   the expert's current resume and bibliography.

   **ANSWER:**

   **None at this time.**


G.   Your discoverable indemnity and insuring agreements.

   **ANSWER:**

   **See attached.**


H.   Any discoverable settlement agreements.

   **ANSWER:**

   **None at this time.**


I.   Any discoverable witness statements.

   **ANSWER:**

   **See attached.**

**SCANNED**
**MAR 1 2 2004**

J.   All medical records and bills that are reasonably related to injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**ANSWER:**

**Not applicable.**


K.   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills which have obtained by virtue of an authorization furnished to you by plaintiff.

**ANSWER:**

**Not applicable.**


SCANNED
MAR 1 2 2004

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | 1. | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT MOBILE CRANE SERVICE, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:  ZURICH AMERICAN INSURANCE As Subrogee of LOWE-NORTH
     CONSTRUCTION, by and through its attorney of record:

     Melissa Nance Murrah
     KELLY, SMITH & MURRAH, P.C.
     4305 Yoakum Blvd.
     Houston, Texas 77006

     COMES NOW, Defendant, Mobile Crane Service, Inc., and

submits these its objections and responses to Plaintiff, Zurich

American Insurance as Subrogee of Lowe-North Construction's First

Set of Interrogatories. However, Defendant believes that

additional information may be discovered as this case progresses.

Therefore, Defendant reserves its right to supplement these

responses.

                    Respectfully submitted,

                    SKAGGS & GONZALES, L.L.P.
                    710 Laurel
                    McAllen, Texas 78501
                    (956) 687-8203 Telephone
                    (956) 630-6570 Facsimile

                    Lynse S. Larance
                    State Bar No. 24032533
                    ATTORNEY FOR DEFENDANT

SCANNED
MAR 1 2 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants' Responses to Plaintiff's First Set of Interrogatories has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery on this _18th_ day of _December_, 2003.

        Melissa Nance Murrah
        KELLY, SMITH & MURRAH, P.C.
        4305 Yoakum Blvd.
        Houston, Texas 77006
        VIA: CM RRR

                Lynse S. Larance

SCANNED
MAR 1 2 2004

<u>DEFENDANT MOBILE CRANE SERVICE, INC.'S RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>

1.   **ANSWER:**

James R. Shawn, President
MOBILE CRANE SERVICE, INC.
807 E. Hwy. 83
Pharr, Texas 78577
Phone No. (956) 787-7777

2.   **OBJECTION:**

This party objects to the extent the requested information
is unduly burdensome since it has the effect of compelling
the manufacture of a factual outline and requires
presentation of a narrative answer or a summary of
documents, depositions, affidavits and other evidence which
is equally available to all of the parties; and to the
extent such information would be repetitive and cumulative
of the contents of the document itself and to the extent the
summary of the contents of such document might not fairly
reflect its true nature in as much as the documents speaks
for itself.

This party objects to extent the subject matter of such
answer would more properly be the subject of deposition
testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to
supplement.

3.   **OBJECTION:**

This party objects to the extent the requested information
is unduly burdensome since it has the effect of compelling
the manufacture of a factual outline and requires
presentation of a narrative answer or a summary of
documents, depositions, affidavits and other evidence which
is equally available to all of the parties; and to the
extent such information would be repetitive and cumulative
of the contents of the document itself and to the extent the

**SCANNED**

MAR 1 2 2004

summary of the contents of such document might not fairly
reflect its true nature in as much as the documents speaks
for itself.

This party objects to extent the subject matter of such
answer would more properly be the subject of deposition
testimony.

ANSWER:

Subject to its objection, Defendant reserves the right to
supplement.

4. OBJECTION:

This party objects to the extent the requested information
is unduly burdensome since it has the effect of compelling
the manufacture of a factual outline and requires
presentation of a narrative answer or a summary of
documents, depositions, affidavits and other evidence which
is equally available to all of the parties; and to the
extent such information would be repetitive and cumulative
of the contents of the document itself and to the extent the
summary of the contents of such document might not fairly
reflect its true nature in as much as the documents speaks
for itself.

This party objects to extent the subject matter of such
answer would more properly be the subject of deposition
testimony.

ANSWER:

Subject to its objection, Defendant reserves the right to
supplement.

5. OBJECTION:

This party objects to the extent the requested information
is unduly burdensome since it has the effect of compelling
the manufacture of a factual outline and requires
presentation of a narrative answer or a summary of
documents, depositions, affidavits and other evidence

SCANNED

MAR 1 2 2004

is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

This party further objects to the extent that the request seeks a response based on a legal opinion by that person.

ANSWER:

Subject to its objection, Defendant reserves the right to supplement.

6. OBJECTION:

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

ANSWER:

Subject to its objection, Defendant reserves the right to supplement.


SCANNED
MAR 1 2 2004

7. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.

8. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.


SCANNED
MAR 1 2 2004

9.   **OBJECTION:**

This party objects to the extent the requested information
is unduly burdensome since it has the effect of compelling
the manufacture of a factual outline and requires
presentation of a narrative answer or a summary of
documents, depositions, affidavits and other evidence which
is equally available to all of the parties; and to the
extent such information would be repetitive and cumulative
of the contents of the document itself and to the extent the
summary of the contents of such document might not fairly
reflect its true nature in as much as the documents speaks
for itself.

This party objects to extent the subject matter of such
answer would more properly be the subject of deposition
testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to
supplement.

10.   **OBJECTION:**

This party objects to the extent the requested information
is unduly burdensome since it has the effect of compelling
the manufacture of a factual outline and requires
presentation of a narrative answer or a summary of
documents, depositions, affidavits and other evidence which
is equally available to all of the parties; and to the
extent such information would be repetitive and cumulative
of the contents of the document itself and to the extent the
summary of the contents of such document might not fairly
reflect its true nature in as much as the documents speaks
for itself.

This party objects to extent the subject matter of such
answer would more properly be the subject of deposition
testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to
supplement.


SCANNED
MAR 1 2 2004

11. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.

12. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.

SCANNED
MAR 1 2 2004

13. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be·repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.

14. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

This party further objects to the extent that the request seeks a response based on a legal opinion by that person.

SCANNED

MAR 1 2 2004

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.

15. **OBJECTION:**

This party objects to the extent the requested information is unduly burdensome since it has the effect of compelling the manufacture of a factual outline and requires presentation of a narrative answer or a summary of documents, depositions, affidavits and other evidence which is equally available to all of the parties; and to the extent such information would be repetitive and cumulative of the contents of the document itself and to the extent the summary of the contents of such document might not fairly reflect its true nature in as much as the documents speaks for itself.

This party objects to extent the subject matter of such answer would more properly be the subject of deposition testimony.

This party further objects because the requested information is irrelevant.

**ANSWER:**

Subject to its objection, Defendant reserves the right to supplement.

SCANNED

MAR 1 2 2004

FILED
AURORA DE LA GARZA DIST. CLERK

MAR 1 1 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |
| and JESUS FRANCISCO AVALOS | | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of LOWE-NORTH CONSTRUCTION ("Plaintiff"), and files this, its First Amended Petition complaining of MOBILE CRANE SERVICE, INC., and JESUS FRANCISCO "FRANK" AVALOS, an individual, ("Defendants") and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY PLAN – LEVEL THREE

Plaintiffs plead that discovery be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### 2. PARTIES

Plaintiffs are insurance corporations duly authorized to conduct business in the State of Texas. Plaintiffs file this lawsuit as subrogee of and in the name of LOWE-NORTH CONSTRUCTION ("Lowe"). However, the undersigned counsel for Plaintiff does not represent Lowe, and is not authorized to accept service, pleadings, or discovery on their behalf.

Defendant MOBILE CRANE SERVICE, INC. ("Mobile") has appeared and answered in this cause.

**SCANNED**

MAR 1 2 2004

Defendant JESUS FRANCISCO "FRANK" AVALOS. is a natural person and may be served with Plaintiff's First Amended Original Petition by Certified Mail, Return Receipt Requested at Post Office Box 951, Alamo, TX 78516. This Defendant may also reside at 518 E. Duranta, and/or at 813 Thorn, Alamo, Texas, 78516. Jesus Francisco "Frank" Avalos' last known telephone number was (956) 787-9969.

*\*\*Service is requested at this time\*\**

### 3. JURISDICTION

The Court has jurisdiction over the Defendants because the Defendants are residents of Texas, have established minimum contacts with the State of Texas and are amenable to service by a Texas Court. The Court has jurisdiction over the amount in the controversy because the damages are within the jurisdictional limits of this Court.

### 4. VENUE

Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), as the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### 5. FACTS

Plaintiff, Lowe-North Construction, is engaged in the business of general construction contracting. Plaintiff would show it they contracted with Mobile Crane Service, Inc. to unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system for the National Oceanic and Atmospheric Association (NOAA), Brownsville, Texas. On or about March 27, 2002, Defendant Mobile Crane Service, Inc. and the operator of the crane, Defendant Jesus Francisco "Frank" Avalos, negligently dropped the

**SCANNED**

MAR 1 2 2004

Transition Power Maintenance Shelter System building containing the UPS system while trying to lower the shelter into final installation position. The shelter landed on a conduit, damaging the shelter and UPS system and causing substantial property damage.

## 6. NEGLIGENCE

Plaintiff would show that the incident, with the resulting property damage, was proximately caused by both Defendants' negligent, careless and reckless disregard of duty, which consisted of, but is not limited to the following acts and omissions:

a. Defendants failed to exercise ordinary and reasonable care in the unloading Transition Power Maintenance Shelter System in question;

b. Defendants failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position.

c. Defendants failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

d. Defendant JESUS FRANCISCO "FRANK" AVALOS, individually, failed to operate the crane with ordinary and reasonable care, and lost control of the load being lifted, causing damage to it.

e. Defendants substituted a lighter crane model than that ordered and specified by Plaintiff's insured, using a 115-ton crane instead of the 175-ton crane ordered, which also caused the loss of control of and damage to the Transition Power Maintenance Shelter System being lowered and positioned.

Each of the above and foregoing acts of negligence on the part of Defendants was a proximate cause of the damages suffered by Plaintiff. Nothing Lowe did or failed to do, in any way, caused or contributed to the occurrence in question.

## 8. DAMAGES

Plaintiff would show that as a result of the accident proximately caused by the Defendants, Plaintiff has paid to replace the Transition Power Maintenance Shelter System and Uninterruptible

**SCANNED**

**MAR 1 2 2004**

Power Supply system. Plaintiff is subrogated to the rights of Lowe, and may enforce in the name of Lowe any claim for recovery against any responsible parties.

### 9. CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this cause.

### 10. FOR THE COURT·ONLY

Plaintiff, Zurich, would show that it was the builders risk insurance carrier for Lowe, providing coverage for property loss, which forms the basis of this lawsuit. As a result of the incident, Plaintiff has paid insurance benefits to and/or on behalf of Lowe. Plaintiff is herein subrogated to the rights which Lowe may have against any third-party as the result of the third-party's legal liability. As such, pursuant to the provision of the policy of insurance and/or Plaintiff's equitable subrogation rights, Plaintiff is the real party at interest and has become subrogated to the claim of Lowe against the Defendants in this case, and is entitled to recover from Defendants the full amount of actual damages caused by Defendants and paid by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be required to appear and answer herein, and that upon final trial, Plaintiffs recover judgment against Defendants, in a sum in excess of the minimal jurisdictional limits of the Court, together with pre-judgment interest thereon at the maximum legal rate and post-judgment interest at the maximum legal rate, plus costs of court and attorney's fees, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs shall show themselves justly entitled.

**SCANNED**

**MAR 1 2 2004**

Respectfully submitted,

**KELLY, SMITH & MURRAH, P.C.**

_____

Melissa Nance Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum Blvd.
Houston, Texas   77006
Phone: (713) 861-9900
Fax:    (713) 861-7100
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all known counsel of record on this the _10_ day of March, 2004, in accordance with Texas Rules of Civil Procedure.

_____

Melissa Nance Murrah

**SCANNED**
MAR 1 2 2004

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.003.01

No. 2003-10-005085-D

# ORIGINAL

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JESUS FRANCISCO AVALOS
    POST OFFICE BOX 951
    ALAMO, TEXAS 78516


the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S FIRST AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      PETITION      was filed on  MARCH 11, 2004  .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
VS.
MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____ MELISSA NANCE MURRAH _____
(Attorney for      PLAINTIFF      ), whose address is
4305 YOAKUM BLVD. HOUSTON, TEXAS   77006                        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 12th day of   MARCH  , A.D. 2004.

AURORA DE LA GARZA     , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
Connie L. Warford            , Deputy

SCANNED
MAR 1 2 2004

CERTIFICATE OF DELIVER  F MAIL

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER            TITLE

ADDRESS

CITY          STATE        ZIP

I hereby certify that on the 12th of

MARCH   2004,  I mailed to

JESUS FRANCISCO AVALOS

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   6147 8292
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By: _Connie L. Warford_ , Deputy

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7099 0014 6147 8292

| | | |
|---|---|---|
| Postage | $ | 2003-10-5085-D |
| Certified Fee | | 03/12/04 |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
JESUS FRANCISCO "FRANK" AVALOS
Street, Apt. No.; or PO Box No.
POST OFFICE BOX 951
City, State, ZIP+4
ALAMO, TX  78516

**SCANNED**
MAR 1 2 2004

FILED
O'CLOCK ___ __M
AURORA DE LA GARZA DIST. CLERK

MAR 1 0 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Reynaldo_ _____ DEPUTY

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | CAMERON COUNTY, TEXAS |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO PRODUCE EQUIPMENT FOR INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of its insured, **LOWE-NORTH CONSTRUCTION** responds to Defendant's Motion to Produce the Equipment for Inspection as follows, and would respectfully show the Court:

I.

It is completely impractical and uneconomical to ship the subject shelter and electronics units from its present location in Louisiana back to Texas. Plaintiff has been and still is paying all storage and preservation costs for this massive unit since Defendant's crane operator damaged it in March, 2002. The complete unit weighs over 50,000 pounds and is a twelve-by-twenty-four foot, mostly concrete, equipment housing structure containing complex and heavy electronic radar and computer power supplies. The only conceivably reasonable and efficient way for further inspections of the damaged property the subject of this suit to be carried out is to leave it where it is now stored in Minden, Louisiana. Defendant should be Ordered by the Court to bear its part of the costs of storing and maintaining the evidence if it desires further inspections.

**SCANNED**

MAR 2 3 2004

## II.

Defendant has already had an opportunity for their experts to inspect this unit as a whole on August 15, 2003, when the parties did so by agreement. That inspection did not include any specific agreement by the parties or agreed experts' engineering protocol to conduct a detailed power-on inspection of the electronic components, as Defendant now demands. To have applied power to the damaged electronics at that time, without preparation and without proper Expert's Safety and Inspection Protocols could have resulted in an explosion or fire, destruction of the subject equipment, and/or serious injury to persons nearby. Should Defendant wish to apply power to the electronics they damaged, it is their responsibility to do so safely and under a proper Protocol of Engineering Inspection, not in an unannounced, casual manner whereby the evidence might be destroyed and third parties might be injured.

## III.

Any further inspections desired by Defendant, or further storage of the equipment, should be done at Defendant's sole expense. If Defendant wishes to conduct another inspection including attempting to apply electrical power to the electronic equipment inside, Plaintiff has no objection as long as a proper expert's Inspection Protocol agreed by the parties is followed to prevent injury to any person, any further damage to the equipment the subject of this suit, and to prevent any spoliation of the evidence.



SCANNED

MAR 2 3 2004

IV.

Plaintiff would further show the Court that it will work by agreement with Defendant and its experts to properly conduct any further electrical inspections desired, as long as each party bears its own costs and expenses for such further expert's inspections, and does them at the present location of the equipment pursuant to safe Expert's Protocols. Such an arrangement is equitable and the most proper method of allocation of pretrial expert's costs.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Prays that the Court DENY in all things the Motion of Defendant to produce the shelter and equipment in Cameron County, Texas, or to move or ship it from its current location; that the Court DENY any Motion or request by Defendant to make Plaintiff bear any portion of Defendant's expert's fees and expenses, that the Court ORDER Defendant to pay at least one-half of the costs of maintaining the subject equipment in storage at its present location henceforth, that the Court ORDER each party to bear all costs of its experts in this matter, and further that the Court make such Orders concerning allocation of any further expert examination fees, expert's expenses, and evidence storage and processing fees between the parties as are fair and equitable.

Respectfully submitted,

**KELLY, SMITH & MURRAH, P.C.**

By: _____
Melissa Nance Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum
Houston, Texas 77006

**SCANNED**

MAR 2 3 2004

(713) 861-9900
Fax: (713) 861-7100
**Attorneys for Plaintiff**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded by facsimile before 5:00 PM at the recipient's local time to all known counsel of record and Counsel for Defendant John Skaggs and Lynse Larance on this the _____ day of March, 2004.

J. Stephen Ryan

**SCANNED**

MAR 2 3 2004

2003-10-5085-D

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION | § § § § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| VS. | § § | |
| MOBILE CRANE SERVICE, INC. | § | |
|     Defendant/Third Party Plaintiff | § | |
| VS. | § § | |
| RS INFORMATION SYSTEMS, INC. | § | CAMERON COUNTY, TEXAS |
| AND CASCADE SUMMIT ELECTRIC | § | |
|     Third Party Defendant | § | |
| VS. | § § | |
| UNITED STATES OF AMERICA AND | § | |
| THE DEPARTMENT OF COMMERCE | § | |
| NATIONAL OCEANIC AND | § | |
| ATMOSPHERIC ADMINISTRATION | § | |
|     Interested Parties | § | 103RD JUDICIAL DISTRICT |

FILED 10:30 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
MAR 2 3 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## ORIGINAL THIRD PARTY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    Mobile Crane Service, Inc., files this third party petition and for good cause of

action against RS Information Systems, Inc. and Cascade Summit Electric, shows:

**I.**

    A.  Plaintiff is Zurich American Insurance Company, as Subrogee of Lowe-North

Construction, who has already made an appearance in this suit.

    B.  The Defendant/Third Party Plaintiff is Mobile Crane Service, Inc. who has

already made a general appearance in this suit.

    C.  Third Party Defendant is RS Information Systems, Inc.  Citation may be served

on third party defendant by serving its registered agent for service of process, Corporation



SCANNED

MAR 2 5 2004

Service Co., at 701 Brazos Street, Suite 1050, Austin, TX 78701.

D. Third Party Defendant is Cascade Summit Electric, a foreign business in the state of Oregon. Third Party Defendant, at all times material to this action has engaged in business in the State of Texas. Namely, Third Party Defendant was working at the construction site on the date of the accident and exercising control over the work of Defendant. Third Party Defendant does not have a business in Texas and has no designated agent on whom service of citation may be made in this cause. Accordingly, the Third Party Defendant may be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded to Third Party Defendant's office address, PMB 173, 2149 W. Cascade, Suite 106 A, Hood River, Oregon, 97031 by certified mail, return receipt requested.

