IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF LOWE-NORTH CONSTRUCTION | § § § § | United States District Court Southern District of Texas FILED AUG 1 3 2004 Michael N. Milby Clerk of Court |
| V. | § § | |
| MOBILE CRANE SERVICE, INC., JESUS FRANCISCO AVALOS, RS INFORMATION SYSTEMS, INC., AND DAVE BRUGGEMAN, INDIVIDUALLY and d/b/a CASCADE SUMMIT ELECTRIC | § § § § § § § | C.A. NO. B-04-091 |
| V. | § § | |
| UNITED STATES OF AMERICA AND THE DEPARTMENT OF COMMERCE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION | § § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Response:   The parties met through their counsel, Ken Irwin for Plaintiff and Lynse Larance for Defendant, Mobile Crane, Jody Mask for Defendant RS Information Services, Will Pierson for Defendant Dave Bruggeman d/b/a Cascade Summit Electric and Nancy Masso for the United States of America, via telephone conference on August 12, 2004.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   Response: The parties are unaware of any cases related to this one that are pending in state or federal court.

3. Briefly describe what this case is about.

   Response: Subrogation claim based upon property damage.

4. Specify the allegation of federal jurisdiction.

   Response: The Court has jurisdiction over this controversy because the United States of America is a party.

5. Name the parties who disagree and the reasons.

   Response: No parties disagree as to the jurisdiction of this Court.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Response: Plaintiff knows of no other parties at this time. Defendants know of no other parties at this time.

7. List anticipated interventions.

   Response: None

8. Describe class-action issues.

   Response: None.

9. State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangement that have been made to complete the disclosures.

   Response: The parties have agreed to complete their Rule 26(a) disclosures by August 27, 2004.

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

Response: (1) The parties have stipulated that they will complete their disclosures by August 27, 2004. No other changes need to be made in the timing, form, or requirements for disclosure.

(2) Discovery is needed concerning the issues of liability and damages, and should be completed by May 27, 2005.

(3) No changes need to be made in the limitations on discovery imposed under the rules.

(4) No other orders need to be entered by the court at this time.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Response: Plaintiff will send interrogatories to Defendants before the close of discovery.

C. When and to whom the defendant anticipates it may send interrogatories.

Response: Defendants will send interrogatories to Plaintiff before the close of discovery.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Response: Plaintiff anticipates deposing Defendants and any other fact or expert witnesses identified before the close of discovery.

E. Of whom and by when the defendant anticipates taking oral depositions.

Response: Defendants anticipates deposing the Plaintiff, Co-Defendants, and any other fact or expert witnesses identified before the close of discovery.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Response: Plaintiff will designate experts and provide reports by December 15, 2004. Defendants will designate experts and provide reports by January 15, 2005.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:   Plaintiff anticipates taking the depositions of any and all experts identified by Defendants before the close of discovery.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:   Defendants anticipate taking the depositions of any and all experts identified by Plaintiff before the close of discovery.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response:   None.

12. Specify the discovery beyond initial disclosures that has been undertaken to-date.

Response:   Defendant Mobile Crane has answered Plaintiff's Request for Production. Defendant Mobile Crane has served Interrogatories and Request for Production on Plaintiff. Plaintiff has answered Interrogatories and Request for Production.

13. State the date the planned discovery can reasonably be completed.

Response: May 27, 2005.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Response:   The Plaintiff is ready to mediate the case at this time. The parties have undertaken initial settlement negotiations and will consider the possibility of mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Response: See answer No. 14.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable and suitable, and state when such a technique may be effectively used in this case.

Response: If informal settlement negotiations indicate potential success at mediation, the parties will consider mediating these claims.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Response: Parties wish to remain before the district judge.

18. State whether a jury demand has been made and if it was made on time.

    Response: Yes

19. Specify the number of hours it will take to present the evidence in this case.

    Response:   Plaintiff estimates that it will take approximately 16 hours to present its evidence.
    Defendants estimate that it will take approximately 20 hours to present its evidence.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Response:   None.

21. List other motions pending.

    Response:   None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Response:   None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Response:   Plaintiff filed its Disclosure of Interested Parties on August 13, 2004.
    Defendant Mobile Crane filed its Disclosure of Interested Parties on June 23, 2004.
    Defendant Dave Bruggeman d/b/a Cascade Summit Electric filed its Disclosure of Interested Parties on June 18, 2004.
    Defendant R S Information Systems, Inc. filed its Disclosure of Interested Parties on June 23, 2004.
    Defendant United State of America filed its Disclosure of Interested Parties on June 17, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Response:

Melissa Murrah
State Bar No.:00788104
Federal ID No: 16932
Ken Irwin
State Bar No.:10426950
Federal ID No: _____
KELLY, SMITH AND MURRAH
4305 Yoakum Blvd.
Houston, Texas 77006
(713) 861-9900 Telephone
(713) 861-7100 Facsimile
COUNSEL FOR PLAINTIFF, ZURICH INSURANCE COMPANY

Lynse S. Larance
State Bar No.:24032533
Federal ID No. 31319
SKAGGS & GONZALES, LLP
710 Laurel
McAllen, Texas 78502
(956) 687-8203 Telephone
(956) 630-6570 Facsimile
COUNSEL FOR DEFENDANT,
MOBILE CRANE SERVICES, INC.

