IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION,<br>      Plaintiff,<br><br>vs.<br><br>MOBILE CRANE SERVICE, INC., JESUS FRANCISCO AVALOS, RS INFORMATION SYSTEMS, INC., and DAVE BRUGGEMAN, Individually and d/b/a/ CASCADE SUMMIT ELECTRIC<br>      Defendants/Third Party Plaintiff,<br><br>vs.<br><br>RS INFORMATION SYSTEMS, INC. and CASCADE SUMMIT ELECTRIC,<br>      Third Party Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA and THE DEPARTMENT OF COMMERCE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,<br>      Interested Parties. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§  C.A. No. B-04-091 |

### *FEDERAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FRCP*

TO THE HONORABLE JUDGE OF SAID COURT:

Federal Defendants herein, the United States of America and the Department of Commerce National Oceanic and Atmospheric Administration (NOAA), move this Court for an order dismissing this case for failure to state a claim upon which relief can be granted and for want of subject matter jurisdiction. See Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6). In support of this motion, the Federal Defendants submit the following:

1. In May of 2004, the Federal Defendants were served with First Party Defendant-Mobile Crane Service, Inc. (Mobile Crane)-Original Third Party Petition. At Paragraph IE of that petition, Mobile Crane states:

   *Interested Party is the United States of America who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The United States of America is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it...*

2. On or about May 20, 2004, the undersigned contacted counsel for Mobile Crane to secure an extension to file an answer or other responsive pleading in this case. At that time counsel indicated that no default was contemplated since Mobile Crane was not seeking any damages from the Federal Defendants.

3. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint-or third-party claim-contain:

   *(1) a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. ...*

4. Normally, when a complaint is "ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for more definite statement under Rule 12(e)" of the Federal Rules of Civil Procedure. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). While the Federal Defendants are certainly confused as to why they have been designated a party in this case–"interested" or otherwise–it does appear clear from the pleadings in this case that Mobile Crane has failed to state a claim against the Federal Defendants herein.

5. Looking at Mobile Crane's claims against the Federal Defendants "in the light most favorable to [Mobile Crane]", the Federal Defendants herein assert that they are entitled to a dismissal because Mobile Crane "can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *Id. quoting* from *Conley v Gibson*, 355

U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L. Ed.2d 80 (1957); *Blackburn*, 42 F.3d 925, 931 (5th Cir. 1995).

6. In the case at bar, Mobile Crane never states the grounds for jurisdiction over the United States or NOAA. This may be because Mobile Crane refers to the Federal Defendants as "Interested Parties." At the same time, however, the Federal Defendants are referred to as parties in this case and have been served with summons' to appear in this case.

7. Adding to this confusion is the Federal Defendants position that they should not be considered "interested parties" in this case. In Mobile Crane's Original Third Party Petition, Mobile Crane states that the United States made a claim for damages against Lowe North Construction for damage sustained to equipment in March 2002. This is not correct. Attached as Government's Exhibit "A" hereto, and incorporated by reference herein, is the sworn statement of Maxine Hodges, a Contracting Officer for NOAA. Ms. Hodges attests that

> *[ ] The United States of America did not make a claim against Lowe North Construction for damage to the unit involved in the incident in March 2002. [ ] The United States of America has no claim against any entity for damages to the equipment that is the subject of this litigation. [ ] NOAA's prime contractor[1] for the subject equipment and installation replaced the equipment that was damaged at my request and properly installed the new equipment at no additional cost to the Government over and above the original contract price. [ ] The Government accepted the work and the prime contractor was paid in full and released from any further obligation under the contract.* (See Govt's Ex. A, ¶5[a], [b], [c], and [d]).

8. Clearly, Mobile Crane has not filed, nor apparently does it intend to file, a *"claim showing that [Mobile Crane] is entitled to relief"* or otherwise *"demand for judgment for the relief"* against the Federal Defendants herein. *Quoting* from Rule 8(a), FRCP.

---

[1] Powerware Corporation was the prime contractor under the contract at issue. Powerware Corporation used Lowe North Construction as Principal Sub-Contractor.

9. Because Mobile Crane has failed state a claim for relief or judgement against the Federal Defendants as well as failed to set forth a jurisdictional basis for which it could identify the Federal Defendants as a party in this case ("interested" or otherwise)[2], the Third Party Petition herein should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted. FRCP, Rules 12(b)(1) and (6).

WHEREFORE, PREMISES CONSIDERED, the Federal Defendants herein pray that this Court grant their motion to dismiss and enter an order accordingly.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

/s/ Nancy L. Masso
NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
(956) 548-2554 Fax (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I certify that a copy of the "*FEDERAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FRCP*" was mailed to all counsel of record via certified mail, return receipt requested on September  14th , 2004.

/s/Nancy L. Masso
NANCY L. MASSO
Assistant United States Attorney

---

[2] If what Mobile Crane is seeking, is to secure witness testimony and/or documents relevant to the issues in this case, there are remedies available to Mobile Crane-as well as other parties in this case–that would allow a litigant to secure such testimony or records from government employees and/or files without having to make the government a party. See, 15 C.F.R §§15.11, *et seq.* By properly following the procedures outlined under 15 C.F.R. §§15.11, *et seq.*, a party may be able secure the testimony and/or documents they may need from government files or employees. In addition, it is possible that some of the information desired may be available through a request made under the Freedom of Information Act. See, 5 U.S.C. 552a.