# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF LOWE-NORTH CONSTRUCTION | §<br>§<br>§<br>§ | United States District Co...<br>Southern District of ;<br>FILED<br>OCT 0 5 2004<br>Michael N. Milby<br>Clerk of Court |
| V. | §<br>§ | |
| MOBILE CRANE SERVICE, INC., JESUS FRANCISCO AVALOS, RS INFORMATION SYSTEMS, INC., AND DAVE BRUGGEMAN, INDIVIDUALLY and d/b/a CASCADE SUMMIT ELECTRIC | §<br>§<br>§<br>§<br>§<br>§ | C.A. NO. B-04-091 |
| V. | §<br>§<br>§ | |
| UNITED STATES OF AMERICA AND THE DEPARTMENT OF COMMERCE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION | §<br>§<br>§<br>§<br>§<br>§ | |

---

## DEFENDANT/THIRD PARTY PLAINTIFF MOBILE CRANE SERVICES, INC'S RESPONSE TO FEDERAL DEFENDANT'S MOTION TO DISMISS AND MOTION FOR CONTINUANCE

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant/ Third Party Plaintiff Mobile Crane Services, Inc's Response to Federal Defendant's Motion to Dismiss and Motion for Continuance and respectfully shows the following:

### I.

### Procedural History and Facts

This lawsuit centers around a piece of equipment that was allegedly damaged when a

1

crane operator for Mobile Crane dropped the unit at a construction site in Brownsville. Lowe North Construction was the contractor at the construction site at the time of the accident.

After the equipment was dropped, the United States of American rejected the equipment in its entirety.[1]

Upon such rejection, an entirely new unit was procured. Zurich American Insurance Company, as subrogee of Lowe North Construction, brought a subrogation suit against Defendant, Mobile Crane Services, Inc. in state district court in Cameron County, Texas. Zurich seeks to recover the replacement cost of the entire unit by its suit.[2]

Defendant Mobile Crane offered a stipulation with the Plaintiff that there would be a jury question on failure to mitigate so that there would not be a need to join the United States to the suit.[3] Such offer was rejected.[4]

Upon the rejection by Plaintiff, Defendant Mobile Crane added the United States of America and the Department of Commerce, National Oceanic and Atmospheric Administration to this suit as an interested party so that Defendant Mobile Crane could have a jury question on the federal government's failure to mitigate its damages.[5]

---

[1]See the letter of Maxine Hodge to Jerry Pugh of Powerware, which is attached as Exhibit A to the Federal Defendant's Motion to Dismiss and is reattached here as Exhibit 1 and incorporated by reference as if fully setforth at length.

[2] See Plaintiff's Original Petition.

[3] See correspondence of Lynse Larance to Melissa Murrah, dated March 17, 2004.

[4] See correspondence of Melissa Murrah to Lynse Larance, dated March 19, 2004.

[5] See Defendant Mobile Crane's Original Third Party Petition.

2

II.

EVIDENCE

As specifically indicated, each of the below designated matters are marked as an exhibit, and attached hereto and incorporated at this point by reference. Attached hereto and incorporated by reference as if fully set forth at length are Defendant Mobile Exhibits, offered as evidence for this response.

Such responsive evidence is as follows:

1.    Maxine Hodge's letter to Jerry Pugh.

2.    Plaintiff's Original Petition

3.    Correspondence of Lynse Larance to Melissa Murrah, dated March 17, 2004.

4.    Correspondence of Melissa Murrah to Lynse Larance, dated March 19, 2004.

5.    Defendant Mobile Crane's Original Third Party Petition.

III.

LEGAL AUTHORITIES AND DISCUSSION

Defendant Mobile offers all those exhibits referred to in this response in connection with the summary judgment proceedings currently before the Court.

