**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 29 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, As Subrogee of LOWE-NORTH CONSTRUCTION<br>    Plaintiff, | §<br>§<br>§<br>§<br>§ |
| vs. | § |
| | §     C.A. NO. B-04-091 |
| MOBILE CRANE SERVICE, INC.,*<br>JESUS FRANCISCO AVALOS,<br>RS INFORMATION SYSTEMS, INC.,<br>AND DAVE BRUGGEMANN,<br>INDIVIDUALLY AND d/b/a CASCADE<br>SUMMIT ELECTRIC<br>    Defendants/Third Party Plaintiff*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| vs. | §<br>§ |
| RS INFORMATION SYSTEMS, INC.<br>and CASCADE SUMMIT ELECTRIC,<br>    Third Party Defendants, | §<br>§<br>§<br>§ |
| vs. | §<br>§ |
| UNITED STATES OF AMERICA and<br>THE DEPARTMENT OF COMMERCE<br>NATIONAL OCEANIC AND ATMOSPHERIC<br>ADMINISTRATION,<br>    Interested Parties. | §<br>§<br>§<br>§<br>§ |

### DEFENDANT/THIRD-PARTY DEFENDANT
### RS INFORMATION SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Comes Now, Defendant, RS Information Systems, Inc., and files its Motion for Summary Judgement pursuant to Federal Rule of Civil Procedure 56, and moves this Court to grant summary

judgment thereby dismissing Plaintiff Zurich American Insurance Company and Third-Party Plaintiff Mobile Crane Service, Inc.'s claims against RS Information Systems because such claims do not give rise to a genuine issue of material fact. In support of this Motion for Judgment as a matter of law, RS Information Systems would respectfully show unto the Court as follows:

## I.
### Procedural History and Facts

This pending litigation centers around a piece of equipment that was damaged when a Mobile Crane employee and crane operator dropped the unit from a crane at a construction site in Brownsville, Texas. Lowe North Construction was the general contractor for the construction project. Lowe North's Insurer, Zurich American Insurance Company, paid for a replacement unit and brought a subrogation suit against Mobile Crane in Cameron County state district court to recoup its costs.

Based upon questionable written statements from two of its employees, Mobile Crane brought third-party actions against RS Information Systems and Dave Bruggeman d/b/a Cascade Summit Electric. Likewise, Plaintiff brought actions against RS Information Systems and Dave Bruggeman d/b/a Cascade Summit Electric.

Defendant Mobile Crane later added the United States of America and the Department of Commerce, National Oceanic and Atmospheric Administration to this suit. Consequently, the federal government removed this action to this Court.

## II.
### Evidence Relied Upon For This Motion

In support of this Motion for Summary Judgment, RS Information Systems relies upon the pleadings on file, the applicable Texas and federal caselaw and statutes, and the evidence attached hereto and incorporated herein by reference. The evidence attached hereto consists of the following:

1) Affidavit of Gary Harper;

2) Affidavit of Dave Bruggeman;

3) Affidavit of Mack Booth;

4) Deposition excerpts of Sergio Zamora; and

5) Deposition excerpts of Robert Corea.

### III.

### Introduction and Summary of Argument

Defendant and Third-Party Defendant RS Information Systems was hired by the National Weather Service to provide engineering support to ensure NEXRAD engineering requirements were met for the Powerware Uninterruptible Power Supply (UPS) equipment installation. RS Information Systems was to secure civil engineer availability, coordinate system testing and calibration times of the Powerware UPS Equipment. RS Information Systems was not hired to arrange or supervise operations of the crane or to direct the crane operator in placing the UPS equipment that was housed in a Fiberbond Shelter Unit.

Plaintiff and subrogee, Zurich American Insurance Company, has brought negligence causes of action against Mobile Crane Service, Inc., crane operator Jesus Avalos, Dave Bruggeman d/b/a Cascade Summit Electric, and RS Information Systems, Inc. alleging that Defendants failed to exercise ordinary and reasonable care in the following ways:

1) unloading and placing the shelter;
2) securing the shelter to be lowered into final installation position;
3) lowering the shelter into final installation position;
4) failing to operate the crane properly and losing control of the load;
5) substituting a lighter crane than was originally ordered;
6) failure to adequately and carefully supervise the crane operator and the cranework;
7) failing to adequately and carefully direct and supervise the crane's contracting, delivery, usage, and operations.

Gary Harper ("Harper") of RS Information Systems was present at the construction site when a crane owned and operated by Mobile Crane Service dropped the Fiberbond Shelter Unit that housed the Powerware UPS equipment. However, the evidence is clear that Lowe North ordered the crane, hired Mobile Crane, and guided the crane operator and that Mobile Crane supplied the crane,

the crane operator, and a rigger/flagman for the unloading and placement of the unit in question. As such, RS Information Systems owed no duty to Plaintiff or Third-Party Plaintiff as a mater of law.

