UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE OF LOWE-NORTH CONSTRUCTION § § § § § V. § § MOBILE CRANE SERVICE, INC., JESUS § FRANCISCO AVALOS, RS INFORMATION § SYSTEMS, INC., AND DAVE § BRUGGEMAN, INDIVIDUALLY and d/b/a § CASCADE SUMMIT ELECTRIC § § V. § § UNITED STATES OF AMERICA AND THE § DEPARTMENT OF COMMERCE § NATIONAL OCEANIC AND § ATMOSPHERIC ADMINISTRATION § § § | C.A. NO. B-04-091 |

**DEFENDANT/THIRD PARTY PLAINTIFF MOBILE CRANE SERVICES, INC'S RESPONSE TO DEFENDANT/THIRD PARTY DEFENDANT RS INFORMATION SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant/Third Party Plaintiff Mobile Crane Services, Inc.'s Response to Defendant/Third Party Defendant RS Information System, Inc.'s Motion for Summary Judgment and Motion for Continuance and respectfully shows the following:

I.

Based on evidence produced during discovery and upon current Texas law, Defendant/Third Party Defendant RS Information System, Inc. breached a duty it owed to Lowe-North Construction and Defendant/Third Party Plaintiff Mobile Crane Services, Inc. (hereinafter

1

Defendant Mobile) and as such its actions were negligent. Defendant Mobile's Response is being filed pursuant to Federal Rule of Civil Procedure 56(c) and Southern District of Texas Local Rule 7.

## II. OBJECTION TO SUMMARY JUDGMENT EXHIBITS OR PROOF

Objection is made to Exhibit 2, also marked Exhibit A, of Defendant's Motion for Summary Judgment on the basis that it contains hearsay and is speculation.

Objection is made to Exhibit 3, also marked Exhibit B, of Defendant's Motion for Summary Judgment on the basis that it contains hearsay and is speculation.

## III. SUMMARY JUDGMENT EVIDENCE

As specifically indicated, each of the below designated matters are marked as an exhibit, and attached hereto and incorporated at this point by reference. Attached hereto and incorporated by reference as if fully set forth at length are Defendant Mobile Exhibits, offered as summary judgment evidence for this response.

Such responsive evidence is as follows:

A. Statement of Sergio Zamora

B. Statement of Frank Avalos

C. Second Statement of Frank Avalos

D. Statement of Robert Correa

E. Affidavit of Jim Shawn

F. Affidavit of Lynse Larance Guerra

IV.

## LEGAL AUTHORITIES AND DISCUSSION

Defendant Mobile offers all those exhibits referred to in this response in connection with the summary judgment proceedings currently before the Court.

Defendant RS Information System, Inc. offers as the basis of its summary judgment that no duty existed between Defendant RS Information System, Inc. and Lowe North Construction or Defendant Mobile and as a result of the lack of duty, the causes of action against Defendant RS Information System, Inc. should be dismissed. However, Defendant Mobile asserts that a duty did in fact exist.

Negligence occurs when the defendant owed a legal duty to plaintiff, the defendant breached the duty; and the breach proximately caused the plaintiff's injury. *D. Houston, Inc. v. Love*, 92 S.W.3d 450,454 (Tex.2002). The Texas Supreme Court has held that whether there is a statutory or common-law duty is generally a question of law. *Joseph E. Segram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex.1991). However, a jury question can arise when the facts giving rise to the duty are in dispute. *Rodriquez v. Moerbe*, 963 S.W.2d 808, 816 (Tex.App.-San Antonio 1998, pet. denied).

Defendant Mobile asserts that the actions of Defendant RS Information System, Inc., through Gary Harper, in directing the actions of Avalos and Zamora on the day of the incident amounted to a voluntary assumption of a duty. One who voluntarily enters an affirmative course of action affecting the interests of another is regarded as assuming a duty to act and must do so with reasonable care. *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Further, the person has a duty in exercising that reasonable care to see that the other person's

3

body or property is not injured by their action. *Colonial Savings Association v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

Defendant Mobile refers the court to the statements of Frank Avalos which state that RS Information System, Inc. was attempting to control the means in which he operated the crane. (See Defendant Exhibits B and C, which are attached hereto and incorporated by reference as if wholly setforth at length). By attempting to control the manner in which he operated the crane, Defendant R S Information Systems, Inc. voluntarily undertook a duty to see that the crane was operated properly and that the unit making up the basis of the lawsuit was not damaged.

The exhibits attached by Defendant RS Information System, Inc. attempt to establish that Gary Harper was not involved in directing the crane on the day of the accident. Therefore, a fact issue exists as to whether or not Harper was taking actions which amounted to a voluntary assumption of a duty. Because there exists a genuine issue for trial, summary judgment should be denied under Federal Rule of Civil Procedure 56(e).

## IV. MOTION FOR CONTINUANCE

Defendant Mobile moves for a continuance pursuant to Federal Rule of Civil Procedure 56(f). Additional time is needed to locate Frank Avalos so that his deposition may be taken or he may sign an affidavit. Defendant Mobile has hired an investigator to locate Mr. Avalos. Though the investigator has been diligent, he has not yet found Mr. Avalos. Recently the investigator found various possible addresses for Mr. Avalos. The investigator requires additional time to see if Mr. Avalos is at any of these locations. Therefore, Defendant Mobile Crane requests a brief extension to continue its efforts to locate Mr. Avalos.

Additionally, time is needed to take the deposition of Gary Harper and Defendant Mobile

requests additional time to be permitted to do so.

Defendant Mobile has been given an extension to respond to the motion for summary judgment of Dave Bruggeman, individually and d/b/a Cascade Summit Electric. That new deadline is December 23, 2004. Defendant requests that a continuance for the response to the present motion for summary judgment also be extended to December 23, 2004.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the undersigned prays that the Motion for Summary Judgment be denied. Further, Defendant Mobile Crane Services, Inc. prays that its Motion for Continuance be granted. Defendant Mobile Crane Services, Inc. also prays for general relief.

                Respectfully Submitted,

                /s/ Lynse Lafrance Guerra
                Lynse Lafrance Guerra
                State Bar No. 24032533
                Federal I.D. No.31319
                P.O. Drawer 2285
                710 Laurel
                McAllen, Texas 78502-2285
                Phone (956) 687-8203
                Fax (956) 630-6570
                ATTORNEY IN CHARGE
                DEFENDANT MOBILE CRANE
                SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been either delivered or mailed to the following attorneys of record, or parties on this the 10th day of December, 2004:

Melissa Murrah
Ken Irwin
KELLY, SMITH AND MURRAH
4305 Yoakum Blvd.
Houston, Texas 77006
Via CM/RRR

Nancy Lynn Masso
Office of the US Attorney
600 E. Harrison, Suite 201
Brownsville, TX 78520
Via CM/RRR

Jody Ray Mask
THORNTON SUMMERS
418 E. Dove Ave
McAllen, TX 78504
Via CM/RRR

Will Pierson
ROYSTON RAYZOR
606 N. Carancahua, Suite 1700
Corpus Christi, TX 78476
Via CM/RRR

Lynse L. Guerra

## CERTIFICATE OF CONFERENCE

I the undersigned acknowledge that I have consulted with the counsel listed below regarding the motion for continuance and their response is indicated.

Will Pierson- **no response**.

Ken Irwin- **no response**.

Nancy Masso- **no response**.

Jody Ray Mask- **not opposed**.

*Lynse L. Guerra* w/perm