E. Interested Party is the United States of America who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The United States of America is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it. Citation may be served upon the United States of America by serving:

1. Attorney General John Ashcroft at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001 by certified mail, return receipt requested; and

2. United States Attorney for the Southern District of Texas Michael T. Shelby, United States Department of Justice, United States, Attorney's Office, Southern District of Texas, 910 Travis Street, Houston, TX 77208 by hand delivery.

F. Interested Party is the Department of Commerce, National Oceanic and



Atmospheric Administration who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The Department of Commerce, National Oceanic and Atmospheric Administration is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it. Citation may be served upon the Department of Commerce, National Oceanic and Atmospheric Administration by serving:

1. Attorney General John Ashcroft at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001 by certified mail, return receipt requested;

2. United States Attorney for the Southern District of Texas Michael T. Shelby, United States Department of Justice, United States, Attorney's Office, Southern District of Texas, 910 Travis Street, Houston, TX 77208 by hand delivery; and

3. The Department of Commerce, National Oceanic and Atmospheric Administration, 14th Street and Constitution Ave, NW, Room 6217, Washington, D.C., 20230 by certified mail, return receipt requested.

## II.

Lowe North Construction hired Defendant in March of 2002 to use one of Defendant's cranes. Defendant sent its employee Frank Avalos ("Avalos") with instructions as to how the crane should be used to move the unit at the site. When Avalos arrived, he was instructed by employees of Lowe North Construction, RS Information Systems, Inc. And Cascade Summit Electric how to move the crane. By altering Avalos' method of work, they made the crane's movement unsafe. As a result, the unit dropped

SCANNED

MAR 2 5 2004

from the crane and was damaged.

### III.

In PLAINTIFF'S ORIGINAL PETITION filed against Mobile Crane Services, Inc. on October 15, 2003, the following claims were asserted against Mobile Crane Services, Inc. :

A.  Defendant failed to exercise ordinary and reasonable care in the unloading of the Transition Power Maintenance Shelter System in question;

B.  Defendant failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position; and

C.  Defendant failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

### IV.

RS Information Systems, Inc. and Cascade Summit Electric, Third Party Defendants are liable to Mobile Crane Services, Inc.  for indemnity for any and all sums it may be compelled to pay to Plaintiff as a result of the occurrence made the basis of Plaintiff's suit.  In this connection, Third Party Plaintiff will show that the Third Party Defendants negligently exercised control over the work of Defendant's employee, Avalos.

### V.

Alternatively Third Party Plaintiff is entitled to contribution from Third Party Defendants toward any liability that may be found to exist from Third Party Plaintiff to


SCANNED
MAR 2 5 2004

Plaintiff as a result of the occurrence made by the basis of Plaintiff's suit. In this connection Third Party Plaintiff will show that Third Party Defendants negligently exercised control over the work of Defendant's employee, Avalos. Accordingly, pursuant to chapter 32 and 33 of the Civil Practice and Remedies Code, Third Party Plaintiff is entitled to contribution for the percentage of responsibility assigned to the Third Party Defendants by the trier fact.

Wherefore Mobile Crane Services, Inc. requests that RS Information Systems, Inc. and Cascade Summit Electric be cited to appear and answer and that on trial Mobile Crane Services, Inc. have the following:

1) Judgment against RS Information Systems, Inc. And Cascade Summit Electric ;

2) Indemnity and contribution as provided by law;

3) Prejudgment interest as provided by law;

4) Attorney's fees for postjudgment interest as provided by law;

5) Cost of suit;

6) such other and further general and specific relief by at law and in equity to which Mobile Crane Services, Inc. may be justly entitled.

SCANNED

MAR 2 5 2004

Respectively submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
Telephone: (956) 687-8203
Facsimile: (956) 630-6570

By: _____
LYNSE S. LARANCE
Texas State Bar No.:24032533
ATTORNEY FOR DEFENDANT/
THIRD PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

has been duly served upon all counsel of record, by Certified Mail, Return Receipt

Requested and/or facsimile transmittal and/or hand delivery delivered or mailed to the

following attorneys of record, or parties on this the 2nd day of March, 2004:

Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston, TX 77006

_____
Lynse S. Larance

SCANNED
MAR 2 5 2004

*2003-10-5085-D*

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

**MOTION TO QUASH NOTICE OF
DEPOSITION FOR BILL HUNTER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Mobile Crane Service, Inc. complain of Zurich American Insurance Company,

as Subrogee of Lowe-North Construction, and in support thereof would show the Court as

follows:

The Plaintiff noticed the deposition of BILL HUNTER, attached hereto as Exhibit A.

Deponent and his attorney is unavailable on the noticed date. Deponent objects that they have

not been given reasonable notice for the deposition. Deponent will provide alternative dates for

his deposition to be taken. The deponent is ill and is not in a state of physical health at this time

to be able to give a deposition. Further, three other employees of Defendant's business are being

deposed between March 24 and 25, 2004. Therefore, deponent's testimony will only be

redundant. The deposition is automatically stayed pursuant to Texas Rule of Civil Procedure

199.4 because an objection to the deposition has been made within 3 days of the service of the

notice of deposition

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant this

Motion which is not sought for delay, but that justice be done, and for such other and further

relief to which Defendants are entitled to receive.

1

**SCANNED**

**MAR 2 5 2004**

Respectively submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
Telephone: (956) 687-8203
Facsimile: (956) 630-6570

By: _____

LYNSE S. LARANCE
Texas State Bar No.:24032533
ATTORNEY FOR DEFENDANT/
THIRD PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been duly

served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile

transmittal and/or hand delivery delivered or mailed to the following attorneys of record, or

parties on this the 22 day of March, 2004:

Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston, TX 77006

_____
Lynse S. Larance

2

SCANNED

MAR 2 5 2004

2003-10-5015-D

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE
## ORAL DEPOSITION OF BILL HUNTER

TO:  Defendant, Mobile Crane Service, Inc., by and through its attorney of record, Lynse
Larance and John Skaggs, Skaggs & Gonzalez, L.L.P., 710 Laurel, P.O. Drawer 2285,
McAllen, Texas 78502-2285.

PLEASE TAKE NOTICE that, pursuant to Rule 199, Texas Rules of Civil Procedure, the

oral deposition of **BILL HUNTER** will be taken on Thursday, March 25, 2004, immediately

following the deposition of Robert Correa, in the offices of Skaggs & Gonzalez, L.L.P., 710

Laurel, McAllen, Texas 78502.

The deposition will be reported by a certified shorthand reporter from Esquire Deposition

Service, (800) 969-3027, and testimony shall be taken to be used at the trial of this cause.

Respectfully submitted,

KELLY, SMITH & MURRAH, P.C.

Melissa Nance Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum Blvd.
Houston, Texas 77006
713/861-9900
713/861-7100 – Facsimile
**ATTORNEY FOR PLAINTIFF,
ZURICH AMERICAN INSURANCE
COMPANY, AS SUBROGEE OF LOWE-
NORTH CONSTRUCTION**

Zuru-Lowe\NOD-Hunter

1

EXHIBIT A

SCANNED

MAR 2 5 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record on this the 19th day of March, 2004.

*Via Facsimile (956) 630-6570*
Lynse S. Larance
Skaggs & Gonzales, LLP
710 Laurel
McAllen, Texas 78502-2285

Zuru-Lowe\NOD-Hunter

SCANNED

MAR 2 5 2004

*2003-10-5085-1)*

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY, As Subrogee of** | § | |
| **LOWE-NORTH CONSTRUCTION** | § | |
| | § | **CAMERON COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **MOBILE CRANE SERVICE, INC.** | § | **103RD JUDICIAL DISTRICT** |

## ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD PARTY PETITION

Be it remembered on the date set forth below, came on to be heard, **DEFENDANT'S**

**MOTION FOR LEAVE TO FILE THIRD PARTY PETITION**, and the court, after hearing

the arguments of counsel and reviewing the pleadings on file herein, is of the opinion that said

Motion is granted.

SIGNED this 23 day of _____March_____, 2004.

_____
JUDGE PRESIDING

MAR 2 4 2004

cc:
Lynse Larance, Skaggs & Gonzales, 710 Laurel, McAllen, TX 78501,
Via Fax (956)630-6570
Melissa Nance Murrah, Steve Ryan, Kelly, Smith & Murrah, P.C., 4305 Yoakum Blvd.,
Houston, TX 77006, Via Fax (713) 861-7100



AURORA DE LA GARZA, CLERK

MAR 2 3 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

4

## SCANNED

**MAR 2 5 2004**

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | THE 103RD DISTRICT COURT |
| COMPANAY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | OF |
| | § | |
| MOBILE CRANE SERVICES, INC. | § | |
| SHERATON SOUTH PADRE ISLAND | § | CAMERON COUNTY, TEXAS |

## FIAT

**PLEASE TAKE NOTICE** that Plaintiff ZURICH AMERICAN INSURANCE

COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION'S First Amended

Emergency Motion to Overrule Objections and Compel Defendant to Respond to

Plaintiff's Request for Disclosures and First Set of Interrogatories and Motion to Compel

Deposition is re-set for immediate hearing on March 26, 2004, at 9:00 A.M. .

_____
PRESIDING JUDGE

CC: Melissa Nance Murrah
J. Stephen Ryan
4305 Yoakum Blvd.
Houston, Texas 77006
713/861-9900 Telephone
713/861-7100 Telefax

John Skaggs
Lynse S. Larance
P.O. Drawer 2285
McAllen, Texas
956/687-8203 Telephone
956/630-6570

FILED ___:___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR 23 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

03/23/04 = office of Melissa N. Murrah (m. Salinas)
will notify everyone of this hearing -
I. Salazar

**SCANNED**
MAR 25 2004

CAUSE NO. 2003-5085-D

| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
|---|---|---|
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

MOTION FOR LEAVE TO FILE THIRD PARTY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Mobile Crane Service, Inc., Defendant, requests leave of this Court to file a third-party petition against RS Information Systems, Inc. and Cascade Summit Electric, entities not now parties to this action, under the provisions of Texas Rules of Civil Procedure 38, on the following grounds and to join the United States of America and The Department of Commerce, National Oceanic and Atmospheric Administration as interested parties:

I.

In PLAINTIFF'S ORIGINAL PETITION filed against Mobile Crane Services, Inc. on October 15, 2003, the following claims were asserted against Mobile Crane Services, Inc. :

A.    Defendant failed to exercise ordinary and reasonable care in the unloading of the Transition Power Maintenance Shelter System in question;

B.    Defendant failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position; and

C.    Defendant failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

SCANNED
MAR 2 5 2001

II.

RS Information Systems, Inc. and Cascade Summit Electric are liable to Defendant in this action for all or, in the alternative, a proportionate part of the claims made against Defendant in Plaintiff's Original Petition because they negligently exercised their right of control over the work of Defendant. Accordingly, Defendant Mobile Crane Services, Inc. is entitled to common-law indemnity. Alternatively, Defendant Mobile Crane Services, Inc. is entitled to contribution in accordance with the provisions of Chapter 32 and 33 of the Texas Civil Practice and Remedies Code.

III.

The United States of America and the Department of Commerce, National Oceanic and Atmospheric Administration should be joined as interested parties to this action because they have a claim for damages the amount of which needs to be determined by the trier of fact.

IV.

A true and correct copy of the proposed Third-Party Petition is attache to this motion and incorporated by reference as Exhibit A.

WHEREFORE, Defendant Mobile Crane Services, Inc. requests that this Court grant permission for the Third-Party Petition in the form attached to this motion to be filed against RS Information Systems, Inc. and Cascade Summit Electric and bringing in United States of America and The Department of Commerce, National Oceanic and Atmospheric Administration and that the Court make such Orders as the Court deems fair and just.

SCANNED
MAR 2 5 2004

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
Telephone: (956) 687-8203
Facsimile: (956) 630-6570

By: _____
LYNSE S. LARANCE
Texas State Bar No.:24032533
ATTORNEY FOR DEFENDANT/
THIRD PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery delivered or mailed to the following attorneys of record, or parties on this the 22 day of March, 2004:

Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston, TX 77006

_____
Lynse S. Larance

SCANNED
MAR 2 5 2004

CAUSE NO. 2003-5085-D

ZURICH AMERICAN INSURANCE § IN THE DISTRICT COURT OF
COMPANY, As Subrogee of §
LOWE-NORTH CONSTRUCTION §
Plaintiff §
§
VS. §
§
MOBILE CRANE SERVICE, INC. §
§
Defendant/Third Party Plaintiff §
VS. §
§
RS INFORMATION SYSTEMS, INC. § CAMERON COUNTY, TEXAS
AND CASCADE SUMMIT ELECTRIC §
Third Party Defendant §
§
VS. §
§
UNITED STATES OF AMERICA AND §
THE DEPARTMENT OF COMMERCE §
NATIONAL OCEANIC AND §
ATMOSPHERIC ADMINISTRATION §
Interested Parties § 103RD JUDICIAL DISTRICT

## ORIGINAL THIRD PARTY PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Mobile Crane Service, Inc., files this third party petition and for good cause of

action against RS Information Systems, Inc. and Cascade Summit Electric, shows:

**I.**

A. Plaintiff is Zurich American Insurance Company, as Subrogee of Lowe-North

Construction, who has already made an appearance in this suit.

B. The Defendant/Third Party Plaintiff is Mobile Crane Service, Inc, who has

already made a general appearance in this suit.

C. Third Party Defendant is RS Information Systems, Inc. Citation may be served

on third party defendant by serving its registered agent for service of process, Corporation

SCANNED
MAR 2 4 20

Service Co., at 701 Brazos Street, Suite 1050, Austin, TX 78701.

D. Third Party Defendant is Cascade Summit Electric, a foreign business in the state of Oregon. Third Party Defendant, at all times material to this action has engaged in business in the State of Texas. Namely, Third Party Defendant was working at the construction site on the date of the accident and exercising control over the work of Defendant. Third Party Defendant does not have a business in Texas and has no designated agent on whom service of citation may be made in this cause. Accordingly, the Third Party Defendant may be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded to Third Party Defendant's office address, PMB 173, 2149 W. Cascade, Suite 106 A, Hood River, Oregon, 97031 by certified mail, return receipt requested.

E. Interested Party is the United States of America who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The United States of America is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it. Citation may be served upon the United States of America by serving:

1. Attorney General John Ashcroft at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001 by certified mail, return receipt requested; and

2. United States Attorney for the Southern District of Texas Michael T. Shelby, United States Department of Justice, United States, Attorney's Office, Southern District of Texas, 910 Travis Street, Houston, TX 77208 by hand delivery.

F. Interested Party is the Department of Commerce, National Oceanic and

SCANNED

MAR 2 - 2004

Atmospheric Administration who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The Department of Commerce, National Oceanic and Atmospheric Administration is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it. Citation may be served upon the Department of Commerce, National Oceanic and Atmospheric Administration by serving:

1. Attorney General John Ashcroft at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001 by certified mail, return receipt requested;

2. United States Attorney for the Southern District of Texas Michael T. Shelby, United States Department of Justice, United States, Attorney's Office, Southern District of Texas, 910 Travis Street, Houston, TX 77208 by hand delivery; and

3. The Department of Commerce, National Oceanic and Atmospheric Administration, 14th Street and Constitution Ave, NW, Room 6217, Washington, D.C., 20230 by certified mail, return receipt requested.

II.

Lowe North Construction hired Defendant in March of 2002 to use one of Defendant's cranes. Defendant sent its employee Frank Avalos ("Avalos") with instructions as to how the crane should be used to move the unit at the site. When Avalos arrived, he was instructed by employees of Lowe North Construction, RS Information Systems, Inc. And Cascade Summit Electric how to move the crane. By altering Avalos' method of work, they made the crane's movement unsafe. As a result, the unit dropped

from the crane and was damaged.

**III.**

In **PLAINTIFF'S ORIGINAL PETITION** filed against Mobile Crane Services, Inc. on October 15, 2003, the following claims were asserted against Mobile Crane Services, Inc. :

A.   Defendant failed to exercise ordinary and reasonable care in the unloading of the Transition Power Maintenance Shelter System in question;

B.   Defendant failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position; and

C.   Defendant failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

**IV.**

RS Information Systems, Inc. and Cascade Summit Electric, Third Party Defendants are liable to Mobile Crane Services, Inc. for indemnity for any and all sums it may be compelled to pay to Plaintiff as a result of the occurrence made the basis of Plaintiff's suit. In this connection, Third Party Plaintiff will show that the Third Party Defendants negligently exercised control over the work of Defendant's employee, Avalos.

**V.**

Alternatively Third Party Plaintiff is entitled to contribution from Third Party Defendants toward any liability that may be found to exist from Third Party Plaintiff to

SCANNED

MAR 2 - 2004

SCANNED

MAR 2 6 2004

Plaintiff as a result of the occurrence made by the basis of Plaintiff's suit.  In this

connection Third Party Plaintiff will show that Third Party Defendants negligently

exercised control over the work of Defendant's employee, Avalos.  Accordingly, pursuant to

chapter 32 and 33 of the Civil Practice and Remedies Code, Third Party Plaintiff is entitled

to contribution for the percentage of responsibility assigned to the Third Party Defendants

by the trier fact.

Wherefore Mobile Crane Services, Inc. requests that RS Information Systems, Inc.

and Cascade Summit Electric be cited to appear and answer and that on trial Mobile

Crane Services, Inc.  have the following:

1) Judgment against RS Information Systems, Inc. And Cascade Summit Electric ;

2) Indemnity and contribution as provided by law;

3) Prejudgment interest as provided by law;

4) Attorney's fees for postjudgment interest as provided by law;

5) Cost of suit;

6) such other and further general and specific relief by at law and in equity to which

Mobile Crane Services, Inc.  may be justly entitled.

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
Telephone: (956) 687-8203
Facsimile: (956) 630-6570

By: _____
LYNSE S. LARANCE
Texas State Bar No.:24032533
ATTORNEY FOR DEFENDANT/
THIRD PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery delivered or mailed to the following attorneys of record, or parties on this the 22 day of March, 2004:

Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston, TX 77006

_____
Lynse S. Larance

MAR 2 5 2004

Citation for Personal Service  - GENERAL _____     Lit. Seq. # 6.002.01

No. 2003-12-006207-D

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RUBEN G. GARCIA
    1617 NEW COMBES
    HARLINGEN, TEXAS

the _____RESPONDENT_____ , GREETING:

    You are commanded to appear by filing a written answer to the

ORIGINAL PETITION FOR DIVORCE

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on DECEMBER 30, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-12-006207-D.