Jody Ray Mask
State Bar No.:24010214
Federal ID No:23909
THORNTON SUMMERS
418 E. Dove Ave
McAllen, TX 78504
(956)630-3080 Telephone
(956)630-0189 Facsimile
COUNSEL FOR DEFENDANT, RS INFORMATION SYSTEMS, INC.

Will Pierson
State Bar No.:16003100
Federal ID No: 1931
ROYSTON RAYZOR
606 N. Carancahua, Suite 1700
Corpus Christi, TX 78476
(361)884-8808 Telephone
(361)884-7261 Facsimile
COUNSEL FOR DAVE BRUGGEMAN, INDIVIDUALLY AND D/B/A CASCADE SUMMIT ELECTRIC

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**                                                                    Page 6

Nancy Lynn Masso
State Bar No.: 00800490
Federal ID No: _____
Office of the US Attorney
600 E. Harrison, Suite 201
Brownsville, TX 78520
(956)548-2554 Telephone
(956)548-2549 Facsimile

COUNSEL FOR THE THIRD PARTY
DEFENDANT/ INTERESTED PARTY
UNITED STATES OF AMERICA,
DEPARTMENT OF COMMERCE,
NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION

_Melissa Munch by KJL_     _8/13/04_
Counsel for Plaintiff     Date

_____     _____
Counsel for Defendant, Mobile Crane     Date

_____     _____
Counsel for Defendant, RS Information Services     Date

_____     _____
Counsel for Defendant, Dave Bruggeman     Date

_____     _____
Counsel for Defendant, United States of America     Date

Nancy Lynn Masso

State Bar No.: 00800490

Federal ID No: _____

Office of the US Attorney

600 E. Harrison, Suite 201

Brownsville, TX 78520

(956)548-2554 Telephone

(956)548-2549 Facsimile

COUNSEL FOR THE THIRD PARTY DEFENDANT/ INTERESTED PARTY

UNITED STATES OF AMERICA, DEPARTMENT OF COMMERCE, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION

| Counsel for Plaintiff | Date |
|---|---|
| *[signature]* Counsel for Defendant, Mobile Crane | 8/13/04 Date |
| Counsel for Defendant, RS Information Services | Date |
| Counsel for Defendant, Dave Bruggeman | Date |
| Counsel for Defendant, United States of America | Date |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE                                                                              Page 7

Nancy Lynn Masso
State Bar No.: 00800490
Federal ID No: _____
Office of the US Attorney
600 E Harrison, Suite 201
Brownsville, TX 78520
(956)548-2554 Telephone
(956)548-2549 Facsimile
COUNSEL FOR THE THIRD PARTY
DEFENDANT/ INTERESTED PARTY

UNITED STATES OF AMERICA,
DEPARTMENT OF COMMERCE,
NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION

_____          _____
Counsel for Plaintiff                 Date


_____          _____
Counsel for Defendant, Mobile Crane   Date
                  [signature]                 8/13/04
_____          _____
Counsel for Defendant, RS Information  Date
Services


_____          _____
Counsel for Defendant, Dave Bruggeman  Date


_____          _____
Counsel for Defendant, United States of  Date
America

Nancy Lynn Masso
State Bar No.: 00800490
Federal ID No: _____
Office of the US Attorney
600 E. Harrison, Suite 201
Brownsville, TX 78520
(956)548-2554 Telephone
(956)548-2549 Facsimile

COUNSEL FOR THE THIRD PARTY
DEFENDANT/ INTERESTED PARTY
UNITED STATES OF AMERICA,
DEPARTMENT OF COMMERCE,
NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION

_____   _____
Counsel for Plaintiff          Date

_____   _____
Counsel for Defendant, Mobile Crane   Date

_____   _____
Counsel for Defendant, RS Information   Date
Services

*[signature]*   8/12/04
_____   _____
Counsel for Defendant, Dave Bruggeman   Date

_____   _____
Counsel for Defendant, United States of   Date
America

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Page 7

Nancy Lynn Masso
State Bar No.: 00800490
Federal ID No: /0269
Office of the US Attorney
600 E. Harrison, Suite 201
Brownsville, TX 78520
(956)548-2554 Telephone
(956)548-2549 Facsimile
COUNSEL FOR THE THIRD PARTY
DEFENDANT/ INTERESTED PARTY
UNITED STATES OF AMERICA,
DEPARTMENT OF COMMERCE,
NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION

_____    _____
Counsel for Plaintiff                                              Date

_____    _____
Counsel for Defendant, Mobile Crane                Date

_____    _____
Counsel for Defendant, RS Information             Date
Services

*/s/ [signature]*
_____    _____
Counsel for Defendant, David Bruggeman           Date

*/s/ [signature]*
_____    August 12, 2004
Counsel for Defendant, United States of             Date
America