Plaintiff sued Defendant Mobile Crane in a subrogation suit based on property damage to the UPS system. Subrogation is the right that a party has against a tortfeasor or debtor because of the payment of a legal obligation that should have been paid by the tortfeasor or debtor. *F.D.I.C. v. Holland American Ins. Co.,* 759 S.W.2d 786, 787 (Tex.App.–El Paso 1988, den.). Under subrogation, when one person pays a debt or obligation of another, the paying party is said to be substituted for the party to whom (or for whom) payment was made with respect to rights to

3

recover from the tortfeasor or debtor. *McBroome-Bennett Plumbing, Inc. v. Villa France, Inc.,* 515 S.W.2d 32, 36 (Civ.App.–Dallas 1974, ref. n. r. e.). Therefore, Zurich stands in the shoes of Lowe North in its suit against Mobile Crane.

When a defendant is sued for damages, the defendant can plead failure to mitigate as an affirmative defense to the plaintiff's claim. The rule of "avoidable consequences" imposes on an injured person a duty to minimize damages. *Reavis v. Taylor,* 162 S.W.2d 1030, 1037 (Tex.Civ.App.–Eastland 1942, ref. w.o.m.). A plaintiff may not recover damages that could have been avoided or minimized through the exercise of ordinary care after the accident or injury occurred. *Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 447 (Tex. 1967).

However, the present case is unusual because it is not simply the Plaintiff who has failed to mitigate its damages. The damages were to the United States of America for the equipment that they ordered. Their failure to accept repaired equipment and their unilateral decision to reject the equipment was their failure to mitigate their damages. Zurich paid for a brand new unit based on this rejection. Therefore, the federal defendants are necessary parties to this action.

V.

MOTION FOR CONTINUANCE

Defendant Mobile moves for a continuance pursuant to Federal Rule of Civil Procedure 56(f). Until Defendant Mobile Crane is able to see the agreement between Zurich/Lowes and Powerware or Zurich/Lowes and the Federal Defendants, it will be unable to determine which party failed to mitigate its damages. Additionally, Defendant Mobile Crane needs more time so it can review the contract between Powerware and the Federal Defendant which is referred to in the Federal Defendant's Motion.

4

VI.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the undersigned prays that the Motion to Dismiss be denied. Further, Defendant Mobile Crane Services, Inc. prays that its Motion for Continuance be granted. Defendant Mobile Crane Services, Inc. also prays for general relief.

Respectfully Submitted,

Lynse Larance Guerra
State Bar No. 24032533
Federal I.D. No.31319
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax (956) 630-6570
ATTORNEY IN CHARGE
DEFENDANT MOBILE CRANE
SERVICES, INC.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been either delivered or mailed to the following attorneys of record, or parties on this the _____

day of October, 2004:

Melissa Murrah
Ken Irwin
KELLY, SMITH AND MURRAH
4305 Yoakum Blvd.
Houston, Texas 77006
Via CM/RRR

Nancy Lynn Masso
Office of the US Attorney
600 E. Harrison, Suite 201
Brownsville, TX 78520
Via CM/RRR

Jody Ray Mask
THORNTON SUMMERS
418 E. Dove Ave
McAllen, TX 78504
Via CM/RRR

Will Pierson
ROYSTON RAYZOR
606 N. Carancahua, Suite 1700
Corpus Christi, TX 78476
Via CM/RRR

Lynse L. Guerra

6

CERTIFICATE OF CONFERENCE

I the undersigned acknowledge that I have consulted with the counsel listed below regarding the motion for continuance and their response is indicated.

Will Pierson could not be reached..

Ken Irwin is opposed.

Nancy Masso could not be reached..

Jody Ray Mask could not be reached..