## IV.

### Argument and Authorities

Federal Rule of Civil Procedure 56(b) provides that a defendant may, at any time, move for summary judgement, with or without supporting affidavits. If the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits filed with the Court show that there is no genuine issue as to any material fact, then the moving party is entitled to judgement as a matter of law and summary judgement is proper. F.R.C. P.56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgement bears the initial responsibility of informing the district court of the basis of the motion, and identifying the evidence which demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. When the nonmoving party bears the burden proof at a trial on a dispositive issue, and a proper summary judgement motion is made, the nonmoving party must go beyond the pleadings, and by her own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing a genuine issue which would justify trial. *Id.* at 324.

Under Texas law, a Plaintiff must prove the following elements for a negligence cause of action:

    1) the defendant must owe a legal duty to the plaintiff;

    2) the defendant must breach the duty; and

    3) the breach must proximately cause the plaintiff's injury.

*Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998), *cert. denied*, 119 S. Ct.546 (1998).

The issue of whether a legal duty exists is a matter of law for the Court. *Id.* The existence of a duty is a threshold issue. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987). When determining if a duty exists, courts consider the risk, foreseeability, and likelihood of injury, and weigh these factors against the social utility of the actor's conduct, the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Otis Engineering Corp.*

*v. Clark*, 668 S.W.2d 307, 309 (Tex 1983). The dominant consideration is foreseeability of the risk. *El Chico Corp. V. Poole*, 732 S.W.2d 306, 311 (Tex 1987); *Lawson v. B-Four Corporation*, 888 S.W.2d 31, 34 (Tex. App.- Houston[1st Dist.] 1994. If there is no reason to anticipate the injury, no duty arises to act to prevent that unanticipated injury. *Lawson*, 888 S.W.2d at 34. Furthermore, as a general rule, one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control. See Restatement (Second) of Torts § 315 (1965); *Trammell v. Ramey*, 231 Ark. 260, 329 S.W.2d 153 (1959).

### RS Information Did Not Owe Duty to Lowe-North or Mobile Crane

In the present case, Gary Harper and RS Information Systems did not owe Lowe-North or Mobile Crane a duty to secure the shelter, unload the shelter or lower it into its final placement, nor did they owe Mobile Crane a duty to direct its employees. Harper and RS Information were hired to secure civil engineer availability, coordinate system testing and calibration times of the Powerware UPS Equipment. (See Exhibit 1, affidavit of Gary Harper). Harper and RS Information were not hired to arrange or supervise operations of the crane or to direct the crane operator in placing the UPS equipment that was housed in a Fiberbond Shelter Unit. (See Exhibit 1, affidavit of Gary Harper). The scope of the work for which he was hired did not include unloading, securing, or placing the shelter or directing the crane operator. (See Exhibit 1, affidavit of Gary Harper). Further, the common law and statutory laws of Texas do not create such duties for Harper and RS Information.

Harper did not direct or signal the crane operator. (See Exhibit 1, affidavit of Gary Harper and Exhibit 2, affidavit of Dave Bruggeman, "I did not observe anyone on the ground directing the

crane operator through hand signals or verbally during this time."). Harper has no training as a crane operator, no training in coordinating the movement of cranes, nor is he familiar with the work of a flag man. (See Exhibit 1, affidavit of Gary Harper). In fact, Lowe North ordered the crane, hired Mobile Crane, and guided the crane operator. (See Exhibit 3, affidavit of Mack Booth, "I ordered a 175 ton crane from Mobile Crane Service Inc. for this specific job." and "I told the crane operator that 'I would guide him over the conduit stubups when he was approximately 18 inches over the foundation'"). Furthermore, the Mobile Crane operator was responsible for the lift and was in control of all lift decisions. (See Exhibit 1, affidavit of Gary Harper and Exhibit 4, deposition excerpts of Sergio Zamora, page 9, lines 20-25; page 40, lines 9-16; page 41, lines 6-10). Even Mobile Crane's Safety Coordinator, Robert Correa, testified that the crane operator:

1) Is the "ultimate in charge person when it deals with operating his crane";
2) "No one else can tell him to do something that's unsafe";
3) "If he thinks that anyone is telling him to do something that's unsafe, he has to say no";
4) If he is told to do something unsafe or if the lift is unsafe he should "call management" and "under no circumstances do the lift";
5) "The operator is the one in control of the lift.";
6) "The operator has the ultimate obligation to only lift when it's safe";
7) "If he has any doubts if he can do a safe lift, he's not supposed to do the lift".

(See Exhibit 5, deposition excerpts of Robert Correa, page 72, lines 5-14; page 74, lines 3-8; page 79, lines 12-21). Moreover, Mr. Correa testified that the cause of the accident was that Frank Avalos did not position the crane close enough to the final destination, "He was not close enough". (See Exhibit 5, deposition excerpts of Robert Correa, page 49, lines 8-18).