The style of the case is:

              MARIA L. GARCIA
                   AND
              RUBEN G. GARCIA

Said petition was filed in said court by _____HON. SEFERINO I. TREVINO, JR._____
(Attorney for _____PETITIONER_____ ) whose address is
2201 W. TEEGE AVE. HARLINGEN TX  78550

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 30th day of DECEMBER , A.D. 2003.

              AURORA DE LA GARZA  , DISTRICT CLERK
              Cameron County, Texas
              974 E. Harrison St.
              Brownsville, Texas 78521

              By: Yolanda Zamora                    Deputy

SCANNED

MAR 3 0 2004

FILED
AURORA DE LA GARZA DIST. CLERK
MAR 1 1 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |
| and JESUS FRANCISCO AVALOS | | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of LOWE-NORTH CONSTRUCTION ("Plaintiff"), and files this, its First Amended Petition complaining of MOBILE CRANE SERVICE, INC., and JESUS FRANCISCO "FRANK" AVALOS, an individual, ("Defendants") and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY PLAN – LEVEL THREE

Plaintiffs plead that discovery be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### 2. PARTIES

Plaintiffs are insurance corporations duly authorized to conduct business in the State of Texas. Plaintiffs file this lawsuit as subrogee of and in the name of LOWE-NORTH CONSTRUCTION ("Lowe"). However, the undersigned counsel for Plaintiff does not represent Lowe, and is not authorized to accept service, pleadings, or discovery on their behalf.

Defendant MOBILE CRANE SERVICE, INC. ("Mobile") has appeared and answered in this cause.

SCANNED
APR 0 5 2004

Defendant JESUS FRANCISCO "FRANK" AVALOS is a natural person and may be served with Plaintiff's First Amended Original Petition by Certified Mail, Return Receipt Requested at Post Office Box 951, Alamo, TX 78516. This Defendant may also reside at 518 E. Duranta, and/or at 813 Thorn, Alamo, Texas, 78516. Jesus Francisco "Frank" Avalos' last known telephone number was (956) 787-9969.

***Service is requested at this time***

### 3. JURISDICTION

The Court has jurisdiction over the Defendants because the Defendants are residents of Texas, have established minimum contacts with the State of Texas and are amenable to service by a Texas Court. The Court has jurisdiction over the amount in the controversy because the damages are within the jurisdictional limits of this Court.

### 4. VENUE

Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), as the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### 5. FACTS

Plaintiff, Lowe-North Construction, is engaged in the business of general construction contracting. Plaintiff would show it they contracted with Mobile Crane Service, Inc. to unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system for the National Oceanic and Atmospheric Association (NOAA), Brownsville, Texas. On or about March 27, 2002, Defendant Mobile Crane Service, Inc. and the operator of the crane, Defendant Jesus Francisco "Frank" Avalos, negligently dropped the

SCANNED
APR 0 5 2004

Transition Power Maintenance Shelter System building containing the UPS system while trying to lower the shelter into final installation position. The shelter landed on a conduit, damaging the shelter and UPS system and causing substantial property damage.

### 6. NEGLIGENCE

Plaintiff would show that the incident, with the resulting property damage, was proximately caused by both Defendants' negligent, careless and reckless disregard of duty, which consisted of, but is not limited to the following acts and omissions:

a.  Defendants failed to exercise ordinary and reasonable care in the unloading Transition Power Maintenance Shelter System in question;

b.  Defendants failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position.

c.  Defendants failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

d.  Defendant JESUS FRANCISCO "FRANK" AVALOS, individually, failed to operate the crane with ordinary and reasonable care, and lost control of the load being lifted, causing damage to it.

e.  Defendants substituted a lighter crane model than that ordered and specified by Plaintiff's insured, using a 115-ton crane instead of the 175-ton crane ordered, which also caused the loss of control of and damage to the Transition Power Maintenance Shelter System being lowered and positioned.

Each of the above and foregoing acts of negligence on the part of Defendants was a proximate cause of the damages suffered by Plaintiff. Nothing Lowe did or failed to do, in any way, caused or contributed to the occurrence in question.

### 8. DAMAGES

Plaintiff would show that as a result of the accident proximately caused by the Defendants, Plaintiff has paid to replace the Transition Power Maintenance Shelter System and Uninterruptible



SCANNED
APR 0 5 2004

Power Supply system. Plaintiff is subrogated to the rights of Lowe, and may enforce in the name of Lowe any claim for recovery against any responsible parties.

### 9. CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this cause.

### 10. FOR THE COURT ONLY

Plaintiff, Zurich, would show that it was the builders risk insurance carrier for Lowe, providing coverage for property loss, which forms the basis of this lawsuit. As a result of the incident, Plaintiff has paid insurance benefits to and/or on behalf of Lowe. Plaintiff is herein subrogated to the rights which Lowe may have against any third-party as the result of the third-party's legal liability. As such, pursuant to the provision of the policy of insurance and/or Plaintiff's equitable subrogation rights, Plaintiff is the real party at interest and has become subrogated to the claim of Lowe against the Defendants in this case, and is entitled to recover from Defendants the full amount of actual damages caused by Defendants and paid by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be required to appear and answer herein, and that upon final trial, Plaintiffs recover judgment against Defendants, in a sum in excess of the minimal jurisdictional limits of the Court, together with pre-judgment interest thereon at the maximum legal rate and post-judgment interest at the maximum legal rate, plus costs of court and attorney's fees, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs shall show themselves justly entitled.



Respectfully submitted,

**KELLY, SMITH & MURRAH, P.C.**

Melissa Nance Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum Blvd.
Houston, Texas  77006
Phone: (713) 861-9900
Fax:    (713) 861-7100
**Attorneys for Plaintiff**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all known counsel of record on this the _10_ day of March, 2004, in accordance with Texas Rules of Civil Procedure.

Melissa Nance Murrah

SCANNED
APR 0 5 2004

FILED _____ 4:42 O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

MAR 2 2 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

2003-10-5085

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

### MOTION TO QUASH NOTICE OF
### DEPOSITION FOR SERGIO ZAMORA

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Mobile Crane Service, Inc. complain of Zurich American Insurance Company,

as Subrogee of Lowe-North Construction, and in support thereof would show the Court as

follows:

The Plaintiff noticed the deposition of SERGIO ZAMORA, attached hereto as Exhibit A.

Deponent and his attorney are unavailable on the noticed date. Deponent objects that they have

not been given reasonable notice for the deposition. Deponent will provide alternative dates for

his deposition to be taken. The deponent is not in town on the date noticed, but will provide

himself for deposition as soon as practicable. As part of the work of Defendant they are often out

of town on construction projects. See the affidavit of Lynse Larance attached as Exhibit B.

Further, two other employees of Defendant's business are being deposed between March

24 and 25, 2004. Therefore, deponent's testimony will only be redundant. The deposition is

automatically stayed pursuant to Texas Rule of Civil Procedure 199.4 because an objection to the

deposition has been made within 3 days of the service of the notice of deposition

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant this

Motion which is not sought for delay, but that justice be done, and for such other and further

1

**SCANNED**

APR 0 7 2004

relief to which Defendants are entitled to receive.

Respectively submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
Telephone: (956) 687-8203
Facsimile: (956) 630-6570

By: _____

LYNSE S. LARANCE
Texas State Bar No.:24032533
ATTORNEY FOR DEFENDANT/
THIRD PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been duly

served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile

transmittal and/or hand delivery delivered or mailed to the following attorneys of record, or

parties on this the 22 day of March, 2004:

Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston, TX 77006

_____
Lynse S. Larance

2

SCANNED
APR 0 7 2004

FILED ___4:44___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR 2 2 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |

### PLAINTNIFF'S NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF SERGIO ZAMORA

TO: Defendant, Mobile Crane Service, Inc., by and through its attorney of record, Lynse Larance and John Skaggs, Skaggs & Gonzalez, L.L.P., 710 Laurel, P.O. Drawer 2285, McAllen, Texas 78502-2285.

PLEASE TAKE NOTICE that, pursuant to Rule 199, Texas Rules of Civil Procedure, the oral deposition of **SERGIO ZAMORA** will be taken on Wednesday, March 24, 2004, immediately following the deposition of James Shawn, in the offices of Skaggs & Gonzalez, L.L.P., 710 Laurel, McAllen, Texas 78502.

The deposition will be reported by a certified shorthand reporter from Esquire Deposition Service, (800) 969-3027, and testimony shall be taken to be used at the trial of this cause.

Respectfully submitted,

KELLY, SMITH & MURRAH, P.C.

Melissa Nadie Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum Blvd.
Houston, Texas 77006
713/861-9900
713/861-7100 – Facsimile
**ATTORNEY FOR PLAINTIFF,
ZURICH AMERICAN INSURANCE
COMPANY, AS SUBROGEE OF LOWE-
NORTH CONSTRUCTION**

1

Zaru-Lowe\NOD-Zamora

Exhibit "A"

SCANNED
APR 0 7 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record on this the *18* day of March, 2004.

*Via Facsimile (956) 630-6570*
Lynse S. Larance
Skaggs & Gonzalez, LLP
710 Laurel
McAllen, Texas 78502-2285

Zinu-Love\NOD-Zamora

**SCANNED**
APR 0 7 2004

<u>**AFFIDAVIT**</u>

THE STATE OF TEXAS          )
                           ) ss.
COUNTY OF Hidalgo           )

BEFORE ME, Lynse Larance, the undersigned authority, on this day personally appeared , who by me being duly sworn on his oath, deposed and says:

"My name is Lynse Larance, and I am attorney of records for Defendant in the above-styled and numbered cause; I am over the age of 18 and am in no way precluding from making an affidavit.

I was contacted by Plaintiff's counsel about my client doing a deposition late in the day on March 18, 2004.  I received deposition notices for employees of my client on March 19, 2004. I have attempted to contact Sergio Zamora regarding his availability, but have not yet been able to do so.  I know as part of the business of Defendant that they sometimes do crane work out of town.  I will provide deposition dates for Mr. Zamora as soon as I know when he is available.  Additionally, I told Plaintiff's counsel that I was not available for depositions on March 24 and 25, 2004 before they even noticed my client's employees for deposition.  I have rearranged my schedule in a good faith attempt to allow the Plaintiff's counsel to take depositions during the week of March 22, 2004."

FURTHER AFFIANT SAYETH NOT.

Exhibit B

**SCANNED**

APR 0 7 2004

_Lynse S. Larance_
Lynse S. Larance

SUBSCRIBED AND SWORN to before me, on this the __22__ day
of __March__ , 2004, to certify which witness my hand
and seal of office.

_Cheryl Oyama_
Notary Public in and for the
State of Texas

My commission expires: __6/26/05__

CHERYL OYAMA
Notary Public
STATE OF TEXAS
My Comm. Exp. 06 - 26 - 2005

SCANNED
APR 0 7 2004

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

MAR 2 6 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC., | § | |
| JESUS FRANCISCO AVALOS, RS | § | |
| INFORMATION SYSTEMS, INC AND | § | |
| DAVE BRUGGEMANN, INDIVIDUALLY, | § | |
| AND d/b/a CASCADE SUMMIT ELECTRIC | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of LOWE-NORTH CONSTRUCTION ("Plaintiff"), and files this, its Second Amended Petition complaining of MOBILE CRANE SERVICE, INC., JESUS FRANCISCO "FRANK" AVALOS, RS INFORMATION SYSTEMS, INC., and DAVE BRUGGEMANN INDIVIDUALLY and d/b/a/ CASCADE SUMMIT ELECTRIC ("Defendants") and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY PLAN – LEVEL THREE

Plaintiffs plead that discovery be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### 2. PARTIES

Plaintiffs are insurance corporations duly authorized to conduct business in the State of Texas. Plaintiffs file this lawsuit as subrogee of and in the name of LOWE-NORTH

**SCANNED**

MAR 3 0 2004

CONSTRUCTION ("Lowe"). However, the undersigned counsel for Plaintiff does not represent Lowe, and is not authorized to accept service, pleadings, or discovery on their behalf.

Defendant **MOBILE CRANE SERVICE, INC.** ("Mobile") has appeared and answered through counsel in this cause.

Defendant **JESUS FRANCISCO "FRANK" AVALOS** is a natural person and may be served with Plaintiff's First Amended Original Petition by Certified Mail, Return Receipt Requested at Post Office Box 951, Alamo, TX 78516. This Defendant may also reside at 518 E. Duranta, and/or at 813 Thorn, Alamo, Texas, 78516. Jesus Francisco "Frank" Avalos' last known telephone number was (956) 787-9969.

***Service is not requested at this time ***

Defendant **DAVE BRUGGEMANN, Individually and d/b/a CASCADE SUMMIT ELECTRIC** is a registered foreign business in the state of Oregon. This Defendant, at all times material to this action, was engaged in its business in the State of Texas. This Defendant was working at the construction site on the date of the incident the subject of this suit and was exercising some direction, control and supervision over the hiring and work of Defendant MOBILE CRANE SERVICES, INC. Defendant **DAVE BRUGGEMANN, Individually and d/b/a CASCADE SUMMIT ELECTRIC** does not have a place of business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. Accordingly, this Defendant may be cited by serving the Secretary of State of the State of Texas, with the citation and petition forwarded to this Defendant's registered office address, PMB 173, 2149 W. Cascade, Suite 106 A, Hood River, Oregon, 97031 by certified mail, return receipt requested.

** Issuance of Citation and Service is requested at this time***

**SCANNED**

MAR 3 0 2004

Defendant **RS INFORMATION SYSTEMS, INC** is a Maryland Corporation registered to do business in the State of Texas. This Defendant, at all times material to this action, was engaged in its business in the State of Texas. This Defendant was working at the construction site on the date of the incident the subject of this suit and was exercising direction and control and supervision over the hiring and work of Defendant MOBILE CRANE SERVICES, INC. Citation may be served on Defendant **RS INFORMATION SYSTEMS, INC** by serving its registered agent for service Corporation Service Co., at 701 Brazos Street, Suite 1050, Austin, TX 78701 by certified mail return receipt requested,

**\*\*Issuance of Citation and Service is requested at this time\*\***

### 3. JURISDICTION

The Court has jurisdiction over each of the Defendants because the Defendants are either residents of Texas, have registered agents within this State, and/or have established minimum contacts with the State of Texas, have done business in the State of Texas and are amenable to service by a Texas Court. The Court has jurisdiction over the amount in the controversy because the damages are within the jurisdictional limits of this Court.

### 4. VENUE

Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), as the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### 5. FACTS

Plaintiff's insured, Lowe-North Construction, is engaged in the business of general construction contracting. Plaintiff would show that Defendants RS INFORMATION SYSTEMS, INC and DAVE BRUGGEMANN, d/b/a CASCADE SUMMIT ELECTRIC contracted with

**SCANNED**

MAR 3 0 2004

Defendant MOBILE CRANE SERVICE, INC. to unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system for the National Oceanic and Atmospheric Association (NOAA), Brownsville, Texas, at a worksite where Plaintiff's insured. LOWE-NORTH CONSTRUCTION was the general contractor.  On or about March 27, 2002, Defendant Mobile Crane Service, Inc. and the operator of the crane, Defendant Jesus Francisco "Frank" Avalos, negligently dropped the Transition Power Maintenance Shelter System building containing the UPS system while trying to lower the shelter into final installation position.  The shelter landed on a conduit, damaging the shelter and UPS system and causing substantial property damage.

## 6. NEGLIGENCE

Plaintiff would show that the incident, with the resulting property damage, was proximately caused by all Defendants' negligent, careless and reckless disregard of duty, which consisted of, but is not limited to the following acts and omissions:

    a.    Defendants failed to exercise ordinary and reasonable care in unloading and placement of the Transition Power Maintenance Shelter System in question;

    b.    Defendants failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position.

    c.    Defendants failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

    d.    Defendant JESUS FRANCISCO "FRANK" AVALOS, individually, failed to operate the crane with ordinary and reasonable care, and lost control of the load being lifted, causing damage to it.

    e.    Defendants AVALOS and MOBILE CRANE SERVICES, INC. substituted a lighter crane model than that ordered and specified, furnishing and using a 115-ton crane instead of the 175-ton crane ordered, which also caused the loss of control of and damage to the Transition Power Maintenance Shelter System being lowered and positioned.



SCANNED

MAR 3 0 2004

   f.     Defendants RS INFORMATION SYSTEMS, INC, and DAVE BRUGGEMANN, d/b/a CASCADE SUMMIT ELECTRIC were jointly and directly responsible for systems integration and management of the placement of the Transition Power Maintenance Shelter System being lowered and positioned by Defendant MOBILE CRANE SERVICE, INC. onto the NOAA Weather Radar site. On information and belief, these Defendants were negligent in allowing a lighter crane to be substituted for this lifting and placement work, in providing negligent supervision of the lifting and placement work, and in failing to carefully direct and supervise the crane's operator and the cranework, and in failing to adequately and carefully direct and supervise the crane's contracting, delivery, usage, and operations.

Each of the above and foregoing acts of negligence on the part of Defendants was a proximate cause of the damages suffered by Plaintiff. Nothing Lowe did or failed to do, in any way, caused or contributed to the occurrence in question.

## 8. DAMAGES

Plaintiff would show that as a result of the accident proximately caused by the Defendants, Plaintiff has paid to replace the Transition Power Maintenance Shelter System and Uninterruptible Power Supply system. Plaintiff is subrogated to the rights of Lowe, and may enforce in the name of Lowe any claim for recovery against any responsible parties.