Lynse L. Guerra

7

2 5 1 1 1



**UNITED STATES DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
OFFICE OF FINANCE AND ADMINISTRATION

March 28, 2002

NWS Business Management Divison
1325 East West Highway, SSMC 2, Rm. 15254
Silver Spring, Maryland 20910

Powerware Corporation/Federal
Systems Division
Attention: Jerry F. Pugh
8609 Six Forks Rd.
Raleigh, North Carolina 27615-2966

Subject:    Damaged Shelter: Site–Brownsville, Texas
            Contract Number 50-DGNW-7-90004
            Task Order 56-DGNW-2-25111

Dear Mr. Pugh:

The purpose of this letter is to inform you that the Government is aware that the shelter for Brownsville, Texas, was dropped by the crane on Wednesday, March 27, 2002 around Noon Central time. The Government Observers have reviewed the damages to the shelter and have determined that the shelter has sustained severe damage. Acceptable physical and verbal evidence has been presented to allow the Government to make the determination that it is in their best interest to request that a new completely stuffed shelter be delivered and installed. The Government is in agreement that it is not in their best interest to accept a repaired damage shelter when we have contracted to receive a brand new shelter at an estimated cost of $94,000.

Please provide the Serial Numbers and related information pertaining to the damaged shelter, immediately.

It is requested that you provide a plan of action to address this matter by Friday, April 5, 2002.

Should you have any further questions or comments regarding this matter, please do not hesitate to contact Ms. Maxine Hodges at (301) 713-3405, ext. 110.

Sincerely,

Maxine R. Hodges
Contracting Officer

♲ Printed on Recycled Paper

MOBILE CRANE SERVICES
INC.'S
EXHIBIT
1

FILED 5:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
COPY
OCT 15 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Ray Lopez Jr DEPUTY

CAUSE NO. _2003-10-5085-D_

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | _103rd_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, as Subrogee of LOWE-NORTH CONSTRUCTION ("Plaintiff"), and files this, their Original Petition complaining of MOBILE CRANE SERVICE, INC. ("Defendant"), and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY PLAN – LEVEL THREE

Plaintiffs plead that discovery be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### 2. PARTIES

Plaintiffs are insurance corporations duly authorized to conduct business in the State of Texas. Plaintiffs file this lawsuit as subrogee of and in the name of LOWE-NORTH CONSTRUCTION ("Lowe"). However, the undersigned counsel for Plaintiffs do not represent Lowe, and is not authorized to accept service, pleadings, or discovery on their behalf.

Defendant MOBILE CRANE SERVICE, INC. ("Mobile") is a corporation established by the laws of the State of Texas, and which may be served with citation and process on its registered agent for service of process: James R. Shawn, 930 East Highway 83, Pharr, Texas

MOBILE CRANE SERVICES
INC.'S
EXHIBIT
2

78577.

### 3. JURISDICTION

The Court has jurisdiction over the Defendant because this Defendant has established minimum contacts with the State of Texas and is amenable to service by a Texas Court. The Court has jurisdiction over the Defendant in the controversy because the damages are within the jurisdictional limits of the Court.

### 4. VENUE

Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), as the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### 5. FACTS

Plaintiff's, Lowe-North Construction, is engaged in the business of general construction contracting. Plaintiffs would show that they contracted with Mobile Crane Service, Inc. to unload and properly position a Transition Power Maintenance Shelter System building containing an Uninterruptible Power Supply (UPS) system for the National Oceanic and Atmospheric Association (NOAA), Brownsville, Texas. On or about March 27, 2002, Mobile negligently dropped the Transition Power Maintenance Shelter System building containing the UPS system while trying to lower the shelter into final installation position. The shelter landed on a conduit damaging the shelter and UPS system, causing substantial property damage.

### 6. NEGLIGENCE

Plaintiff would show that the incident, with the resulting property damage, was proximately caused by Defendant's negligent, careless and reckless disregard of duty, which consisted of, but is not limited to the following acts and omissions:

a.  Defendant failed to exercise ordinary and reasonable care in the unloading Transition Power Maintenance Shelter System in question;

b.  Defendant failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position.

c.  Defendant failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

Each of the above and foregoing acts of negligence on the part of Defendant was a proximate cause of the damages suffered by Plaintiff. Nothing Lowe did or failed to do, in any way, caused or contributed to the occurrence in question.

## 8.  DAMAGES

Plaintiff would show that as a result of the accident proximately caused by the Defendant, Plaintiff has paid to replace the Transition Power Maintenance Shelter System and Uninterruptible Power Supply system. Plaintiff is subrogated to the rights of Lowe, and may enforce in the name of Lowe any claim for recovery against any responsible parties.