### Mobile Crane Employees' Statements and Affidavits Are Unreliable

When the nonmoving party bears the burden proof at a trial on a dispositive issue, and a proper summary judgement motion is made, the nonmoving party must go beyond the pleadings, and by her own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing a genuine issue which would justify trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In response to Defendant Dave Bruggeman's Motion for Summary Judgment, Mobile Crane offered two written statements of Frank Avalos and a written statement and affidavit of Sergio Zamora[1]. It is anticipated that Mobile Crane will likewise offer the same statements and affidavits in response to this Motion. Unfortunately, to be admissible as summary judgment proof, testimony must be sworn and made under the penalty of perjury. *Hayes v. Marriot*, 70 F.3d 1144, 1148 (10th Cir.1995); *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir.1985). The non-verified statements of Frank Avalos and Sergio Zamora are clearly inadmissible summary judgment proof and should not be considered by this Court. Likewise, the affidavit of Sergio Zamora is a sham affidavit that contradicts his deposition testimony. See e.g. *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168-69 (7th Cir.1996)(a "sham" affidavit is one that contradicts deposition testimony for the purpose of creating a fact issue solely to prevent summary judgment). More specifically, Sergio Zamora's affidavit states that:

---

[1] Frank Avalos was operating the crane when he dropped the Fiberbond Shelter that housed the UPS unit. Sergio Zamora was his rigger/flagman during the lift. Both men were Mobile Crane employees at the time of the incident in question.

> "On March 27, 2002, Frank Avalos and I went to a construction site in Brownsville, Texas. We were supposed to move a building with a crane. Mac, Gary and Dave gave instructions to Frank Avalos about how to move the building. The men would not let Frank and me do it the way we wanted to. They told us how to move the building."

Unfortunately, it is evident that Mr. Zamoria lacks personal knowledge of the above events and his understanding is based purely on hearsay. (See Exhibit 4, deposition excerpts of Sergio Zamora, page 12, lines 20-24; page 13, lines 11-18; page 15, lines 12-13; page 19, lines 16-25 through page 20 lines 1-2; page 25, lines 20-22)(the foremen were speaking in English, Mr. Zamora does not understand English, Mr. Zamora does not know what was said between Frank and the foremen, and Mr. Zamora has no personal knowledge of the conversations between Frank and the foremen.). Contrary to his affidavit, Mr. Zamora testified that he did not know the names of guys at job site. (See Exhibit 4, deposition excerpts of Sergio Zamora, page 18, lines 2-5 and 18-22; page 19, lines 4-8).

## CONCLUSION

Because RS Information did not have a duty to the Plaintiff and/or the Third-Party Plaintiff to protect against the negligence of Mobile Crane and because none of its acts or omissions proximately caused the injury made the basis of this lawsuit, Plaintiff and Third-Party Plaintiff's causes of action for negligence against RS Information should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Defendant prays that its motion in all things be granted, that Plaintiff and Third-Party Plaintiff's causes of action for negligence against RS Information Systems, Inc. be dismissed with prejudice, and Plaintiff and

Third-Party Plaintiff take nothing against RS Information Systems, Inc.

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504
(956) 630-3080 Telephone
(956) 630-0189 Facsimile

BY: _____
Jody Ray Mask
State Bar No. 24010214
Federal ID No. 23909

ATTORNEYS FOR DEFENDANT/THIRD-PARTY
DEFENDANT RS INFORMATION SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following parties, pursuant to the Federal Rules of Civil Procedure, on this 22nd day of November, 2004, as follows:

**VIA FACSIMILE (713) 861-7100 & FIRST CLASS MAIL**
Ken Irwin
KELLY, SMITH & MURRAH, P.C.
4305 Yoakum Blvd.
Houston, TX 77006
**Attorney for Zurich American Company**

**VIA FACSIMILE (956) 630-6570 & FIRST CLASS MAIL**
Lynse S. Larance
SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, TX 78501
**Counsel for Defendant/Third Party Plaintiff Mobile Crane Services, Inc.**

**VIA FACSIMILE (956) 548-2549 & FIRST CLASS MAIL**
Nancy L. Masso
Assistant United States Attorney
600 E. Harrison Street, Ste. 201
Brownsville, Texas 78520
**Counsel for United States, et al**

**VIA FACSIMILE (361) 884-7261 & FIRST CLASS MAIL**
Will W. Pierson
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
**Counsel for Dave Bruggeman, Individually and d/b/a Caseade Summit Electric**

_/s/ Jody R. Mask_
Jody R. Mask

STATE OF TEXAS §
§
COUNTY OF HIDALGO §

## AUTHENTICATION

BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, on this day personally appeared JODY R. MASK and having been by me duly sworn, on oath, deposed and stated that he is the attorney for RS INFORMATION SYSTEMS, INC., one of the Defendants in the above-entitled and numbered cause, that he has the authority to make this authentication, that the exhibits provided in support of this Motion For Summary Judgment, are true and correct originals or copies of the originals.

_____
JODY R. MASK

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said JODY R. MASK, on this 22 day of November, 2004, to certify which witness my hand and official seal.



_____
Notary Public, The State of Texas

Commission Expires: 5/12/07