## 9. CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this cause.

## 10. FOR THE COURT ONLY

Plaintiff, Zurich, would show that it was the builders risk insurance carrier for Lowe, providing coverage for property loss, which forms the basis of this lawsuit. As a result of the incident, Plaintiff has paid insurance benefits to and/or on behalf of Lowe. Plaintiff is herein subrogated to the rights which Lowe may have against any third-party as the result of the third-party's legal liability. As such, pursuant to the provision of the policy of insurance and/or Plaintiff's equitable subrogation rights, Plaintiff is the real party at interest and has become

## SCANNED

### MAR 3 0 2004

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 7.004.01

No. 2003-10-005085-D

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RS INFORMATION SYSTEMS, INC.
BY AND THROUGH CORPORATION
SERVICE CO.
701 BRAZOS STREET, SUITE 1050
AUSTIN, TEXAS 78701

the THIRD PARTY DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S SECOND AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on __MARCH 26, 2004__. A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
VS.
MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____ MELISSA NANCE MURRAH _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
4305 YOAKUM BLVD. HOUSTON, TEXAS  77006 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 29th day of __MARCH__, A.D. 2004.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: Connie L. Warford _____, Deputy

**SCANNED**

MAR 3 0 2004

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|
| | |
| ADDRESS | |
| | |
| CITY | STATE | ZIP |

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 29th of

MARCH   2004,  I mailed to

_____ RS INFORMATION SYSTEMS, INC. _____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   6147 8285
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

_____ AURORA DE LA GARZA _____ , District Clerk
Cameron County, Texas

By: _Connie L. Warford_____, Deputy

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7001 0014 6147 8285

| | | 2003-10-5085-D |
| Postage | $ | 03/29/04 |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
RS INFORMATION SYSTEMS, INC.
Street, Apt. No.; or PO Box No.
701 BARZAOS STREET, SUITE 1050
City, State, ZIP+4
AUSTIN, TX 78701

**SCANNED**
MAR 3 0 2004

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.010.01

No. 2003-10-005085-D

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DAVE BRUGGEMANN
DBA CASCADE SUMMIT ELECTRIC
PMB 173,2149 W.CASCADE,STE 106 A
HOOD RIVER, OREGAN, 97031
the         DEFENDANT     , BY SERVING IN DUPLICATE  COPIES TO THE
SECRETARY OF STATE (STATUTORY DOCUMENTS)
P. O. BOX 12079 AUSTIN, TX  78711-2079                           , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S SECOND AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas. Said _____ PETITION _____ was filed on

MARCH 26, 2004 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
VS.
MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____ MELISSA NANCE MURRAH _____

(Attorney for _____ PLAINTIFF _____ ), whose address is

4305 YOAKUM BLVD. HOUSTON, TEXAS  77006 .

The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to

requirements of law, and the mandates thereof, and make due return as the law

directs.

Issued and given under my hand and seal of said Court at Brownsville,

Texas, this the 29th day of   MARCH  , A.D. 2004.

AURORA DE LA GARZA     , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
BY: _____  , Deputy

~~SCANNED~~

MAR 3 0 2004

ATT. . RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER            TITLE

_____
ADDRESS

_____
CITY            STATE        ZIP

CTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 29th of
__MARCH__ __2004__, I mailed to
_____ˈ DAVE BRUGGEMANN_____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. __6147 8278__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

___AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By: ___Connie L. Wayord___, Deputy



SCANNED
MAR 3 0 2004

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

## DEFENDANT MOBILE CRANE SERVICE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR DISCLOSURES

COMES NOW, Defendant, Mobile Crane Service, Inc., and submits these its supplemental responses to Plaintiffs' Request for Disclosure. However, Defendant believes that additional information may be discovered as this case progresses. Therefore, Defendant reserves their right to further supplement these responses.

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(956) 687-8203 Telephone
(956) 630-6570 Facsimile

Lynse S. Larance
State Bar No. 24032533
ATTORNEY FOR DEFENDANT

SCANNED
APR 0 2 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Supplemental Responses to Plaintiffs' Request for Disclosure has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery on this 5th day of March , 2004.

Melissa Nance Murrah
Steve Ryan
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006

Lynse S. Larance

**SCANNED**
APR 0 2 2004

### DEFENDANT MOBILE CRANE SERVICE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR DISCLOSURES

I.   Any discoverable witness statements.

   **ANSWER:**

   **See attached.**

**SCANNED**

**APR 0 2 2004**

SERGIO   RIGGER

Job: Lowe North Construction

Location: Brownsville, Tx.

Job Date: 3-27-02

Operator: Frank Avalos
Rigger: Sergio Zamora

Crane Size: 115 Ton

As per Sergio:

Frank and I were located at the center of the building at the end of the crane.
When we unloaded the truck to set it, I told Frank to talk to management in
charge. They told Frank they wanted to lift the building 8 feet to set and we felt it
was to high. Frank told them he wanted to put the building on the floor so he
could move the crane further back. They did not want to. And they told Frank to
continue any way. Frank proceeded and at 6 inches the building fell to the side
causing the floor to break.

*Sergio E Zamora*
Sergio Zamora

SCANNED
APR 0 2 2004

FRANK   PERATOR

Job: Lowe North const.

Location: Brownsville, Tx.

1ST
REPORT

Job Date: 3-27-02

Crane Size: 115 Ton

Operator: Frank Avalos
Rigger: Sergio Zamora

As per Frank:

On March 27, 2002 I arrived on location at the National Weather Station with Lowe North Construction to set a unit building. I set up my crane to where I could unload it from the haul truck to set on the ground and reposition my crane to get closer to the slab where it was going to be set at. But Mac & Gary told me that they wanted me to lift it from the truck and set it and I told them it was going to be hard because of the distance between the truck and slab and the small location we were in. So what I did, I repositioned my crane to get as close as possible as I could but not too far from the truck because of the other buildings that were there. I got as close as I could. I signaled the truck to back up next to the crane. I lifted the building off the truck and swung over towards the slab, started booming down, after about 10 to 12 feet of booming down it started to lift from the front end. That is when the building hit the bottom of the pipe that was sticking out of the slab. After this had happened, I safely brought the building back to a lifting position and held the building for about 1 ½ hour in the air, then they said to set it on the ground and asked me if I could get closer to set it and I said no, and that they needed a bigger crane to do what they were asking me to do. So I rigged up, left the location and the 175 ton crane finished off the job.

*More detailed report follows*

Frank Avalos

**SCANNED**
APR 0 2 2004

**Job: Lowe North Const.**

**Location: Brownsville, Tx.**

**Job Date: 3-27-02**

**Crane Size: 115 Ton**

**Operator: Frank Avalos**
**Rigger: Sergio Zamora**

*2nd More detailed report*

FRANK "OPERATOR

2ND REPORT

As per Frank:

On March 27, 2002, I was called out on a job to the National Weather Station in Brownsville, Tx. With Lowe North Const. Co.. Bill Hunter , my dispatcher, explained to me that since it was a very small location, he advised me to unload this building off the truck and set it on the ground and reposition my crane, and grab hold as many times as I had to.

But when I left the yard around 8:30 a.m. and I got to the location around 10:00 a.m., Mac, which was the person I was to contact was with Gary the Inspector. I explained to them what I was going to do and how I was going to do the job on unloading it from the truck, laying it safely on the ground, repositioning my crane, lifting it again until I got close enough to where I could set it on the slab safely. Mac and Gary said NO!, and that I needed to lift it from the truck and set it on the slab without repositioning the crane or setting the building on the ground. Sergio and I talked about it and tried to explain to them, that if I was to get close to the truck we were going to be too far from the slab, but they persisted that it needed to be done that way, they said it needed to de done by lifting it off the truck and set on the slab without moving.

So, what we did was, I went to get my crane to see how it would look like, so when I was backing the crane, it didn't fit in the small location. So, I told them if they could pull out some bushes that were there and they did, so I backed up the crane and measured and we couldn't turn the crane or swing because of the fence door, so we pulled out of the little drive way entrance and moved the crane about 5 feet more to the North so the crane could swing. When I was getting off of the drivers cab someone shouted that I was to close to the underwater sprinkler system. So, I set my crane about 38 feet from where I sat, I backed up on to the left side of the crane, close to my outrigger and rigged up the building to lift it up from the truck, swung over toward the slab, brought down about 1 foot off the ground and Dave popped out of nowhere telling my rigger, Sergio that I needed to lift the building 10 or 12 feet up in the air because that's the way they did the job and Sergio stopped me and call me down to where they were and told me that the building needed to be in mid-air and I talked to them and to Dave, and told them, that is not the way it worked as high as those pipes were sticking out of the slab, and that was as high as I was going. He didn't like it but that's the way we were going to do it, so I went back to the crane to get the building set on the slab and that's when the incident happened. The outriggers in front of the crane lifted off the ground and the building fell on pipes that were sticking out of the slab. That is when I told them, that is why I needed to set it on the ground and reposition my crane. That is when Mac told me if I could lift back up and I did and held it in mid-air about 2 feet off the ground for about one hour or two. During that time, Mac & Gary came up to me and told me that if I was to reposition my crane close to the slab could I set it that way and I told them that I could but I was not going to do it. So I asked them what they were planning to do with the building and Dave said to set it on the grass where the under water sprinkler system was with foam pads on the bottom of the building. (Which was originally what I had told them that needed to be done) We then rigged down and left the location around 4:30 p.m.

Frank Avalos

**SCANNED**
**APR 0 2 2004**

ROBERT SAFETY

- 2nd more detailed report of 3-27-02 Incident On:

Location: National Weather Station-Brownsville, Tx.

Customer: Lowe North Construction

Equipment:    115T Crane
              Operator: Frank Avalos
              Rigger: Sergio Zamora

On or about 3-19-02 I Robert Correa was instructed by Bill Hunter (Mobile Crane Service Dispatcher) to contact Max with Lowe North Construction and meet at job site (corner of Boca Chica and Vermillion in Brownsville, Texas) to evaluate site for Crane Service to off load concrete box from carrier truck and to set on foundation slab.
I arrived at job site at approximately 9:00 a.m. and upon arrival I introduced myself and told them who I represented, two gentlemen approached me and the first gentlemen was Max and the second gentleman was Gary T. Harper, the system engineer with (R.S.I.S.) RS Information Systems, Inc.
Max showed me what they were expecting and where building was going to be set, and how much it weighed. I went to my vehicle and pulled out the measuring tape and took measurements of slab, also took measurements from edge of concrete to fence, asked Max for the weight of building and he turned over to Gary and they both told me it weighed 58,000 lbs. I then took out the load chart and showed both of them that the 115T crane could possibly do the job but that the crane had to move close to concrete slab. Max and Gary asked me what the next crane size was and I told them it was the 175 Ton. Gary and Max both asked me what the price difference between the two cranes and I showed them that the 175T crane would cost in the area of about 2,000.00 depending on time used, but the minimum charge would be some where about 2,000.00 and charges are from portal to portal. I then showed them that the 115T crane would cost about 1,200.00 also charges are from portal to portal and depending on time of use. Max and Gary both looked at each other and both agreed to order the 175T crane, Max ordered crane to be at job site on 3-27-02 8:30 A.m. I remained at job site to make a sketch of job site and proposed job. Max and Gary asked me what they needed to do for crane and I told them they needed to remove fence on east side of compound and left side entrance gate, also possibly the right side entrance gate, they were also to remove plants at entrance of left side of entrance ramp to proposed job, and both agreed to all. Max told me that he would call me or office to confirm that everything was still a go just before job.
    On 3-27-02 at about 8:00a.m. Bill Hunter called me and he had just noticed job ticket on the board, and told me that the 175T crane was still out on a job at Santa Fe Lease for El Paso

2 **SCANNED**
**APR 0 2 2004**

Prod. And he asked me if the 115T Crane or the 175T was ordered for job and I responded that I could not remember so I returned to office to look at ticket and told Bill that the 175T crane was ordered. Bill asked me if the 115T crane would be able to do job and I told Bill that only if the 115T crane could move up closer.

The 115T crane was dispatched to job site and I then started back to Santa Fe Lease just south of Rachel, Tx. To the El Paso production facility. Frank Avalos was the 115T crane operator and Sergio Zamora was the rigger. Frank Avalos called me at about 1:00 p.m. and told me that there was a problem on site and some damage had occurred to building being set, I then told him to call Bill and advise him of the situation and I would wait for Bill to call me. At approximately 1:45 p.m. El Paso Production crew from the Jeffries facility called me to meet them in Edinburg to play golf with Gus, Bobby, Joe T., George, Jaime, and myself. I drove back to my house to change and pick up my golf clubs and met with them at 4:00p.m. and played until about 7:10 p.m.

Bill Hunter called me at about 6:30 p.m. to give me information for next day and asked I asked Bill if I could call him back later since I had customers with me and nothing to write on, Bill responded and told me it was O.K. and for me to call him when I got home which was about 7:45 p.m.

On 3-28-02 about 7:30 a.m., Mr. James Shawn asked me about the incident and I told him what Frank had relayed to me on 3-27-02 but I neglected to call Mr. Shawn expecting that since Bill Hunter was in the office, Bill would relay message to him and apparently not. Mr. Shawn instructed me to go to Brownsville to job site and take photographs and make a report and receive verbal possibly written statements from Max. I left Mobile Crane Facility at about 7:45 a.m. and arrived at job site at about 9:00 a.m., upon arrival I was greeted by Dave Bruggeman with Cascade Summit Electric and Max with Lowe North Construction. Max hardly said a word to me. Dave Bruggeman was the gentleman who made all remarks about the incident, was very vocal and at times irrate, he lead me through and showed me the site where crane was set he then lead me to interior of concrete building and showed me the floor damage, Dave then proceeded to show me where the metal conduit had apparently struck the floor from under side and also told me that he had already replaced the metal conduit. I asked him if I could take photographs and Dave agreed. Dave showed me some exterior damage apparently caused while trying to set building on to slab, and again photographs were also taken including the plate on left side of entrance door. Photographs were taken of interior, exterior and site at different angles.

According to Dave Bruggeman he said Frank (crane operator) lifted the box and it was too high while trying to set on concrete slab. Frank lowered the building too fast and did not have control of building. While trying to retract building after damage was done, Frank then dragged building over pipe and lifted building and once again regained control and held load in suspension for approximately 45 minutes, while deciding what to do next. I asked Dave Bruggeman to write a statement of the incident and he responded by saying that he would write it whenever he had some time, and that it would be sometime later because he was too busy. I also requested the same from Gary and I got no response from him. Dave informed me that they had already taken photographs of building after the incident and also while building had been suspended some photographs had been taken from underside of building showing damage of different areas. I did not observe

3

**SCANNED**

APR 0 2 2004

damage to any interior components or equipment except for floor damage and some on north side and one on south side exterior of building showing some scaling fallen off.  Dave called Mr. Lowe from his cell to main office before Dave released me to let Mr. Lowe know that I was at job site and that he (Mr. Lowe) would be in contact with us regarding this matter or incident . I asked Dave if there was anything else I needed to know before I left and he responded that was it, and I left approx. 10:45 A.m. I had requested copies of the photographs apparently taken by Dave after damage had occurred on underside of box and Dave responded that he had shipped photographs to main office and could not produce for me.

Robert Correa

**SCANNED**

4    APR 0 2 2004

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

## DEFENDANT MOBILE CRANE SERVICE, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR DISCLOSURES

COMES NOW, Defendant, Mobile Crane Service, Inc., and submits these its responses to Plaintiffs' Request for Disclosure.  However, Defendant believes that additional information may be discovered as this case progresses. Therefore, Defendant reserves their right to supplement these responses.

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(956)687-8203 Telephone
(956)630-6570 Facsimile

Lynse S. Larance
State Bar No. 24032533
ATTORNEY FOR DEFENDANT

EXHIBIT
"D"

SCANNED
APR 02 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants'

Responses to Plaintiffs' Request for Disclosure has been duly

served upon all counsel of record, by Certified Mail, Return

Receipt Requested and/or facsimile transmittal and/or hand

delivery on this 19th day of March , 2003.

    Melissa Nance Murrah
    KELLY, SMITH & MURRAH, P.C.
    4305 Yoakum Blvd.
    Houston, Texas 77006
    VIA: CM RRR Fax

                         Lynse S. Larance

SCANNED

APR 0 2 2004

**DEFENDANT MOBILE CRANE SERVICE, INC.'S RESPONSES**
**TO PLAINTIFFS' REQUEST FOR DISCLOSURES**

B.  The name, address, and telephone number of any potential
parties.

**ANSWER:**

**Possible Third Party Defendants:**

**RS Information Systems, Inc.**
**1615 Old Meadow Road**
**McLean, VA 22102**
**(703) 734-7800**

**Cascade Summit Electric**
**PMB 173**
**2149 W. Cascade, Suite 106A**
**Hood River, Oregon 97031**

**Possible Interested Parties:**

**The United States of America**
**Department of Justice**
**Attorney General John Ashcroft**
**950 Pennsylvania Avenue, NW**
**Washington, D.C. 20530-001**

**The Department of Commerce**
**National Oceanic and Atmospheric Administration**
**14th Street and Constitution Ave., NW**
**Room 6217**
**Washington, D.C. 20230**

E.  The name, address, and telephone number of persons having
knowledge of relevant facts, and a brief statement of each
identified person's connection with the case.

**ANSWER:**

**Jesus Francisco Avalos**
**813 Thorn**
**Alamo, Texas 78516**
**Crane operator.**

**SCANNED**

APR 0 2 2004

Corporate Representative
Fibrebond Corporation
1300 Davenport Dr.
Minden, LA 71055

Maxine R. Hodge
U.S. Department of Commerce
National Oceanic & Atmospheric Administration
Office of Finance & Administration
NWS Business Management Division
1325 East West Highway, SSMC2, Rm. 15254
Silver Spring, Maryland

Jerry F. Pugh
Powerware Corporation
8609 Six Forks Rd.
Raleigh, NC 27615-2966
Phone No. (919) 872-3020

Lisa K. Armour
Powerware Corporation
8609 Six Forks Rd.
Raleigh, NC 27615-2966
Phone No. (919) 872-3020

David Lowe, Vice President
Lowe-North Construction, Inc.
800 A-Line Dr.
Spring Hill, KS 66083
Phone No. (913) 686-3080

James C. Shawn, President
Mobile Crane Services, Inc.
807 E. Hwy. 83
Pharr, Texas 78577
Phone No. (956) 787-7777

Robert Correa, Safety Director
Mobile Crane Services, Inc.
807 E. Hwy. 83
Pharr, Texas 78577
Phone No. (956) 787-7777

Sergio Zamora
Mobile Crane Services, Inc.
807 E. Hwy. 83
Pharr, Texas 78577

SCANNED
APR 0 2 2004

Phone No. (956) 787-7777

Gary T. Harper
RS Information Systems, Inc.
1615 Old Meadow Road
McLean, VA 22102
(703) 734-7800 1

Dave Bruggeman
Cascade Summit Electric
PMB 173
2149 W. Cascade, Suite 106A
Hood River, Oregon 97031

SCANNED

APR 0 2 2004

# SKAGGS & GONZALES, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

JOHN SKAGGS
MICHELE N. GONZALES
LYNSE S. LARANCE

**March 19, 2004**

PHONE: (956) 687-8203
FAX: (956) 630-6570

Melissa Nance Murrah
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006
VIA FAX

RE:   Cause No. 2003-5085-D; Zurich American Insurance Company, As
      Subrogee of Lowe-North Construction vs. Mobile Crane
      Service, Inc.; In the 103rd Judicial District, Cameron
      County, Texas.

Dear Ms. Murrah:

      Enclosed is my client's verification to go with
interrogatory responses.

      Please contact me with any questions.

                        Sincerely,

                        SKAGGS & GONZALES, L.L.P.

                        Lynse S. Larance

LSL/mh
Enclosures

SCANNED
APR 0 2 2004



EXHIBIT
" E "

<u>VERIFICATION</u>

THE STATE OF TEXAS        )
                          ) ss.
COUNTY OF Hidalgo         )

BEFORE ME, James Shawn , the undersigned authority, on this day personally appeared , who by me being duly sworn on his oath, deposed and says:

My name is James Shawn, and I am President of the Defendant corporation in the above-styled and numbered cause; that I have read the foregoing answers to said Interrogatories; and that every statement contained therein is within my knowledge and is true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
James Shawn

SUBSCRIBED AND SWORN to before me, on this the _19 th_ day of ___March___, 2004, to certify which witness my hand and seal of office.