## 9.  CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this cause.

## 10.  FOR THE COURT ONLY

Plaintiff, Zurich, would show that it was the builders risk insurance carrier for Lowe, providing coverage for property loss, which forms the basis of this lawsuit. As a result of the incident, Plaintiff has paid insurance benefits to and/or on behalf of Lowe. Plaintiff is herein subrogated to the rights which Lowe may have against any third-party as the result of the third-party's legal liability. As such, pursuant to the provision of the policy of insurance and/or Plaintiff's equitable subrogation rights, Plaintiff is the real party at interest and has become subrogated to the claim of Lowe against the Defendant in this case, and is entitled to recover from Defendant the full amount of actual damages caused by Defendant and paid by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be required to appear and answer herein and that upon final trial, Plaintiffs recover judgment against Defendant, in a sum in excess of the minimal jurisdictional limits of the Court, together with pre-judgment interest thereon at the maximum legal rate and post-judgment interest at the maximum legal rate, plus costs of court and attorney's fees, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs shall show themselves justly entitled.

Respectfully submitted,

*KELLY, SMITH & MURRAH, P.C.*

Melissa Nance Murrah
State Bar No. 00788104
Don K. McGilbra
State Bar No. 13626400
4305 Yoakum Blvd.
Houston, Texas  77006
Phone: (713) 861-9900
Fax:    (713) 861-7100
**Attorneys for Plaintiff**

# SKAGGS & GONZALES, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

JOHN SKAGGS
MICHELE N. GONZALES
LYNSE S. LARANCE

PHONE: (956) 687-8203
FAX: (956) 630-6570

**March 17, 2004**

**Melissa Nance Murrah**                                **Via Fax (713)861-7100**
**Steve Ryan**
**Kelly, Smith & Murrah, P.C.**
**4305 Yoakum Blvd.**
**Houston, TX 77006**

### RULE 11 AGREEMENT AND STIPULATION

**Re: Zurich v. Mobile Crane**

**Dear Ms. Murrah and Mr. Ryan:**

**The parties to this agreement have elected to not join the United States of America as a party to this action, but agree that damages will be submitted for determination by the trier of fact as if the United States of America was in fact a party.**

**Further, the parties agree that any award of damages will be limited to the Plaintiff's subrogation interest.**

**This agreement is binding upon the undersigned parties regardless of whether other parties join in this agreement.**

**Sincerely,**                                **Agreed:**

**Skaggs & Gonzales, L.L.P.**                                **Kelly, Smith & Murrah, P.C.**

**Lynse S. Larance**                                **Melissa Nance Murrah**

```
MOBILE CRANE SERVICES
       INC.'S
      EXHIBIT
         3
```

Mar. 17 2004 04:35PM

YOUR LOGO   :SKAGGS AND ASSOCIATES
YOUR FAX NO. :9566306570

| D. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|----|-----------------|------------|------------|------|-------|--------|
| 1 | 17138617100 | Mar.17 04:35PM | 00'34 | SND | 01 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04 SET.
THEN SELECT OFF BY USING 'JOG-DIAL'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas  77006
Telephone:  (713) 861-9900
Facsimile:  (713) 861-7100

March 19, 2004

*VIA TELECOPIER NO. 956-630-6570*
Ms. Lynse Larance
Skaggs & Gonzales L.L.P.
710 Laurel
P.O. drawer 2285
McAllen, TX 78502-2285

Re:    Cause No. 2003-10-5085-D; *Zurich American Insurance Company as Subrogee of Lowe-North Construction v. Mobile Crane Services, Inc.*; In the 103rd Judicial District Court of Cameron County, Texas

Dear Ms. Larance:

I am in receipt of your Rule 11 Agreement and Stipulation dated today's date.  We are not in agreement.

Thank you for time and attention to this matter.