_____
Notary Public in and for the
State of Texas

My commission expires: _1/28/07_

**SCANNED**
APR 0 2 2004

**SKAGGS & GONZALES, L.L.P.**
710 Laurel
P. O. Drawer 2285
McAllen, Texas 78502-2285
(956) 687-8203 (TELEPHONE)
(956) 630-6570 (FAX)

### Fax Cover Sheet

DATE: __March 19, 2004__            NUMBER OF PAGES TRANSMITTED _1_
                                    (Including Cover Sheet)
TO: __Mr. James Shawn__             FROM: __Lynse S. Larance /ml__
Attention:__Rachel__
LOCATION:__Mobile Crane Service__   LOCATION: _____

_____807 E. Bus. Hwy. 83_____    _____

_____Pharr, TX 78577_____        _____

TELEPHONE:__(956) 787-7777__       TELEPHONE: __(956) 687-8203__

FAX NUMBER:__(956) 783-4884__      FAX NUMBER:__(956) 630-6570__

MESSAGE:  __Mr. Shawn,__

_____The verification page submitted for your review and__

_____signature earlier this day will accompany information__

_____Ms. Larance and you discussed when you met on March 1st.__

_____Please sign the documents before a notary public and__

_____return to our office as soon as possible.  Thank you, ml__
If you have any questions regarding this material or did not re-
ceive all the pages, please contact __Maria__ at (956) 687-8203.
THANK YOU!!!

---
NOTICE OF CONFIDENTIALITY

The information contained in and transmitted with this facsimile is.

1. SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE;
2. ATTORNEY WORK PRODUCT; OR
3. CONFIDENTIAL.

It is intended only for the individual or entity designated above. You are hereby notified that dissem-
ination, distribution, copying, or use of or reliance upon the information contained in and transmitted
with this facsimile by or to anyone other than the recipient designated above by the send is unauthorized
and strictly prohibited. If you have received this facsimile in error, please notify this office at
(956) 687-8216 immediately. Any facsimile erroneously transmitted to you should be immediately returned
to the sender by U.S. Mail, or if authorization is granted by the sender, destroyed.
---

| Post-it® Fax Note | 7671 | Date 5/19/04 | pages ▶ 2 |
|---|---|---|---|
| To LYNSE S LARANCE | | From SHNGD SHAWN | |
| Co. SKAGGS & GONZALES | | Co. Mobile Crane Sr. | |
| Phone 687-8203 | | Phone 787-7777 | |
| Fax # 630-6570 | | Fax # 783-4884 | |

APR 02 2004

```
****************************************************************
```

## TRANSACTION REPORT

MAR-19-04 02:07 PM

FOR: SKAGGS & ASSOCIATES          956+630+6570

---

SEND

| DATE | START | RECEIVER | PAGES | TIME | NOTE |
|------|-------|----------|-------|------|------|
| MAR-19 | 02:06 PM | 17138617100 | 2 | 1'07" | OK |

---

```
****************************************************************
```

**SCANNED**

APR 0 2 2004

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

**DEFENDANT MOBILE CRANE SERVICE, INC.'S SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

TO:   ZURICH AMERICAN INSURANCE As Subrogee of LOWE-NORTH
      CONSTRUCTION, by and through its attorney of record:

      Melissa Nance Murrah, KELLY, SMITH & MURRAH, P.C.,
      4305 Yoakum Blvd., Houston, Texas 77006

      COMES NOW, Defendant, Mobile Crane Service, Inc., and

submits these its supplemental responses to Plaintiff, Zurich

American Insurance as Subrogee of Lowe-North Construction's First

Set of Interrogatories. However, Defendant believes that

additional information may be discovered as this case progresses.

Therefore, Defendant reserves its right to supplement these

responses. These responses are made subject to Defendant's

earlier objections and without waiving same.

                      Respectfully submitted,

                      SKAGGS & GONZALES, L.L.P.
                      710 Laurel
                      McAllen, Texas 78501
                      (956) 687-8203 Telephone
                      (956) 630-6570 Facsimile

                      Lynse S. Laranca
                      State Bar No.
                      ATTORNEY FOR DEFENDANT

SCANNED
APR 0 9 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery on this 4th day of March, 2004.

Melissa Nance Murrah
Steve Ryan
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006

Lynse S. Larance

**SCANNED**

APR 0 2 2004

## DEFENDANT MOBILE CRANE SERVICE, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1.   **ANSWER:**

James R. Shawn, President
MOBILE CRANE SERVICE, INC.
807 E. Hwy. 83
Pharr, Texas 78577
Phone No. (956) 787-7777
Employed for 33 years with the company

2.   **ANSWER: Subject to its objections,**

Frank Avalos, crane operator
P.O. Box 951
Alamo, TX 78516

Sergio Zamora, rigger
c/o MOBILE CRANE SERVICE, INC.
807 E. Hwy. 83
Pharr, Texas 78577
Phone No. (956) 787-7777

Max (Last Name unknown)
Employed by Lowe North
Address and phone number unknown

Dave Bruggeman
Employed by Cascade Summitt Electric
Address and phone number unknown

Gary T. Harper
Employed by R.S. Information Systems, Inc.
Address and phone number unknown

4.   **ANSWER:**

Subject to its objection,
(A)   Frank Avalos, crane operator
P.O. Box 951
Alamo, TX 78516
(956)787-9969



(B)    As to Mobile Crane Services, Inc.,
       Robert Correa is the safety manager and Bill Hunter
       dispatched Frank Avalos

(C)    The following individuals took the order from Lowe
       North Construction and sent a crane operator :
       Robert Correa and Bill Hunter
       c/o MOBILE CRANE SERVICE, INC.
       807 E. Hwy. 83
       Pharr, Texas 78577
       Phone No. (956) 787-7777

(D)    MOBILE CRANE SERVICE, INC.
       807 E. Hwy. 83
       Pharr, Texas 78577
       Phone No. (956) 787-7777

(E)    morning of March 27, 2002

5.    ANSWER:

      Subject to its objection, this information is not known by
      the Defendant.

6.    ANSWER:

      Subject to its objection and without listing every specific
      action but by way of a general statement, safety meetings
      are held one a month regarding safe operations of the
      cranes.  Operators are instructed as to how to move the
      cranes safely.

7.    ANSWER:    Subject to its objection,

      Frank Avalos, crane operator
      P.O. Box 951
      Alamo, TX 78516
      (956) 787-9969
      SSN: 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
      No longer employed by Mobile Crane

      Sergio Zamora, rigger
      c/o MOBILE CRANE SERVICE, INC.
      807 E. Hwy. 83
      Pharr, Texas 78577
      Phone No. (956) 787-7777            **SCANNED**
      Still employed by Mobile Crane       **APR 0 2 2004**

10.   **ANSWER:**

Subject to its objection, none.

11.   **ANSWER:**

Subject to its objection, such acts were not required because no one was injured.

12.   **ANSWER:**

Subject to its objection, Jim Shawn, President and Robert Correa, safety manager

13.   **ANSWER:**

Subject to its objection, other potential responsible parties are:

Max (Last Name unknown)
Employed by Lowe North
Address and phone number unknown

Dave Bruggeman
Employed by Cascade Summitt Electric
Address and phone number unknown

Gary T. Harper
Employed by R.S. Information Systems, Inc.
Address and phone number unknown

14.   **ANSWER:**

Subject to its objection, Defendant does not have sufficient knowledge to answer as to other entities.  Defendant was only there on the day of the incident.

15.   **ANSWER:**

Subject to its objection, none.

SCANNED
APR 0 2 2004

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103RD JUDICIAL DISTRICT |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Comes now, Defendant, Mobile Crane Services, Inc., and files its RESPONSE TO

PLAINTIFF'S MOTION TO COMPEL and would respectfully show unto the court as follows:

I.

Plaintiffs sent discovery to Defendant on November 20, 2003. Defendant's responses

were due on or near December 18, 2003. Defendant's counsel had not had the opportunity to

confer with the client at the time the responses were due. Therefore, Defendant's responses

consisted of mostly the preserving of its objections. Defendant's counsel sent a letter to

Plaintiff's counsel informing her that she had not had an opportunity to confer with her client and

that she would supplement her responses as soon as she had.[1]

II.

For the first time on March 1, 2004, Defendant's counsel met with a representative of

Defendant. Defendant's counsel spoke with Plaintiff's counsel on March 4, 2004 and informed

him that she would be supplementing her discovery response promptly. Defendant sent Plaintiff

---

[1]See Exhibit A, Lynse Larance's letter of December 18, 2003 which is attached hereto
and incorporated by reference as if fully setforth at length.

SCANNED

APR 0 2 2004

supplemental discovery responses on March 4 and March 5, 2004.[2] Defendant's counsel received Plaintiff's Motion to Compel on March 4, 2004. Defendant again supplemented its Request for Disclosure Responses on March 19, 2004.[3] Additionally, Defendant verified its Responses to Interrogatories on March 19, 2004.[4] Defendant has now supplemented all necessary responses; therefore, Plaintiff's Motion to Compel is moot.

III.

Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's motion is in all things denied. Defendant seeks all specific and general relief as allowed by law.

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(956)687-8203 Telephone
(956)630-6570 Facsimile

Lynse S. Larance
State Bar No. 24032533
ATTORNEY FOR DEFENDANT

---

[2]See Exhibit B and C, Defendant's Supplemental Responses to Interrogatories dated March 4, 2004 and Defendant's Supplemental Responses to Request for Disclosures dated March 5, 2004.

[3]See Exhibit D, Defendant's Second Supplemental Disclosure Responses dated March 19, 2004.

[4]See Exhibit E, the verification of Interrogatory Responses signed by Jim Shawn.

SCANNED

APR 0 2 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery on this 1st day of _April_, 2004.

Melissa Nance Murrah
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, Texas 77006
VIA HAND DELIVERY

Lynse S. Larance

SCANNED
APR 0 2 2004



CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC., | § | |
| JESUS FRANCISCO AVALOS, RS | § | |
| INFORMATION SYSTEMS, INC AND | § | |
| DAVE BRUGGEMANN, INDIVIDUALLY, | § | |
| AND d/b/a CASCADE SUMMIT | § | |
| ELECTRIC | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO PRODUCE EQUIPMENT FOR INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION provides this Supplemental Response to Defendant's Motion to Produce the Equipment for Inspection, and would respectfully show the Court:

I.

Prior to initiating litigation in this matter, representatives of Zurich American Insurance Company attempted to coordinate a non-destructive inspection of the Transition Power Maintenance Shelter System and Powerware UPS system for July 17, 2003, at Fibrebond Corporation, Minden, Louisiana. (*See, Exhibit "A", July 8, 2003 Letter to Mobile Crane Service, Inc.*). Inspection of the shelter and UPS system was rescheduled to allow American Equity Insurance, insurance carrier for Mobile Crane Service, Inc., additional time to secure an expert to attend the non-destructive inspection of the shelter and UPS system. (*See, Exhibit "B", July 15, 2003 Letter to American*



*Equity Insurance).* Non-destructive inspection of the shelter and UPS system was rescheduled for August 15, 2003, and notice the non-destructive of inspection provided to American Equity Insurance and Mobile Crane Service, Inc. *(See, Exhibit "C", August 3 & 4, 2003 Letters to American Equity Insurance and Mobile Crane Service, Inc.)* On August 15, 2003, representatives of Zurich and American Equity Insurance were allowed to conduct non-destructive inspection of the shelter and UPS system. No prior inspection of the shelter or UPS system had been conducted to determine what repairs would be necessary prior to energizing the UPS system.

II.

In Defendant, Mobile Crane Service, Inc.'s Motion to Produce The Equipment for Inspection, Mobile claims that they were "not allowed to test the electrical systems involved with the equipment to determine whether or not they still function." However, in their pleading, Mobile Crane Service, Inc. fails to identify any documents, communications, or correspondence in which Defendant or its carrier requested the UPS system to be energized during the August 15, 2003 inspection. To the contrary, letters to both Mobile Crane Service, Inc. and there insurance carrier, American Equity Insurance, specifically state that the inspection of August 15, 2003 was to be non-destructive. (See, Exhibits "A", "B", and "C"). Beyond the fact that Mobile Crane Service, Inc. and American Equity Insurance agreed that there would not be destructive testing, applying energy to the UPS system could have created an electrical hazard. (See, Exhibit "E", Affidavit of John Earnheart). Zurich's decision not to allow testing with electricity was based the agreement reached by all parties inspecting the equipment and the safety risks associated with energizing the system.


SCANNED
APR 2 6 2004

Mobile Crane Service, Inc. has provided a report by Thomas Clark, that states, "Fiberbond had connected power to the unit per **my request** for checking misc. Circuitry, Lamps, etc." Plaintiff was never made aware prior to the inspection of Mr. Clark's personal request to Fibrebond to connect power to the unit. Additionally, Plaintiff was never made aware prior to the reading of Mr. Clark's report why he had requested power be connected to the unit. Mr. Clark's own report bares the truth regarding any common understanding of inspection procedures, when he states Fiberbond had provided power to the unit at "my request." (See, Exhibit "D", Report of Thomas Clark). It would be unreasonable to expect Plaintiff to submit to such a request without prior notification of request and knowledge of the intended purpose behind the request.

Defendant states that it was denied the opportunity to adequately examine the equipment. However, Defendant has failed to provide any evidence suggesting additional requests for inspection were made prior to the filing of suit in this matter. Defendant's own expert Thomas Clark's report suggests that the circuit boards may need to be replaced and that the "large capacitors in the inverter portion of the electronics that show no apparent physical damage would need to be tested prior to energization." As no prior inspections had been conducted to suggest these repairs, neither plaintiff nor defendant was in a position to make the necessary repairs prior to energizing the system.

Plaintiff had no affirmative duty to provide the shelter and UPS system for inspection. The August 15, 2003 inspection was conducted prior to litigation and under a cooperative agreement of the time, place and nature of the inspection. Mobile Crane was under no obligation to participate in the inspection. As Mobile Crane was not in any way mislead as to the type of inspection to be conducted on August 15, 2003, it is


SCANNED

APR 2 6 2004

inappropriate for Mobile Crane to now complain of an inspection that they agreed to in every form.

Moreover, Defendant, Mobile Crane Service, Inc., has filed a third-party petition identifying additional defendants to this litigation. Plaintiff has filed a corresponding amended petition to name the additional third-party defendants as defendants to the original action. Prior to the identification of additional third parties by Mobile, Plaintiff was unaware of other potentially liable third parties, and was unable to put those parties on notice of Zurich's claim or the inspection conducted on August 15, 2003. Had Mobile energized the unit and conducted destructive testing of the UPS system, it is likely that both Mobile and Zurich would face spoliation issues associated with the damages to the UPS system. In considering the potential for spoliation, it was appropriate for Zurich to conduct only non-destructive testing until all parties could be put on notice and an agreed protocol be put in place prior to energizing the system.

Plaintiff is not opposed to conducting additional inspection and testing of the UPS system. However, Plaintiff is opposed to conducting any destructive testing prior to all parties agreeing to a testing protocol. Additionally, Plaintiff is opposed to energizing the UPS system as Thomas Clark requested without the Defendant paying for and making the necessary repairs, as this could potentially create an electrical hazard. (See, Exhibit "E")

III.

Plaintiff has asserted in its pleadings, that as a result of defendants' negligence, it was caused to replace the Transition Power Maintenance Shelter System and Uninterruptible Power Supply system. (See, Exhibit "F", Plaintiff's First Amended Petition). Plaintiff claims that this is a total loss based on Intervenor's knowledge and


SCANNED

APR 2 6 2004

belief that there is no market for a damaged UPS system or Transition Power Maintenance Shelter System. Mobile's expert, Thomas Clark, suggests that repairs should be made prior to energizing the system and conducting further tests. It is Plaintiff's position that if the UPS system and shelter were repaired, it would not increase the salvage value of the UPS system or Transition Power Maintenance Shelter System, as there is no market for previously damaged UPS systems or Transition Power Maintenance Shelters. Considering the cost of repairs (See, Exhibit "D", Thomas Clark's repair estimate of $18,100.00) and the lack of a secondary market for the equipment, Plaintiff requests that defendant pay all expenses for any repairs to the UPS system and Transition Power Maintenance Shelter System.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Prays that the Court DENY in all things the Motion of Defendant to produce the shelter and equipment in Cameron County, Texas; that the Court DENY any Motion or request by Defendant to make Plaintiff bear any portion of Defendant's expert's fees and expenses, that the Court ORDER Defendant to pay for all costs associated with repairs to the UPS system and shelter for the purposes of conducting further tests.



SCANNED

APR 2 6 2004

Respectfully submitted,

**KELLY, SMITH & MURRAH, P.C.**

By: *Cody Cowan*

Melissa Nance Murrah
State Bar No. 00788104
M. Cody Cowan
State Bar No. 24038838
4305 Yoakum
Houston, Texas 77006
(713) 861-9900
Fax: (713) 861-7100
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all known counsel of record on this the 21st day of March, 2004, in accordance with Texas Rules of Civil Procedure.

*Cody Cowan*

M. Cody Cowan

**SCANNED**
APR 2 6 2004

**EXHIBIT "A"**

SCANNED

APR 2 6 2004

# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

July 8, 2003

Mobile Crane Service, Inc.
807 E. US Highway 83
Pharr, TX 78577

Re:     Damaged Transition Power Maintenance Shelter System and Powerware 9-315
        Claim #:                5620101177-001
        Insured:                Lowe-North Construction, Inc.
        Date of Loss:           March 27, 2002
        Inspection Location:    1300 Davenport Dr.
                                Minden, LA 71055

## NOTICE OF INSPECTION OF DAMAGED PROPERTY

Dear Sir or Madam:

This firm has been retained to represent the subrogation interest of Maryland Casualty Company and its Subsidiaries with the regards to the above-referenced property loss. This firm has previously requested available dates for inspection, but has yet to receive any response to or request. Therefore, please be advised that an inspection of the damaged Transition Power Maintenance Shelter System and Powerware 9-315 will be scheduled for **July 17, 2003 at 12:00 P.M.** As such, this letter will confirm that a non-destructive inspection will take place on the above date and time at:

        FIBREBOND CORPORATION
        1300 Davenport Dr.
        Minden, LA 71055

You may wish to contact your insurance company immediately regarding this matter. Additionally, you may wish to advise your insurance company that Mobile Crane Services, Inc., its insurance representative, and any experts retained on its behalf are invited to attend the inspection for the purpose of inspecting, measuring, surveying, photographing, and testing. No destructive testing will be permitted at the inspection. Additionally, we request that no inspection, measurement, surveying, photographing or testing be conducted without the presence of a Maryland Casualty Company representative.