Very truly yours,

Melissa Nance Murrah

MNM:mw

Zuru-Lowe-Larance.ltr.031904

**MOBILE CRANE SERVICES
INC.'S
EXHIBIT
4**

# KELLY, SMITH & MURRAH, P.C.

ATTORNEYS AT LAW
4305 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 861-9900
Facsimile: (713) 861-7100

---

## FAX TRANSMISSION COVER SHEET

---

**DATE:** March 19 2004

**TO:** Ms. Lynse Larance          **FAX:** (956) 630-6570

**OUR FILE NO.: 211-203**

**FROM:** Michelle for Melissa Nance Murrah

Total number of pages (including cover sheet) _____

Re:          Damaged Transition Power Maintenance Shelter System and Powerware 9-315
             Claim #:              5620101177-001
             Insured:              Lowe-North Construction, Inc.
             Date of Loss:         March 27, 2002
             Inspection Location:  1300 Davenport Dr.
                                   Minden, LA 71055

COMMENTS: Please see attached.

---

### SPECIAL INSTRUCTIONS

_____Please retain this facsimile copy as your record. No original will follow.

_____Original will follow via regular first class mail.

---

#### CONFIDENTIAL INFORMATION

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged, confidential, and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender by telephone immediately and return the original message to the above address via the U.S. Postal Service at our expense. Thank you.

CAUSE NO. 2063-5085-D

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, As Subrogee of | § | |
| LOWE-NORTH CONSTRUCTION | § | |
|    Plaintiff | § | |
| VS. | § | |
| | § | |
| MOBILE CRANE SERVICE, INC. | § | |
|    Defendant/Third Party Plaintiff | § | |
| VS. | § | |
| | § | |
| RS INFORMATION SYSTEMS, INC. | § | CAMERON COUNTY, TEXAS |
| AND CASCADE SUMMIT ELECTRIC | § | |
|    Third Party Defendant | § | |
| VS. | § | |
| | § | |
| UNITED STATES OF AMERICA AND | § | |
| THE DEPARTMENT OF COMMERCE | § | |
| NATIONAL OCEANIC AND | § | |
| ATMOSPHERIC ADMINISTRATION | § | |
|    Interested Parties | § | 103RD JUDICIAL DISTRICT |

## ORIGINAL THIRD PARTY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Mobile Crane Service, Inc., files this third party petition and for good cause of

action against RS Information Systems, Inc. and Cascade Summit Electric, shows:

**I.**

A. Plaintiff is Zurich American Insurance Company, as Subrogee of Lowe-North

Construction, who has already made an appearance in this suit.

B. The Defendant/Third Party Plaintiff is Mobile Crane Service, Inc. who has

already made a general appearance in this suit.

C. Third Party Defendant is RS Information Systems, Inc. Citation may be served

on third party defendant by serving its registered agent for service of process, Corporation

MOBILE CRANE SERVICES
INC.'S
EXHIBIT
5

Service Co., at 701 Brazos Street, Suite 1050, Austin, TX 78701.

D. Third Party Defendant is Cascade Summit Electric, a foreign business in the state of Oregon. Third Party Defendant, at all times material to this action has engaged in business in the State of Texas. Namely, Third Party Defendant was working at the construction site on the date of the accident and exercising control over the work of Defendant. Third Party Defendant does not have a business in Texas and has no designated agent on whom service of citation may be made in this cause. Accordingly, the Third Party Defendant may be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded to Third Party Defendant's office address, PMB 173, 2149 W. Cascade, Suite 106 A, Hood River, Oregon, 97031 by certified mail, return receipt requested.

E. Interested Party is the United States of America who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The United States of America is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it. Citation may be served upon the United States of America by serving:

1. Attorney General John Ashcroft at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001 by certified mail, return receipt requested; and

2. United States Attorney for the Southern District of Texas Michael T. Shelby, United States Department of Justice, United States, Attorney's Office, Southern District of Texas, 910 Travis Street, Houston, TX 77208 by hand delivery.