As such, please make sure your expert(s) are available and present. I cannot guarantee future inspections. Please be advised, that all inspections of the above referenced property will

**SCANNED**

APR 2 6 2004

July 8, 2003
Page Two

continue to be coordinated by my office.  No inspection is to take place without my presence at the inspection.  Thank you for your cooperation in this matter.  Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Melissa N. Murrah

MNM:mcc

SCANNED

APR 2 6 2004

Claim #:   5620101177-001

# KELLY, SMITH & MURRAH, P.C.

### ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

July 8, 2003

Mr. Michael Eberts                                  Via Fax 480-563-2896
American Equity Insurance
7676 East Pinnacle Peak Rd.
Scottsdale, Az 85255

Re:    Damaged Transition Power Maintenance Shelter System and Powerware 9-315
      Claim #:         5620101177-001
      Insured:         Lowe-North Construction, Inc.
      Date of Loss:    March 27, 2002
      Inspection Location:  1300 Davenport Dr.
                   Minden, LA 71055

## NOTICE OF INSPECTION OF DAMAGED PROPERTY

Dear Mr. Eberts:

    This firm has been retained to represent the subrogation interest of Maryland Casualty Company and its Subsidiaries with the regards to the above-referenced property loss. This firm has previously requested available dates for inspection, but has yet to receive any response to or request. Therefore, please be advised that an inspection of the damaged Transition Power Maintenance Shelter System and Powerware 9-315 will be scheduled for **July 17, 2003 at 12:00 P.M.** As such, this letter will confirm that a non-destructive inspection will take place on the above date and time at:

    **FIBREBOND CORPORATION**
    1300 Davenport Dr.
    Minden, LA 71055

    You may wish to advise your insured that Mobile Crane Services, Inc., its insurance representative, and any experts retained on its behalf are invited to attend the inspection for the purpose of inspecting, measuring, surveying, photographing, and testing. No destructive testing will be permitted at the inspection. Additionally, we request that no inspection, measurement, surveying, photographing or testing be conducted without the presence of a Maryland Casualty Company representative.

    As such, please make sure your expert(s) are available and present. I cannot guarantee future inspections. Please be advised, that all inspections of the above referenced property will

**SCANNED**

*Zuru-Lowe/noticeltr.070703*                                      Claim #: 5620101177-001

APR 2 6 2004

July 8, 2003
Page Two

continue to be coordinated by my office. No inspection is to take place without my presence at the inspection. Thank you for your cooperation in this matter. Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Melissa N. Murrah

MNM:mcc

*Zuru-Lowe/noticeltr.070703*

SCANNED    Claim #: 5620101177-001

APR 2 6 2004

**EXHIBIT "B"**

SCANNED

APR 2 6 2004



# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

July 15, 2003

Mr. Tom Mcilheran                                    Via Fax 603-861-8680
American Equity Insurance
P.O. Box 29034
Phoenix, Az 85038

Re:    Damaged Transition Power Maintenance Shelter System and Powerware 9-315
       Claim #:           5620101177-001
       Insured:           Lowe-North Construction, Inc.
       Date of Loss:     March 27, 2002
       Inspection Location:  1300 Davenport Dr.
                         Minden, LA 71055

Dear Mr. Mcilheran:

At your request, this firm has agreed to postpone the inspection of the damaged Transition Power Maintenance Shelter System and Powerware 9-315 scheduled for July 17, 2003 to allow American Equity Insurance time to secure an expert to attend the inspection. We will be inspecting the damaged property within the two week period following August 1, 2003. Please provide your available dates during that time for your expert to attend.

Thank you for your cooperation in this matter. Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Melissa N. Murrah

MNM:mcc

## SCANNED

APR 2 6 2004  Claim #: 5620101177-001

**EXHIBIT "C"**



SCANNED

APR 2 6 2004

# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW

4305 Yoakum Blvd.

Houston, Texas 77006

Telephone: (713) 861-9900

Facsimile: (713) 861-7100

August 3, 2003

Mr. Tom Mcilheran                                          Via Fax 603-861-8680

American Equity Insurance

P.O. Box 29034

Phoenix, Az 85038

Re: Damaged Transition Power Maintenance Shelter System and Powerware 9-315
    Claim #:                5620101177-001
    Insured:                Lowe-North Construction, Inc.
    Date of Loss:           March 27, 2002
    Inspection Location:    1300 Davenport Dr.
                            Minden, LA 71055

Dear Mr. Mcilheran:

At your request, this firm has agreed to postpone the inspection of the damaged Transition Power Maintenance Shelter System and Powerware 9-315 scheduled for July 17, 2003 to allow American Equity Insurance time to secure an expert to attend the inspection. This letter is to confirm that the postponed inspection will take place on **August 15, 2003 at 11:00 a.m.** As such, this letter will confirm that a non-destructive inspection will take place on the above date and time at:

FIBREBOND CORPORATION

1300 Davenport Dr.

Minden, LA 71055

Additionally, you have requested information concerning the property to be inspected. Specifically, we will be inspecting a Powerware 9-315, which is a 50 KVA Uninterruptible Power Supply (UPS) system. The UPS system is housed in a building built by Fiberbond and being stored by Fiberbond. No previous inspections have been made of the system by this office. I regret that I have no additional information for you at this time. However, I would suggest viewing www.powerware.com to gain a better understanding of the system being inspected.

Thank you for your cooperation in this matter. Should you have any questions or concerns, please do not hesitate to contact me.

**SCANNED**

APR 2 6 2004

*Zuru-Lowe/noticeltr.080303*                                    Claim #: 5620101177-001

August 3, 2003
Page 2

Very truly yours,

Melissa N. Murrah

MNM:mcc

SCANNED
APR 2 6 2004

# MESSAGE CONFIRMATION

```
                                            08/06/2003  16:49
                                            ID=KELLY,SMITH & MURRAH
```

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 08/06 | 00'47" | 602+861+8680 | TX | 003 | OK | 0000 |

```
08/06/2003   16:45   KELLY,SMITH & MURRAH → 16028618680P211203        NO.677   0001
```

## KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

## FAX TRANSMISSION COVER SHEET

**DATE:** 08706703

**TO:** Mr. Tom Mcilheran          **FAX NO.:**     602-861-8680

**OUR FILE NO.:** 211-203

**FROM:** Melissa Nance Murrah

Total number of pages (including cover sheet) ____2____

Re:     Damaged Transition Power Maintenance Shelter System and Powerware 9-315
        Claim #:                5620101177-001
        Insured:                Lowe-North Construction, Inc.
        Date of Loss:           March 27, 2002
        Inspection Location:    1300 Davenport Dr.
                                Minden, LA 71055

**COMMENTS: Please see attached.**

### SPECIAL INSTRUCTIONS

_X___Please retain this facsimile copy as your record. No original will follow.

____Original will follow via regular first class mail.

### CONFIDENTIAL INFORMATION

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged, confidential, and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender by telephone immediately and return the original message to the above address via the U.S. Postal Service at our expense. Thank you.

SCANNED

APR 2 6 2004

# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

---

## FAX TRANSMISSION COVER SHEET

---

**DATE:** 08/06/03

**TO:** Mr. Tom Mcilheran                **FAX NO.:**       602-861-8680


**OUR FILE NO.:** 211-203

**FROM:** Melissa Nance Murrah

Total number of pages (including cover sheet) _____2_____

Re:     Damaged Transition Power Maintenance Shelter System and Powerware 9-315
              Claim #:              5620101177-001
              Insured:              Lowe-North Construction, Inc.
              Date of Loss:       March 27, 2002
              Inspection Location:  1300 Davenport Dr.
                                          Minden, LA 71055


**COMMENTS:  Please see attached.**

---

## SPECIAL INSTRUCTIONS

_X___Please retain this facsimile copy as your record.  No original will follow.

____Original will follow via regular first class mail.

---

### CONFIDENTIAL INFORMATION

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged, confidential, and intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender by telephone immediately and return the original message to the above address via the U.S. Postal Service at our expense.  Thank you.

SCANNED

APR 2 6 2004

# KELLY, SMITH & MURRAH, P.C.

### ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

August 4, 2003

Mobile Crane Service, Inc.
807 E. US Highway 83
Pharr, TX 78577

Re: Damaged Transition Power Maintenance Shelter System and Powerware 9-315
Claim #: 5620101177-001
Insured: Lowe-North Construction, Inc.
Date of Loss: March 27, 2002
Inspection Location: 1300 Davenport Dr.
Minden, LA 71055

## NOTICE OF INSPECTION OF DAMAGED PROPERTY

Dear Sir or Madam:

This firm has been retained to represent the subrogation interest of Maryland Casualty Company and its Subsidiaries with the regards to the above-referenced property loss. This firm has previously requested available dates for inspection, but has yet to receive any response to or request. Therefore, please be advised that an inspection of the damaged Transition Power Maintenance Shelter System and Powerware 9-315 will be scheduled for **August 15, 2003 at 11:00 P.M.** As such, this letter will confirm that a non-destructive inspection will take place on the above date and time at:

FIBREBOND CORPORATION
1300 Davenport Dr.
Minden, LA 71055

You may wish to contact your insurance company immediately regarding this matter. Additionally, you may wish to advise your insurance company that Mobile Crane Services, Inc., its insurance representative, and any experts retained on its behalf are invited to attend the inspection for the purpose of inspecting, measuring, surveying, photographing, and testing. No destructive testing will be permitted at the inspection. Additionally, we request that no inspection, measurement, surveying, photographing or testing be conducted without the presence of a Maryland Casualty Company representative.

As such, please make sure your expert(s) are available and present. I cannot guarantee future inspections. Please be advised, that all inspections of the above referenced property will



SCANNED
Claim #: 5620101177-001
APR 7 R 2004

August 3, 2003
Page 2

continue to be coordinated by my office. No inspection is to take place without my presence at the inspection. Thank you for your cooperation in this matter. Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Melissa N. Murrah

MNM:mcc

SCANNED

**EXHIBIT "D"**


SCANNED
APR 9 2004

THOMAS C CLARK, PE
8704 BALTUSROL DRIVE
FLOWER MOUND, TX 75022
817-567-0067
FAX 817-567-0063

8-15-03

American Equity Insurance Company
2401 W. Peoria
Suite 120
Phoenix, AZ 85029

Attn: Mr. Tom McIlheran

Ref: Insured: Mobile Crane Service
     Claim # 56386
     Fiberbond Bldg./Powerware Equipment

Subject: Condition of Building and Equipment

Dear Mr. McIlheran:

On 8-15-03, per your request, I went to Fiberbond Corporation, Minden, LA. to examine the condition of the Fiberbond shelter and the Powerware UPS equipment inside. The unit has been stored in Fiberbond's construction yard since being returned there approximately June of 2002, after having been rejected by Lowe-North Construction and others.

The Fiberbond shelter is a pre-fab building measuring 12' X 24', weighing approximately 55,000 lbs. and constructed of concrete, insulation board, plywood and fiberglass. The Powerware equipment is a 50-kvà UPS system complete with a battery pack and batteries, an uninterruptible power switching system, and a bypass maintenance module. The Powerware equipment was shipped direct to Fiberbond for installation in the shelter prior to final shipment. The shelter also contains a main power panel of 120/208, 3phase, 4 wire, 100 amp; a hydrogen detector; a unit heater-air conditioner, thermostats; an alarm terminal cabinet for remote monitoring; a copper ground bus module; a Vidmar work bench; and a Vidmar metal storage cabinet with shelves.



SCANNED

APR 2 8 2004

Page 2

## I.    Condition of Shelter:
   (Refer to pictures labeled:  I-A, I-B, I-C, I-D, I-E, I-F)

The shelter is damaged only in the flooring area and in the very middle of the floor.  (See picture I-C)  Apparently the shelter was suddenly set down approximately 3' onto a 3" rigid conduit that was sticking up out of the concrete slab.  The construction method of the floor absorbed much of the shock from being lowered improperly.  The flooring is constructed of concrete beams that are placed 12-18" apart for structural support.  The floor topping consists of a layer of lightweight concrete 1 ½ - 2" thick, plywood, fiberglass, and floor tile.

The conduit poked upward into the flooring between the concrete beams therefore easily punching through the thin flooring at that point.  The ease at which the damage was done caused very little shock to the shelter construction and the equipment within.  No shifting of the shelter components were noted at the seams of the unit.  (See picture I-B)  The mounting of the outside air-conditioned unit shows no signs of shock or shifting.  (See picture I-D)  The door of the unit works properly and would normally be the first sign of a problem with structural degradation.

## II.  Condition of Equipment within Unit:

Beginning with the main electrical panel and all of the conduits running around the shelter; none show signs of shifting position due to shock.  The conduits were installed by Fiberbond and are mounted simply with one-hole straps.  None of them have moved and are still electrically intact.  (See pictures II-A, II-B)

The equipment was never hooked up, powered up, or tested at the site.  The battery packs have never been hooked together electrically and their connectors remain strapped in their shipping position.  (See picture II-E)  They show no signs of wear or usage.  We found one battery out of 20 total that showed signs of oxidation near the terminal.  (See picture II-F)  That could easily be due to the fact that the unit has sat with no conditioned air for a year.

We looked very hard for signs that the electronic components in the UPS unit and the bypass module unit had taken a severe blow.  First, none of the bolted wiring connections were loose or had shifted.  (See pictures II-G, II-H, II-I)  The larger bolted connections could be returned to factory specs without much effort. The circuit breakers had not tripped, which generally happens when they sustain a mechanical blow.  (See pictures II-J, II-K)  When operated and tripped with the test button, they performed properly.



**SCANNED**

APR 9 R 9AA4

Page 3

We examined the main circuit boards in each of the units to determine if either had apparent physical damage. (See pictures II-L, II-M) They had none. Admittedly, a circuit board can get a crack in the printed circuit portion of the board and go undetected until completely tested. However these boards could be completely replaced for $1,500 - $2,000 each if necessary. There are several large capacitors in the inverter portion of the electronics that show no apparent physical damage but would need to be tested prior to energization simply because they have sat unused in hot and humid conditions for so long. However, we see no leaking of the electrolyte coming from these units indicating a problem. (See pictures II-O, II-P)

The only damage we found was on the UPS unit control panel. Someone has broken the handle on an "on-off" selector switch and that would need replacing prior to operation. None of the interior components, in general, show any signs of coming loose or being disconnected due to the setting of the equipment. (See pictures II-Q, II-R)

Repair/Usability of Shelter and Equipment:

Mr. Mike Perdoza, the project manager for Fiber bond, showed us the unit. Mike stated that other units have come back in from the field in similar condition and are patched back up and re-shipped. This unit is still in excellent condition and has been kept in good care and custody by Fiberbond. Fiberbond had connected power to the unit per my request for checking misc. Circuitry, lamps, etc. However, the representative from Zurich Insurance, Mr. Cody Cowan, the present "owner" of the equipment had arrived before we did and instructed Fiberbond to remove power so that no electrical testing could be done.

Repair of the unit to original condition could be accomplished with the following items being repaired/replaced:
1. Remove floor mounted equipment and replace floor – reset equipment        $10-$12,000.
2. Clean and recharge batteries        $-0-
3. Replace main printed circuit boards (2) – if necessary        $4,000.
4. Test power supply capacitors & replace if necessary        $2,400.
5. Replace selector switch        $200.
6. Check and commission unit by Powerware Tech        $500.

If I can offer further explanation or assessment, please call or fax.

Sincerely,

Thomas C. Clark, P.E.
Texas Registration #43525

SCANNED

APR 2 6 2004

**EXHIBIT "E"**



SCANNED

APR 2 6 2004

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE<br>COMPANY, As Subrogee of<br>LOWE-NORTH CONSTRUCTION | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| VS. | § <br> § | CAMERON COUNTY, TEXAS |
| MOBILE CRANE SERVICE, INC.,<br>JESUS FRANCISCO AVALOS, RS<br>INFORMATION SYSTEMS, INC AND<br>DAVE BRUGGEMANN, INDIVIDUALLY,<br>AND d/b/a CASCADE SUMMIT ELECTRIC | § <br> § <br> § <br> § <br> § | <br><br><br><br>103rd JUDICIAL DISTRICT |

## <u>AFFIDAVIT OF JOHN EARNHEART</u>

STATE OF TEXAS § <br>
§ <br>
COUNTY OF _HARRIS_ §

BEFORE ME, the undersigned authority, personally appeared John Earnheart who, being by me duly sworn, deposed as follows:

"My name is John Earnheart. I am of sound mind, over the age of eighteen (18) years, am fully competent to make this Affidavit, and have personal knowledge of the facts herein stated.

"I am employed as a field service engineer by MGE UPS Systems, and I am the Team Leader in the Houston Area. In my position, I regularly inspect and evaluate problems with UPS systems. I am attaching a copy of my resume/CV outlining my qualifications.

I was retained by Zurich American Insurance Company to participate in a non-destructive inspection of a Powerware UPS system on August 15, 2003 at Fiberbond Corporation, 1300 Davenport Dr., Minden, LA 71055. During the inspection I photographed and observed a Fiberbond Transition Power Maintenance Shelter housing a Powerware UPS system. The shelter was damaged in the middle of the floor, reportedly from being dropped on rigid conduit. Upon inspection of the UPS system, it was observed that caps on the UPS system had shifted and there was damage to the PC Board, which would create an electrical hazard if the unit was energized.

Zuru/Lowe/Affidavit.Earnheart

SCANNED

APR 2 6 2004

To power the UPS system, it would require a 480 volt, 3 phase power plus ground system. It would be unsafe to connect the damaged Powerware UPS system up to 480 volts of electricity without replacing and testing damaged components.

John Earnheart

SUBSCRIBED and SWORN TO before me, by John Earnheart, who is known personally to me, the undersigned Notary Public, on this ___21___ day of ___APRIL___, 2004, to certify which witness my hand and seal of office.

Deborah T Koenig
My Commission Expires
August 14, 2004

Notary Public In and For
The State of Texas

Zmu/Lowe/Affidavit.Earnheart

SCANNED
APR 2 8 2004

**EXHIBIT "F"**



FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR 1 1 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |
| and JESUS FRANCISCO AVALOS | | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of LOWE-NORTH CONSTRUCTION ("Plaintiff"), and files this, its First Amended Petition complaining of MOBILE CRANE SERVICE, INC., and JESUS FRANCISCO "FRANK" AVALOS, an individual, ("Defendants") and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY PLAN – LEVEL THREE

Plaintiffs plead that discovery be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### 2. PARTIES

Plaintiffs are insurance corporations duly authorized to conduct business in the State of Texas. Plaintiffs file this lawsuit as subrogee of and in the name of LOWE-NORTH CONSTRUCTION ("Lowe"). However, the undersigned counsel for Plaintiff does not represent Lowe, and is not authorized to accept service, pleadings, or discovery on their behalf.