F. Interested Party is the Department of Commerce, National Oceanic and

Atmospheric Administration who has made a claim for damages against Lowe North Construction for damage to the unit involved in the incident in March of 2002. The Department of Commerce, National Oceanic and Atmospheric Administration is being made a party to this suit for valuation of its claim for damages and without a claim for money damages being made against it. Citation may be served upon the Department of Commerce, National Oceanic and Atmospheric Administration by serving:

1. Attorney General John Ashcroft at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001 by certified mail, return receipt requested;

2. United States Attorney for the Southern District of Texas Michael T. Shelby, United States Department of Justice, United States, Attorney's Office, Southern District of Texas, 910 Travis Street, Houston, TX 77208 by hand delivery; and

3. The Department of Commerce, National Oceanic and Atmospheric Administration, 14th Street and Constitution Ave, NW, Room 6217, Washington, D.C., 20230 by certified mail, return receipt requested.

## II.

Lowe North Construction hired Defendant in March of 2002 to use one of Defendant's cranes. Defendant sent its employee Frank Avalos ("Avalos") with instructions as to how the crane should be used to move the unit at the site. When Avalos arrived, he was instructed by employees of Lowe North Construction, RS Information Systems, Inc. And Cascade Summit Electric how to move the crane. By altering Avalos' method of work, they made the crane's movement unsafe. As a result, the unit dropped

from the crane and was damaged.

## III.

In PLAINTIFF'S ORIGINAL PETITION filed against Mobile Crane Services, Inc. on October 15, 2003, the following claims were asserted against Mobile Crane Services, Inc. :

A.   Defendant failed to exercise ordinary and reasonable care in the unloading of the Transition Power Maintenance Shelter System in question;

B.   Defendant failed to exercise ordinary and reasonable care in securing the Transition Power Maintenance Shelter System to be lowered into final installation position; and

C.   Defendant failed to exercise ordinary and reasonable care in lowering the Transition Power Maintenance Shelter System into final installation position.

## IV.

RS Information Systems, Inc. and Cascade Summit Electric, Third Party Defendants are liable to Mobile Crane Services, Inc. for indemnity for any and all sums it may be compelled to pay to Plaintiff as a result of the occurrence made the basis of Plaintiff's suit. In this connection, Third Party Plaintiff will show that the Third Party Defendants negligently exercised control over the work of Defendant's employee, Avalos.

## V.

Alternatively Third Party Plaintiff is entitled to contribution from Third Party Defendants toward any liability that may be found to exist from Third Party Plaintiff to

Plaintiff as a result of the occurrence made by the basis of Plaintiff's suit. In this connection Third Party Plaintiff will show that Third Party Defendants negligently exercised control over the work of Defendant's employee, Avalos. Accordingly, pursuant to chapter 32 and 33 of the Civil Practice and Remedies Code, Third Party Plaintiff is entitled to contribution for the percentage of responsibility assigned to the Third Party Defendants by the trier fact.

Wherefore Mobile Crane Services, Inc. requests that RS Information Systems, Inc. and Cascade Summit Electric be cited to appear and answer and that on trial Mobile Crane Services, Inc. have the following:

1) Judgment against RS Information Systems, Inc. And Cascade Summit Electric ;

2) Indemnity and contribution as provided by law;

3) Prejudgment interest as provided by law;

4) Attorney's fees for postjudgment interest as provided by law;

5) Cost of suit;

6) such other and further general and specific relief by at law and in equity to which Mobile Crane Services, Inc. may be justly entitled.

Respectively submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
Telephone: (956) 687-8203
Facsimile: (956) 630-6570

By: _____
LYNSE S. LARANCE
Texas State Bar No.:24032533
ATTORNEY FOR DEFENDANT/
THIRD PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been has been duly served upon all counsel of record, by Certified Mail, Return Receipt Requested and/or facsimile transmittal and/or hand delivery delivered or mailed to the following attorneys of record, or parties on this the 2nd day of March, 2004:

Melissa Nance Murrah
Steve Ryan
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston, TX 77006

_____
Lynse S. Larance