Defendant MOBILE CRANE SERVICE, INC. ("Mobile") has appeared and answered in this cause.

**SCANNED**

APR 9 6 2004

Defendant JESUS FRANCISCO "FRANK" AVALOS is a natural person and may be served with Plaintiff's First Amended Original Petition by Certified Mail, Return Receipt Requested at Post Office Box 951, Alamo, TX 78516. This Defendant may also reside at 518 E. Duranta, and/or at 813 Thorn, Alamo, Texas, 78516. Jesus Francisco "Frank" Avalos' last known telephone number was (956) 787-9969.

**\*\*Service is requested at this time\*\***

### 3. JURISDICTION

The Court has jurisdiction over the Defendants because the Defendants are residents of Texas, have established minimum contacts with the State of Texas and are amenable to service by a Texas Court. The Court has jurisdiction over the amount in the controversy because the damages are within the jurisdictional limits of this Court.

### 4. VENUE

Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), as the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### 5. FACTS

Plaintiff, Lowe-North Construction, is engaged in the business of general construction contracting. Plaintiff would show it they contracted with Mobile Crane Service, Inc. to unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system for the National Oceanic and Atmospheric Association (NOAA), Brownsville, Texas. On or about March 27, 2002, Defendant Mobile Crane Service, Inc. and the operator of the crane, Defendant Jesus Francisco "Frank" Avalos, negligently dropped the

SCANNED

APR 7 8 9004

Transition Power Maintenance Shelter System building containing the UPS system while trying to lower the shelter into final installation position. The shelter landed on a conduit, damaging the shelter and UPS system and causing substantial property damage.

## 6. NEGLIGENCE

Plaintiff would show that the incident, with the resulting property damage, was proximately caused by both Defendants' negligent, careless and reckless disregard of duty, which consisted of, but is not limited to the following acts and omissions:

a. Defendants failed to exercise ordinary and reasonable care in the unloading Transition Power Maintenance Shelter System in question;

b. Defendants failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position.

c. Defendants failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

d. Defendant JESUS FRANCISCO "FRANK" AVALOS, individually, failed to operate the crane with ordinary and reasonable care, and lost control of the load being lifted, causing damage to it.

e. Defendants substituted a lighter crane model than that ordered and specified by Plaintiff's insured, using a 115-ton crane instead of the 175-ton crane ordered, which also caused the loss of control of and damage to the Transition Power Maintenance Shelter System being lowered and positioned.

Each of the above and foregoing acts of negligence on the part of Defendants was a proximate cause of the damages suffered by Plaintiff. Nothing Lowe did or failed to do, in any way, caused or contributed to the occurrence in question.

## 8. DAMAGES

Plaintiff would show that as a result of the accident proximately caused by the Defendants, Plaintiff has paid to replace the Transition Power Maintenance Shelter System and Uninterruptible

SCANNED

APR 9 R 2004

Power Supply system. Plaintiff is subrogated to the rights of Lowe, and may enforce in the name of Lowe any claim for recovery against any responsible parties.

## 9. CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this cause.

## 10. FOR THE COURT ONLY

Plaintiff, Zurich, would show that it was the builders risk insurance carrier for Lowe, providing coverage for property loss, which forms the basis of this lawsuit. As a result of the incident, Plaintiff has paid insurance benefits to and/or on behalf of Lowe. Plaintiff is herein subrogated to the rights which Lowe may have against any third-party as the result of the third-party's legal liability. As such, pursuant to the provision of the policy of insurance and/or Plaintiff's equitable subrogation rights, Plaintiff is the real party at interest and has become subrogated to the claim of Lowe against the Defendants in this case, and is entitled to recover from Defendants the full amount of actual damages caused by Defendants and paid by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be required to appear and answer herein, and that upon final trial, Plaintiffs recover judgment against Defendants, in a sum in excess of the minimal jurisdictional limits of the Court, together with pre-judgment interest thereon at the maximum legal rate and post-judgment interest at the maximum legal rate, plus costs of court and attorney's fees, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs shall show themselves justly entitled.

**SCANNED**

APR ? 6 7008

Respectfully submitted,

KELLY, SMITH & MURRAH, P.C.

Melissa Nance Murrah
State Bar No. 00788104
J. Stephen Ryan
State Bar No. 17476100
4305 Yoakum Blvd.
Houston, Texas   77006
Phone: (713) 861-9900
Fax:    (713) 861-7100
**Attorneys for Plaintiff**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all known counsel of record on this the ___10___ day of March, 2004, in accordance with Texas Rules of Civil Procedure.

Melissa Nance Murrah

**SCANNED**

APR 2 6 2004

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE CO. | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 103RD JUDICIAL DISTRICT |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | |
| DEFENDANT, | § | CAMERON COUNTY, TEXAS |

**ORDER**

IT IS ORDERED that Oscar Ortega who is over the age of 21 an adult employee of

Access Legal Support of Hidalgo County whose address is P.O. Box 6752 McAllen, TX. And is

not a party to this lawsuit and never been convicted of a felony be authorized and empowered as

an officer of this court to serve Citations, Writs and other process in the above entitled and

number cause.

SIGNED this _20th_ day of __April__, 2004.

_____
JUDGE PRESIDING

04/21/04 COPIES TO:

HON. MELISSA NANCE MURRAH
HON. JOHN SKAGGS
OSCAR ORTEGA - CC

FILED __1:30__ O'CLOCK ____M
AURORA DE LA GARZA DIST CLERK

APR 20 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS



SCANNED
APR 23 2004

COPY

FILED 4:30 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK
APR 23 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

## AFFIDAVIT

THE STATE OF TEXAS      )
                        ) ss.
COUNTY OF TARRANT       )

BEFORE ME, **THOMAS C. CLARK** , the undersigned authority, on this day personally appeared , who by me being duly sworn on his oath, deposed and says:

"My name is Thomas C. Clark. I am over the age of 18 and have never been convicted of a felony or crime of moral turpitude.

On August 15, 2003, I went to the Fiberbond Corporation in Minden, Louisiana to determine the damage to the Fiberbond shelter and the Powerware UPS equipment inside. I am a professionally licensed engineer. I had previously arranged with a representative of Fiberbond to have power brought out to the unit so that I could perform electrical testing.

Representatives from Zurich were also at the Fiberbond Corporation site. They instructed Fiberbond representatives not to power up the unit. They told me and Fiberbond representatives that the unit belonged to them and that they would not permit electrical testing. They never told me that they had safety concerns about testing the unit. They never informed me that they wanted agreed to protocols before the unit could be powered up. They never informed me that there was a risk of fire if the unit was powered up.

I visually inspected the unit.  In my professional opinion, there was nothing that would have caused a fire or other safety concern by allowing the unit to be powered up.  Circuit brakers in the unit would have stopped any risk of fire.  There was also no risk of further damaging the unit by allowing it to be powered up."

FURTHER AFFIANT SAITH NOT



THOMAS C. CLARK

SUBSCRIBED AND SWORN to before me, on this the ___16+th___ day of ___March___, 2004, to certify which witness my hand and seal of office.

Bonnie Phelps
Notary Public in and for the State of Texas

My commission expires:  9-9-06

BONNIE JO PHELPS
Notary Public, State of Texas
My Comm. Expires 9-9-2006



ORIGINAL

FILED O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
APR 2 2 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Reynaldo _____ DEPUTY

## CAUSE NO. 2003-10-5083-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTURCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC., | § | |
| JESUS FRANCISCO AVALOS, | § | |
| RS INFORMATION SYSTEMS, INC., | § | |
| AND DAVE BRUGGEMANN, | § | |
| INDIVIDUALLY AND d/b/a CASCADE | § | |
| SUMMIT ELECTRIC | § | 103rd JUDICIAL DISTRICT |

### DEFENDANT RS INFORMATION SYSTEMS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RS INFORMATION SYSTEMS, INC., Defendant in the above-numbered and entitled cause, and reserving the right to file other and further pleadings, exceptions, and denials, files this it's Original Answer to Plaintiff's Second Amended Petition and any party seeking affirmative relief from it heretofore filed and would respectfully show the Court the following:

1.      As authorized by Rule 92, Texas Rules of Civil Procedure, Defendant asserts a general denial, and denies that it is liable to Plaintiff and any party seeking affirmative relief from it under any legal theories or causes of action and further demands that Plaintiff and any party seeking affirmative relief from it be required to prove its claims and allegations by a preponderance of the credible evidence.  Defendant hereby demands a trial by Jury.

2.      Pleading in the alternative, Defendant would state that the occurrence in question was the result of and solely caused by persons, factors, instrumentalities, circumstances and conditions over which it had no control or right of control.



SCANNED
APR 3 0 2004

3.    Pleading in the alternative, Defendant would show that all of Plaintiff's alleged causes of action are barred by the applicable Statutes of Limitation and the interpretative case law, and thus should be dismissed. Alternatively, all of Plaintiff's claims are stale and hence barred by the Doctrine of Laches.

4.    Pleading in the alternative, Defendant would state that to the extent that Plaintiff has sustained any damages, Plaintiff failed to take timely, proper and reasonable steps to Mitigate Damages, if any. Pleading further, Defendant invokes the Doctrine of Avoidable Consequences.

5.    Pleading in the alternative, on the occasion in question, Plaintiff was himself guilty of acts, wrongs and omissions, each of which constituted negligence, misuse, negligence per se and comparative responsibility, and each of which was the sole cause, and alternatively, a proximate and producing cause of the occurrence in question and the alleged damages.

6.    Pleading in the alternative, if the same be necessary, Defendant says that on the occasions in question and under the circumstances that existed at the time of the matters made the basis of this lawsuit, there was no legal duty on the part of Defendant to the Plaintiff herein. Moreover, if there was any legal duty owing, there was no breach of such. Defendant would plead that Plaintiff's Petition fails to state a cause of action recognizable under Texas law for which relief can be obtained.

7.    Pleading in the alternative, Defendant denies that any alleged misrepresentations constituted an inducement to Plaintiff and further denies that any alleged misrepresentations were a producing cause and/or proximate cause of the incident which gives rise to this lawsuit.

2



SCANNED

APR 3 0 2004

8.    Pleading further in the alternative, Defendant specifically pleads and reserves the following rights as guaranteed by Chapter 33, Texas Civil Practice & Remedies Code:

a.    The right to elect the application of credit toward any judgment which may be obtained in this case;

b.    The right to determination by the trier of fact on the issues of the percentage of responsibility of each claimant, each defendant, each contributing person, each liable defendant and each settling person;

c.    The right to a full reduction or limitation of any sums which may be recovered by the claimant; and

d.    The right to contribution from any other person or entity found to be liable to the Plaintiff.

9.    Pleading further in the alternative, this Defendant would assert that consideration has failed in whole or in part.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing hereof, Plaintiff recover nothing of and from this Defendant and that this Defendant receive all costs of Court and such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN, DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504
(956) 630-3080 Telephone
(956) 630-0189 Facsimile

BY: 

Jody Ray Mask
State Bar No. 24010214

ATTORNEYS FOR DEFENDANT
RS INFORMATION SYSTEMS, INC.

3

SCANNED

APR 3 0 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following parties, pursuant to the Texas Rules of Civil Procedure, on this 20th day of April, 2004, as follows:

Melissa Nance Murrah
J. Steven Ryan
KELLY, SMITH & MURRAH, P.C.
4305 Yoskum Blvd.
Houston, TX 77006

Jody Ray Mask

4

**SCANNED**

CAUSE NO. 2003-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, AS SUBROGEE OF | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | 103rd JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

In accordance with Tex. R. Civ. P. 191.4, Plaintiff, Zurich American Insurance Company, as Subrogee of Lowe-North Construction files this Certificate of Written Discovery, whereby it is certified that the following written discovery has been duly served upon all known opposing counsel on the 21st day of April, 2004, pursuant to Tex. R. Civ. P. 21 and 21a.

1.  Identification of Discovery and Related Material:

   **Plaintiff, Zurich American Insurance Company, as Subrogee of Lowe-North Construction, Responses to Defendants' First Set of Interrogatories;**

   **Plaintiff, Zurich American Insurance Company, as Subrogee of Lowe-North Construction, Responses to Defendants' Request for Production; and**

   **Plaintiff, Zurich American Insurance Company, as Subrogee of Lowe-North Construction, Responses to Defendants' Request for Disclosure.**

2.  Counsel or Party to Whom Sent:

The foregoing discovery was served on all counsel of record as set forth below:

Via Certified Mail, R.R.R.
Lynse Larance
Skaggs & Gonzalez, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

FILED 10:00 O'CLOCK ____ A ____ M
AURORA DE LA GARZA DIST. CLERK

APR 27 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

SCANNED

APR 3 0 2004

Respectfully submitted,

KELLY, SMITH & MURRAH, P.C.

_____

Melissa Nance Murrah
State Bar No. 00788104
Kenneth J. Irwin
State Bar No. 10426950
4305 Yoakum Blvd.
Houston, Texas 77006
713/861-9900
713/861-7100 – Facsimile

ATTORNEY FOR PLAINTIFF,
ZURICH AMERICAN INSURANCE COMPANY,
AS SUBROGEE OF LOWE-NORTH
CONSTRUCTION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 21st day of April, 2004.

Lynse Larance
Skaggs & Gonzalez, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

_____

KENNETH J. IRWIN

SCANNED
APR 2 0 2004

FILED *10:50* O'CLOCK _A_ M
AURORA DE LA GARZA CLERK

MAY 03 2004

DISTRICT COURT OF CAMERON CO. TEXAS

*Yolanda Zamora*

## CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC., | § | |
| JESUS FRANCISCO AVALOS, RS | § | |
| INFORMATION SYSTEMS, INC. AND | § | |
| DAVE BRUGGEMANN, INDIVIDUALLY | § | |
| AND d/b/a CASCADE SUMMIT ELECTRIC | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT, DAVE BRUGGEMAN, (INCORRECTLY NAMED AS DAVE BRUGGEMANN), INDIVUALLY, AND d/b/a CASCADE SUMMIT ELECTRIC'S, SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Dave Bruggeman, (Incorrectly named as Dave Bruggemann) Individually, and

d/b/a Cascade Summit Electric, Defendant ("Bruggeman" or "Defendant"), in the above-entitled and

numbered cause, and presents this his Special Appearance under Texas Rule of Civil Procedure

120(a), and in support thereof would respectfully show as follows:

### I.

This Special Appearance is made to the entire proceeding.

### II.

This Special Appearance is filed prior to any Motion to Transfer or any other pleading, or

motion filed by the Defendant.

51739:1103318.1:042904

**SCANNED**

MAY 07 2004

## III.

Defendant Bruggermann specifically denies all of the allegations in Plaintiff's Second Amended Petition that attempts to assert or show personal jurisdiction over him.

## IV.

This court lacks personal jurisdiction over Defendant and Defendant is not amenable to process issued by the courts of this State in this cause for the following reasons:

(a)    Defendant is not a resident of the State of Texas but, instead, is a resident of, and has his principal place of business in the State of Oregon;

(b)    Defendant does not maintain a place of business in Texas and has no employees, servants, or agents in Texas. Further, Defendant was not qualified to do business in the State of Texas and is not required to do so. Defendant has not appointed any agent for service of process in the State of Texas and is not required to do so;

(c)    Defendant does not do business in the State of Texas on a regular, systematic, or continuous basis; Defendant has not committed any tort, in whole or in part, in Texas; and

(d)    Defendant does not have sufficient minimum contacts with Texas to justify imposing personal jurisdiction, and the exercise of jurisdiction over Defendant would violate the Fourteenth Amendment to the United States Constitution.



SCANNED

MAY 0 7 2004

WHEREFORE, PREMISES CONSIDERED, Defendant, Dave Bruggeman, (Incorrectly named as Dave Bruggemann) Individually, and d/b/a Cascade Summit Electric, prays that the Court dismiss the Plaintiff's claim due to lack of personal jurisdiction.

Respectfully submitted,


Will W. Pierson
State Bar No. 16003100
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808 Telephone
(361) 884-7261 Facsimile
ATTORNEY FOR DEFENDANT
DAVE BRUGGEMAN, (INCORRECTLY
NAMED AS DAVE BRUGGEMANN)
INDIVIDUALLY, AND d/b/a CASCADE
SUMMIT ELECTRIC

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


SCANNED
MAY 0 7 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by the method indicated below on this the 30th day of April, 2004.

**VIA FACSIMILE (713) 861-7100**
Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Boulevard
Houston, Texas 77006
*Counsel for Plaintiff*

**VIA FACSIMILE (956) 630-6570**
Lynse S. Larance
Skaggs & Gonzales, L.L.P.
710 Laurel Ave.
McAllen, Texas 78501
*Counsel for Defendant*
*Mobile Crane Service, Inc.*

Of Royston, Rayzor, Vickery & Williams, L.L.P.

51739:1103318.1:042904                    -4-


SCANNED
MAY 0 7 2004

## AFFIDAVIT

STATE OF OREGON          §
                         §
COUNTY OF HOOD RIVER     §

BEFORE ME, the undersigned authority, on this day personally appeared David Bruggeman (incorrectly named by Plaintiff as "Dave Bruggemann") who, by me, duly swore on his oath, deposed and said that he is authorized to make this Affidavit on his own behalf and on behalf of Cascade Summit Electric, that he has read the foregoing Special Appearance and that every statement contained therein is true and correct, and is based upon his personal knowledge.

*David Bruggeman*
Dave Bruggeman

*Cheryl a. Moore*
Notary Public in and for the State of Oregon

My Commission Expires: October 22, 2006

```
OFFICIAL SEAL
CHERYL A MOORE
NOTARY PUBLIC-OREGON
COMMISSION NO. 362288
MY COMMISSION EXPIRES OCT 22, 2006
```

SCANNED

MAY 07 2004

FILED [[...] O'CLOCK [...] M

MAY 0 3 2004

DISTRICT COURT OF [...] TEXAS

CAUSE NO. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC., | § | |
| JESUS FRANCISCO AVALOS, RS | § | |
| INFORMATION SYSTEMS, INC. AND | § | |
| DAVE BRUGGEMANN, INDIVIDUALLY | § | |
| AND d/b/a CASCADE SUMMIT ELECTRIC | § | 103RD JUDICIAL DISTRICT |

**DEFENDANT, DAVE BRUGGEMAN, (INCORRECTLY NAMED AS DAVE BRUGGEMANN) INDIVIDUALLY, AND d/b/a CASCADE SUMMIT ELECTRIC'S, ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION, SUBJECT TO DEFENDANT'S SPECIAL APPEARANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dave Bruggeman, (incorrectly named as Dave Bruggemann) Individually, and d/b/a Cascade Summit Electric, ("Defendant"), subject to and without waiving his Special Appearance, and in response to Plaintiff Zurich American Insurance Company, As Subrogee of Lowe-North Construction's Second Amended Petition, files this his Original Answer Subject to Defendant's Special Appearance and herein answers as follows:

**I.**

**GENERAL DENIAL**

Defendant asserts a general denial, subject to and without waiver of his special exceptions, as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the

51739:1103387.1:042904

SCANNED

MAY 07 2004

Plaintiff be required to prove the charges and allegations made against the Defendant by a preponderance of evidence as required by the Constitution and laws of the State of Texas.

## II.

### AFFIRMATIVE DEFENSES

A.    Defendant would show that any and all damages suffered by Plaintiff arose from the acts and/or omissions of third-parties unrelated to Defendant and that such acts and/or omissions were the sole, or alternatively, intervening or proximate causes of Plaintiff's damages.

B.    Defendant would show that any and all damages suffered by Plaintiff were proximately caused by the Plaintiff's sole or contributory negligence.

WHEREFORE, PREMISES CONSIDERED, Defendant Dave Bruggeman, Individually, and d/b/a Cascade Summit Electric, prays that this Court grant its Special Appearance and dismiss Plaintiff's causes of action against Defendant due to a lack of personal jurisdiction over the Defendant; alternatively, Defendant prays that upon final trial and hearing hereof that Defendant have judgment on his behalf, together with costs, and have such other and further relief, general and special, at law or in equity, to which he may show himself to be justly entitled.



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon

all counsel of record by the method indicated below on this the 30th day of April, 2004.

**VIA FACSIMILE (713) 861-7100**
Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Boulevard
Houston, Texas 77006
*Counsel for Plaintiff*

**VIA FACSIMILE (956) 630-6570**
Lynse S. Larance
Skaggs & Gonzales, L.L.P.
710 Laurel Ave.
McAllen, Texas 78501
*Counsel for Defendant*
*Mobile Crane Service, Inc.*

Of Royston, Rayzor, Vickery & Williams, L.L.P.

SCANNED
MAY 0 7 2004

Plaintiff be required to prove the charges and allegations made against the Defendant by a preponderance of evidence as required by the Constitution and laws of the State of Texas.

## II.

## AFFIRMATIVE DEFENSES

A.      Defendant would show that any and all damages suffered by Plaintiff arose from the acts and/or omissions of third-parties unrelated to Defendant and that such acts and/or omissions were the sole, or alternatively, intervening or proximate causes of Plaintiff's damages.

B.      Defendant would show that any and all damages suffered by Plaintiff were proximately caused by the Plaintiff's sole or contributory negligence.

WHEREFORE, PREMISES CONSIDERED, Defendant Dave Bruggeman, Individually, and d/b/a Cascade Summit Electric, prays that this Court grant its Special Appearance and dismiss Plaintiff's causes of action against Defendant due to a lack of personal jurisdiction over the Defendant; alternatively, Defendant prays that upon final trial and hearing hereof that Defendant have judgment on his behalf, together with costs, and have such other and further relief, general and special, at law or in equity, to which he may show himself to be justly entitled.



SCANNED

MAY 0 7 2004

Respectfully submitted,

Will W. Pierson
State Bar No. 16003100
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808 Telephone
(361) 884-7261 Facsimile
ATTORNEY FOR DEFENDANT
DAVE BRUGGEMAN, (Incorrectly named as Dave
Bruggemann) INDIVIDUALLY, AND d/b/a
CASCADE SUMMIT ELECTRIC

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

51739:1103387.1:042904                    -3-



SCANNED

MAY 07 2004

## Cause No. 2003-10-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INS. CO. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 103RD JUDICIAL DISTRICT |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | CAMERON COUNTY, TEXAS |

## ORDER

IT IS THEREFORE, ORDERED ADJUDGED AND DECREED that any employee or agent of Lone Star Attorney Service who is over the age of eighteen, never been convicted of a felony and not a party to or interested in the outcome of this lawsuit be authorized and empowered as officer of the Court to execute all processes and writs in the above captioned cause.

SIGNED AND ENTERED this the _____ Day of April, 2004.

APR 3 0 2004

COPIES TO:

HON. MELISSA N. MURRAH
HON. JOHN SKAGGS
HON. JODY RAY MASK

JUDGE PRESIDING
103RD DISTRICT COURT

FILED 4:30 O'CLOCK ___ P.M
AURORA DE LA GARZA DIST CLERK

APR 29 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

SCANNED

MAY 0 4 2004

Citation for Personal Service _____    Lit. Seq. # 7.005.01

No. 2003-10-005085-D

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CASCADE SUMMIT ELECTRIC _____
PMB 173, 2149 W. CASCADE _____
SUITE 106 A _____
HOOD RIVER, OREGON 97031 _____
the THIRD PARTY DEFENDANT, BY SERVING IN DUPLICATE COPIES TO THE
SECRETARY OF STATE (STATUTORY DOCUMENTS)
P. O. BOX 12079 AUSTIN, TX 78711-2079 _____, GREETING:

You are commanded to appear by filing a written answer to the

ORIGINAL THIRD PARTY PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas. Said _____ PETITION _____ was filed on

_MARCH 23, 2004_ . A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
VS.
MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____ LYNSE S. LARANCE _____

(Attorney for _____ DEFENDANT _____), whose address is

710 LAUREL MCALLEN, TEXAS 78502-2285 _____.

The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to

requirements of law, and the mandates thereof, and make due return as the law

directs.

Issued and given under my hand and seal of said Court at Brownsville,

Texas, this the 24th day of _MARCH_ , A.D. 2004.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By _____, Deputy

SCANNED
MAY 12 2004

RETURN OF OFFICER

Came to hand the _____ day of _____, _____, at _____ o'clock __.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County, TEXAS

By _____ Deputy



MAY - 6 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only: No Insurance Coverage Provided)

AUSTIN, TX 78711

| Postage | $ | 1.06 | UNIT ID: 0048 |
| Certified Fee | | 2.30 | |
| Return Receipt Fee (Endorsement Required) | | 1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | | Clerk: K04K1C |
| Total Postage & Fees | $ | 5.11 | 04/26/04 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
TX Sec. of State
Street, Apt. No.; or PO Box, No.
PO Box 12079
City, State, ZIP+4
Austin, TX 78711 -2079

PS Form 3800, February 2000          See Reverse for Instructions

SCANNED
MAY 12 2004

Citation for Personal Service - <u>NON-RESIDENT NOTICE</u>   Lit. Seq. # <u>7.004.01</u>

No. <u>2003-10-005085-D</u>

# ORIGINAL

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>RS INFORMATION SYSTEMS, INC.</u>
<u>ITS REGISTERED AGENT</u>
<u>CORPORATION SERVICE CO.</u>
<u>701 BRAZOS STREET, STE 1050</u>
<u>AUSTIN, TEXAS 78701</u>

the <u>THIRD PARTY DEFENDANT</u>, GREETING:

You are commanded to appear by filing a written answer to the

<u>ORIGINAL THIRD PARTY PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>103rd</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ <u>PETITION</u> _____ was filed on <u>MARCH 23, 2004</u> . A copy of same accompanies this citation.

The file number of said suit being No. <u>2003-10-005085-D</u>.

The style of the case is:

<u>ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF</u>
<u>VS.</u>
<u>MOBILE CRANE SERVICE, INC.</u>

Said petition was filed in said court by _____ <u>LYNSE S. LARANCE</u>
(Attorney for _____ <u>DEFENDANT</u> _____ ), whose address is
<u>710 LAUREL MCALLEN, TEXAS   78502-2285</u>                .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>24th</u> day of <u>MARCH</u> , A.D. <u>2004</u>.

AURORA C DE LA GARZA   , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

BY Bonnie L. Warford   , Deputy

SCANNED

MAY 12 2004

R E T U R N  O F  O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County,

By _____ Deputy





FILED 9:00 O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK
MAY - 6 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

AUSTIN, TX 78701

| | | UNIT ID: 0048 |
|---|---|---|
| Postage | $ 0.60 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | Clerk: K04K1C |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 4.65 | 04/26/04 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
RS Info. Systems Inc. c/o Corp Svc Co.
Street, Apt. No.; or PO Box No.
701 Brazos St. Ste. 1050
City, State, ZIP+4
Austin, TX 78701

PS Form 3800, February 2000     See Reverse for Instructions

SCANNED
MAY 1 2 2004

Citation for Personal Service – NON-RESIDENT NOTICE   Lit. Seq. # 7.008.01

No. 2003-10-005085-D

ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UNITED STATES ATTORNEY MICHAEL T.SHELBY
UNITED STATES DEPARTMENT OF
JUSTICE, US ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF TEXAS
910 TRAVIS STREET
HOUSTON, TEXAS 77208
the THIRD PARTY DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

ORIGINAL THIRD PARTY PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on __MARCH 23, 2004__. A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
VS.
MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____LYNSE S. LARANCE_____
(Attorney for _____DEFENDANT_____ ); whose address is
710 LAUREL MCALLEN, TEXAS 78502-2285.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of __MARCH__, A.D. 2004.

AURORA DE LA GARZA_____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: Connie L. Warford_____ , Deputy

SCANNED
MAY 2 1 2004

RETURN O OFFICER

Came to hand the 4TH day of May , 2004 , at 9:15 o'clock A.M., and
@ 3.05pm
executed (not executed) on the 4TH day of May , 2004 , by delivering to
UNITED STATES ATTORNEY MICHAEL T. SHELBY, UNITED STATES
DEPARTMENT OF JUSTICE, U.S. ATTORNEYS OFFICE in person a true copy of this Citation,
SOUTHERN DISTRICT OF TEXAS, BY DELIVERING TO CAROLE DANNHEIM, LEGAL ASSISTANT
upon which I endorsed the date of delivery, together with the accompanying copy

of the ORIGINAL THIRD PARTY PETITION .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy                    — MYRON SMITH
                                    AUTHORIZED PERSON
Total....... $_____            Sheriff/constable    HARRIS    County,
                                                         SU.          BEFORE ME
Fees paid by:_____        By _____ THI: _____ Deputy

                                    NOTARY PUBLIC _____

                                    ┌─────────────────────────────┐
                                    │  ⭐  ANDREW C. MANGER         │
                                    │      Notary Public, State of Texas │
                                    │      My Commission Expires    │
                                    │      May 3  2007              │
                                    └─────────────────────────────┘

┌──────────────────────────────┐
│ FILED 2.00  O'CLOCK P  M      │
│ AURORA DE LA GARZA DIST. CLERK│
│                               │
│      MAY 1 4 2004             │
│                               │
│ DISTRICT COURT OF CAMERON COUNTY, TEXAS │
│ _____ DEPUTY    │
└──────────────────────────────┘

**SCANNED**
MAY 2 1 2004

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 7.006.01

No. 2003-10-005085-D

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UNITED STATES OF AMERICA
    AND DEPARTMENT OF COMMERCE,
    NATIONAL OCEANIC & ATMOSPHERIC
    ADMINISTRATION BY SERVING
    ATTORNEY GENERAL JOHN ASHCROFT, UNITED STATES DEPARTMENT OF JUSTICE
    950 PENNSYLVANIA AVE., NW.WASHINGTON, D.C. 20530-001
the THIRD PARTY DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

ORIGINAL THIRD PARTY PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on _ MARCH 23, 2004 _.  A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
VS.
MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____ LYNSE S. LARANCE (Attorney for _____ DEFENDANT _____ ), whose address is
710 LAUREL MCALLEN, TEXAS  78502-2285 _____ .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of _ MARCH _, A.D. 2004.

AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
_____ Connie L. Wayford _____ , Deputy

**SCANNED**

MAY 2 1 2004

RETURN OF OFFICER

Came to hand the _____ day of _____, _____, at _____ o'clock __.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County,

By _____ Deputy





SCANNED
MAY 2 1 2004

FILED _____ 9:00 ____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAY 1 8 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**CAUSE NO. 2003-10-5083-D**

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC., | § | |
| JESUS FRANCISCO AVALOS, | § | |
| RS INFORMATION SYSTEMS, INC., | § | |
| AND DAVE BRUGGEMANN, | § | |
| INDIVIDUALLY AND d/b/a CASCADE | § | |
| SUMMIT ELECTRIC | § | 103rd JUDICIAL DISTRICT |

<u>DEFENDANT/THIRD-PARTY DEFENDANT RS INFORMATION SYSTEMS, INC.'S
ORIGINAL ANSWER TO DEFENDANT/THIRD-PARTY PLAINTIFF
MOBILE CRANE SERVICE, INC.'S ORIGINAL THIRD-PARTY PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RS INFORMATION SYSTEMS, INC., Defendant/Third-Party

Defendant in the above-numbered and entitled cause, and reserving the right to file other

and further pleadings, exceptions, and denials, files this it's Original Answer to

Defendant/Third-Party Plaintiff's Original Third Party Petition and any party seeking

affirmative relief from it heretofore filed and would respectfully show the Court the

following:

1.    As authorized by Rule 92, Texas Rules of Civil Procedure, Defendant/Third-

Party Defendant asserts a general denial, and denies that it is liable to Defendant/Third-

Party Plaintiff and any party seeking affirmative relief from it under any legal theories or

causes of action and further demands that  Defendant/Third-Party Plaintiff and any party

seeking affirmative relief from it be required to prove its claims and allegations by a

preponderance of the credible evidence.   Defendant/Third-Party Defendant hereby

SCANNED

MAY 2 1 2004

demands a trial by Jury.

2.    Pleading in the alternative, Defendant/Third-Party Defendant would state that the occurrence in question was the result of and solely caused by persons, factors, instrumentalities, circumstances and conditions over which it had no control or right of control.

3.    Pleading in the alternative, Defendant/Third-Party Defendant  would show that all of  Defendant/Third-Party Plaintiff's alleged causes of action are barred by the applicable Statutes of Limitation and the interpretative case law, and thus should be dismissed. Alternatively, all of Defendant/Third-Party Plaintiff's claims are stale and hence barred by the Doctrine of Laches.

4.    Pleading in the alternative, Defendant/Third-Party Defendant would state that to the extent that    Defendant/Third-Party Plaintiff has sustained any damages, Defendant/Third-Party Plaintiff failed to take timely, proper and reasonable steps to Mitigate Damages, if any.  Pleading further, Defendant/Third-Party Defendant invokes the Doctrine of Avoidable Consequences.

5.    Pleading in the alternative, on the occasion in question,  Defendant/Third-Party Plaintiff was itself guilty of acts, wrongs and omissions, each of which constituted negligence, misuse, negligence per se and comparative responsibility, and each of which was the sole cause, and alternatively, a proximate and producing cause of the occurrence in question and the alleged damages.

6.    Pleading in the alternative, if the same be necessary, Defendant/Third-Party Defendant says that on the occasions in question and under the circumstances that existed

SCANNED

MAY 2 1 2004

at the time of the matters made the basis of this lawsuit, there was no legal duty on the part of Defendant/Third-Party Defendant to the Defendant/Third-Party Plaintiff herein. Moreover, if there was any legal duty owing, there was no breach of such. Defendant/ Third-Party Defendant would plead that Defendant/Third-Party Plaintiff's Petition fails to state a cause of action recognizable under Texas law for which relief can be obtained.

7.    Pleading further in the alternative, Defendant/Third-Party Defendant specifically pleads and reserves the following rights as guaranteed by Chapter 33, Texas Civil Practice & Remedies Code:

    a.    The right to elect the application of credit toward any judgment which may be obtained in this case;

    b.    The right to determination by the trier of fact on the issues of the percentage of responsibility of each claimant, each defendant, each contributing person, each liable defendant and each settling person;

    c.    The right to a full reduction or limitation of any sums which may be recovered by the claimant; and

    d.    The right to contribution from any other person or entity found to be liable to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Defendant prays that, upon a final hearing hereof, Defendant/Third-Party Plaintiff recover nothing of and from this Defendant/Third-Party Defendant and that this Defendant/Third-Party Defendant receive all costs of Court and such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

SCANNED

MAY 21 2004

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504
(956) 630-3080 Telephone
(956) 630-0189 Facsimile

BY: _____

    Jody Ray Mask
    State Bar No. 24010214

**ATTORNEYS FOR DEFENDANT/THIRD-PARTY DEFENDANT RS INFORMATION SYSTEMS, INC.**



## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following parties, pursuant to the Texas Rules of Civil Procedure, on this 17th day of May, 2004, as follows:

Melissa Nance Murrah
J. Steven Ryan
KELLY, SMITH & MURRAH, P.C.
4305 Yoskum Blvd.
Houston, TX 77006
*Via U. S. Regular Mail*

Lynse S. Larance
SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
*Via CM/RRR #7002 0460 0000 0089 6868*

Jody Ray Mask

Defendant/Third-Party Defendant RS Information Systems, Inc.'s Original Answer to Defendant/Third-Party Plaintiff Mobile Crane Service, Inc.'s Original Third-Party Petition - Page 5

SCANNED
MAY 2 1 2004

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 7.007.01

No. 2003-10-005085-D                    **ORIGINAL**

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ATTORNEY GENERAL JOHN ASHCROFT
    UNITED STATES DEPT. OF JUSTICE
    950 PENNSYLVANIA AVENUE
    NW, WASHINGTON, D.C. 20530-001

the THIRD PARTY DEFENDANT, GREETING:

    You are commanded to appear by filing a written answer to the

ORIGINAL THIRD PARTY PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____ MARCH 23, 2004 _____. A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005085-D.

The style of the case is:

        ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF
                        VS.
           MOBILE CRANE SERVICE, INC.

Said petition was filed in said court by _____ LYNSE S. LARANCE (Attorney for _____ DEFENDANT _____), whose address is 710 LAUREL MCALLEN, TEXAS 78502-2285 _____.

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of _____ MARCH _____, A.D. 2004.

               AURORA DE LA GARZA _____, DISTRICT CLERK
               Cameron County, Texas
               974 E. Harrison St.
               Brownsville, Texas 78521
               _____, Deputy

SCANNED
MAY 2 1 2004

RETURN OF OFFICER

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____          Sheriff/constable _____ County,

Fees paid by:_____          By _____ Deputy

FILED ____ o'clock ___ M
AURORA DE LA GARZA, CLERK
MAY 19 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

WASHINGTON, DC 20530          UNIT ID: 0048

| | | |
|---|---|---|
| Postage | $ | 0.60 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

Postmark Here
Clerk: K04K1C
04/26/04

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Atty Gen. John Ashcroft DOJ
Street, Apt. No.; or PO Box No.
950 Pennsylvania Ave. NW
City, State, ZIP+4
Washington DC 20530-001

PS Form 3800, February, 2000          See Reverse for Instructions

7000 0520 0000 3330 9840

SCANNED
MAY 21 2004